E-FILED  2019 JUN 28 9:58 AM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| SUSAN L. ROWE, CHRISTINE M. KLEIBER, TAMMY D. BURDEN, JULIE A. SCHROPP, STACEY L. GOOD, individually and on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>KIMBERLY KAY REYNOLDS, in her official capacity as Governor State of Iowa, JAMES M. KURTENBACH, in his official capacity with Iowa Department of Administrative Services; and the STATE OF IOWA,<br><br>    Defendants. | Case No.:  _____<br><br><br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**JURY DEMAND** |

Plaintiffs, Susan L. Rowe, Christine M. Kleiber, Tammy D. Burden, Julie A. Schropp, Stacey L. Good, individually, and on behalf of all other similarly situated Registered Nurses, for their Complaint against Defendants Kimberly Kay Reynolds, in her official capacity, James M. Kurtenbach, in his official capacity, and the State of Iowa, and allege as follows:

1.     The Plaintiffs are current or former employees of the State of Iowa and bring this action on behalf of themselves and other similarly situated current or former Registered Nurse employees of the said Defendants, for injunctive relief and to recover overtime compensation and interest thereon from the State of Iowa, liquated damages, attorney fees and costs under the provisions of The Fair Labor Standards Act of 1938, as amended, hereinafter referred to as the Act and Iowa Code 91A Iowa Wage Payment Collection.

2.     All Plaintiffs are citizens of the United States and residents of the State of Iowa.

E-FILED  2019 JUN 28 9:58 AM POLK - CLERK OF DISTRICT COURT

3.    All Plaintiffs are current or former employees of the State of Iowa, and have been improperly classified, since July 1, 2017 through and including the present, by Defendants as employees that are exempt from the overtime provisions of the Fair Labor Standards Act of 1938, as amended and Iowa Code 91A Iowa Wage Payment Collection.

4.    The other similarly situated individuals represented by the named Plaintiffs are current or former Registered Nurse employees of the State of Iowa, who have been improperly classified, since July 1, 2017 through and including the present, by Defendants as employees that are exempt from the overtime provisions of the Fair Labor Standards Act of 1938, as amended and Iowa Wage Payment Collection.

## Jurisdiction

5.    The FLSA and Iowa Code 91A IWPCL authorize court actions by private parties to recover damages for violation of its wage and hour provisions or failure to timely pay wages. Jurisdiction in this Court over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b), and on Iowa Code 91A, IWPCL.

6.    Venue in Polk County is proper as this action is brought against the Defendants Reynold, Kurtenbach and the State of Iowa, a governmental entity with its principal place of business located in Des Moines, Iowa.

## Parties

7.    Plaintiffs Susan L. Rowe, Christine M. Kleiber, Tammy D. Burden, Julie A. Schropp and Stacey L. Good (herein collectively "Plaintiffs") bring this lawsuit as a collective action and/or class action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Iowa Wage Payment Collection Law ("IWPCL"), Iowa Code § 91A.1 *et seq.,* to recover unpaid wages owed to themselves and similarly situated registered nurses employed by Defendant

E-FILED  2019 JUN 28 9:58 AM POLK - CLERK OF DISTRICT COURT

State of Iowa.  Each Plaintiff's consent to bring this action pursuant to 29 U.S.C. § 216(b) is attached hereto in "Exhibit 1."

8.      Plaintiff, Susan L. Rowe is a resident of Iowa and is employed by Defendant State of Iowa as a Registered Nurse at Woodward Resource Center and is paid $40.32 per hour.

9.      Plaintiff Christine M. Kleiber is a resident of Iowa and is employed by Defendant State of Iowa as a Registered Nurse at Iowa Medical and Classification Center and is paid $34.87 per hour.

10.     Plaintiff, Tammy D. Burden is a resident of Iowa and is employed by Defendant State of Iowa as a Registered Nurse at Iowa State Prison and is paid $39.94 per hour.

11.     Plaintiff, Julie A. Schropp  is employed by Defendant State of Iowa as a Registered Nurse at Iowa Medical and Classification Center and is paid $40.32 per hour.

12.     Plaintiff, Stacey L. Good  is employed by Defendant State of Iowa as a Registered Nurse at Iowa Medical and Classification Center and is paid $34.36 per hour.

13.     The Defendant Kimberly Kay Reynolds, sued in this action in her official capacity, is the current Governor of the State of Iowa, the employer of Plaintiffs and Plaintiffs class. As the Governor of the State of Iowa, employer herein, it is the responsibility, obligation and duty of Defendant Governor Reynolds to put into effect procedures for and to require payment of proper overtime pay to the employees of the State of Iowa and otherwise comply in this regard with both federal and state law.

14.     The Defendant James M. Kurtenbach, sued herein in his official capacity, is the newly appointed Director of Iowa Department of Administrative Services, who will officially assume those Director duties on July 1, 2019. As the Director of Administrative Services for the State of Iowa, employer herein, it is the responsibility, obligation and duty of Defendant Mr.

E-FILED 2019 JUN 28 9:58 AM POLK - CLERK OF DISTRICT COURT

Kurtenbach to put into effect procedures for and to require payment of proper overtime pay to the employees of the State of Iowa and otherwise comply in this regard with both federal and state law.

15.    The State of Iowa is a governmental entity, within the territorial jurisdiction of this Court, having its principal office and its place of business located in Des Moines, Polk County, Iowa and is an employer within the meaning of Section 3(d) of the Act and Iowa Code Chapter 91A.  Defendant employs or has employed the Plaintiffs and other similarly situated employees as alleged herein. It is the responsibility, obligation and duty of the State of Iowa, as employer, to put into effect procedures for and to require payment of proper overtime pay to the employees of the State of Iowa and otherwise comply in this regard with both federal and state law.

## General Allegations

16.    At all times relevant hereto, Plaintiffs have been or are employed as Registered Nurses working for the State of Iowa.

17.    Plaintiffs historically have been, in the years prior to July 1, 2017, covered by the provisions of a Collective Bargaining Agreement (CBA) between the Defendant, State of Iowa and American Federation of State, County and Municipal Employees, a trade union ("AFSCME").

18.    The provisions of the CBA in effect in years prior to July 1, 2017, and the other provisions of Iowa law and regulation, provided for the Plaintiffs, and the Plaintiff class herein, to be hourly employees, not-exempt from the overtime obligations and payment.

19.    Under the provisions of the CBA in effect in years prior to July 1, 2017, Plaintiffs, and members of Plaintiff class, received payment of overtime for work performed as employees of the State of Iowa.

E-FILED 2019 JUN 28 9:58 AM POLK - CLERK OF DISTRICT COURT

20.    Effective July 1, 2017, the State of Iowa entered into a CBA again with AFSCME on behalf of the Plaintiffs and the Plaintiffs class.

21.    The July 1, 2017 effective CBA, and the CBA agreed in 2019, and the regulations, have continued in the provision of the Plaintiffs as hourly employees by similarly, as before, and continue to set forth the pay grades and hourly rates to be paid to Plaintiffs.

22.    Pursuant to the FLSA and the IWPCL employee Registered Nurses paid on an hourly basis are required to be paid overtime for hours worked in excess of 40 hours per week.

23.    Despite the Plaintiffs, and Plaintiff Registered Nurse class, constituting non-exempt hourly employees, the Defendants have failed and refused to pay, and continue to fail and refuse to pay, to the Plaintiffs and the Plaintiff class proper overtime wage payments.

24.    Furthermore, pursuant to the FLSA and IWPCL Registered Nurses primarily performing non-professional duties shall also be entitled to overtime pay.

25.    The Plaintiffs and Plaintiffs' Registered Nurse Class herein were both hourly employees and/or primarily performing non-professional duties, both during normal work hours and during overtime hours.

26.    The Plaintiffs, and members of the Plaintiff Registered Nurse Class, were, and are, at times, required to work overtime performing duties along side with, and not different from, the duties of non-exempt employees.

27.    Defendants have paid the State of Iowa employed Registered Nurses wages at the same hourly rate for *all* their work time without premium pay for overtime hours.

28.    Plaintiffs, and members of Plaintiff Class, have regularly worked in excess of 40 hours per week and were not paid time and a half overtime as provided by the FLSA and IWCPL.

**Class and Collective Action Allegations**

***FLSA Collective Action Allegations***

29.     Plaintiff brings Counts under the FLSA and IWPCL as an "opt-in" collective action on behalf of similarly situated Plaintiffs pursuant to 29 U.S.C. § 216(b).

30.     The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

31.     Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging Defendant's practice of failing to pay employees overtime (time and a half) wages. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail or e-mail.

32.     Plaintiff and all of Defendants' Registered Nurse employees are similarly situated in that:

      a.     They have worked as Registered Nurse's providing care and assistance to patients at hospitals and or health care facilities;

      b.     They have spent sufficient time performing non-professional duties that are routinely assigned;

      c.     They have not been paid overtime wages for all of their work time in excess of 40 hours per week;

      d.     They were subject to the same pay policies and practices of Defendants.

33.     Plaintiff and all of Defendants' Registered nurse employees are similarly situated.

***Registered Nurse Class Allegations***

E-FILED 2019 JUN 28 9:58 AM POLK - CLERK OF DISTRICT COURT

34.    Plaintiffs bring Count as a class action pursuant to Iowa. R. Civ. P. 1.261 *et. seq.*, on behalf of themselves and as the Class Representatives of the following persons (the "Registered Nurse Class"):

> All current and former Registered Nurses employed by Defendant State of Iowa since July 1, 2017.

35.    The state law claim, if certified for class-wide treatment, is brought on behalf of all similarly situated persons who do not opt-out of the Registered Nurse Class.

36.    Plaintiff's state law claim satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

37.    The Registered Nurse Class satisfies the numerosity standard as it consists of at least hundreds of persons who are geographically dispersed and, therefore, joinder of all members of the Registered Nurse Class in a single action is impracticable.

38.    Questions of fact and law common to the Registered Nurse Class predominate over any questions affecting only individual members. The questions of law and fact common to the Registered Nurse Class arising from Defendant's actions include, without limitation:

> a.    Whether Defendant failed to pay overtime (time and a half) wages to members of the Registered Nurse Class as required by the FLSA and IWPCL;
>
> b.    Whether Defendants' failure to pay overtime wages was "intentional" within the meaning of the FLSA and IWPCL;
>
> c.    Whether Defendants' Registered Nurse's spent their work time performing non-professional duties that were routinely assigned;

39.    The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency,

E-FILED 2019 JUN 28 9:58 AM POLK - CLERK OF DISTRICT COURT

economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

40.    Plaintiffs' claim is typical of those of the Registered Nurse Class in that:

a.    Plaintiffs and the Registered Nurse Class have worked as Registered Nurses for Defendant State of Iowa patient care;

b.    Plaintiffs and the Registered Nurse Class have spent their work time performing non-professional duties;

c.    Defendants have not paid Plaintiffs and the Registered Nurse Class overtime (time and a half) wages for the time they spent performing duties;

d.    Plaintiffs and the Registered Nurse Class were subject to the same pay policies and practices of Defendants;

41.    A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the Registered Nurse Class. Plaintiffs are adequate representatives of the Registered Nurse Class because they are members of the Registered Nurse Class and their interests do not conflict with the interests of the members of the Registered Nurse Class they seeks to represent. The interests of the members of the Registered Nurse Class will be fairly and adequately protected by Plaintiffs and the undersigned counsel, who have extensive experience prosecuting complex class action litigation.

42.    Maintenance of this action as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Registered Nurse Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this

E-FILED 2019 JUN 28 9:58 AM POLK - CLERK OF DISTRICT COURT

Court due to the relatively small recoveries per member of the Registered Nurse Class, and there are no material difficulties impairing the management of a class action.

43.     It would be impracticable and undesirable for each member of the Registered Nurse Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Registered Nurse Class members.

**COUNT I: Violation of the Fair Labor Standards Act**

44.     Plaintiffs restate and re-allege paragraphs 1- 43 as if stated herein.

45.     Defendants are subject to FSLA's overtime requirements as stated in 29 U.S.C.A. §207.

46.     Defendants have failed to pay Plaintiffs and the Plaintiff Registered Nurse Class overtime for their work that is properly to be paid under 29 U.S.C.A. §207.

47.     Plaintiffs and Plaintiff Registered Nurse Class have been harmed by the failure to pay the appropriate amount.

48.     The Defendants knew that this overtime was continuing in nature and the duties being performed were an integral and indispensable part of the employee's principal work activity.

49.     Sovereign immunity has been waived in this matter pursuant to Iowa Code 91A.8 and 91A.10(3).

50.     Defendant State of Iowa owe Plaintiffs and Plaintiff Class the wages for time and a half overtime work.

51.     Defendant State of Iowa is liable for unpaid wages, liquidated wages, attorney fees and costs pursuant to 29 U.S.C.A. §216.

E-FILED  2019 JUN 28 9:58 AM POLK - CLERK OF DISTRICT COURT

52.     Defendants should be ordered by injunctive relief to properly classify and pay, in the future, in compliance with federal and state law as to overtime obligations.

WHEREFORE Plaintiffs, individually and on behalf of the Registered Nurse Class demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by 29 U.S.C.A. §201 et. seq.; (4) pre-judgment and post-judgment interest as provided by law; (5) injunctive relief requiring compliance with FLSA law in the future; and (6) such other relief as the Court deems fair and equitable.

## Count II: Violation of the Iowa Wage Payment Collection Law on Behalf of the Registered Nurses

53.     Plaintiffs reassert and re-allege paragraphs 1-52 as it stated herein.

54.     At all relevant times herein, Plaintiff and the Registered Nurses have been entitled to the rights, protections, and benefits provided under the IWPCL, Iowa Code § 91.A.1 *et seq.*

55.     The IWPCL requires "employers" to pay all wages owed to their "employees" less lawful deductions.  Iowa Code §§ 91.A.3 & 91.A.2(3), (4) & (7).

56.     During all times relevant to this action, Defendant State of Iowa was the "employer" of Plaintiffs and the Plaintiff Registered Nurses Class within the meaning of the IWPCL.  Iowa Code § 91.A.1(4).

57.      During all times relevant to this action, Plaintiffs and the Registered Nurses were Defendant State of Iowa's "employees" within the meaning of the IWPCL.   Iowa Code § 91.A.1(3).

58.     Defendants have violated the IWPCL by failing to pay Plaintiffs and the Registered Nurses for overtime hours.  Code § 91.A.3.

E-FILED  2019 JUN 28 9:58 AM POLK - CLERK OF DISTRICT COURT

59.    Defendants have intentionally refused to pay all wages due as set forth above to Plaintiffs the Registered Nurse Class in violation of the IWPCL.  *Id.*

60.    Defendants are not permitted by federal or state law to withhold or divert any portion of the wages of Plaintiffs and the Registered Nurse Class that are at issue in this suit.

61.    Plaintiffs and the Registered Nurses Class are entitled to damages from the State of Iowa equal to the overtime wage due within two years preceding the filing of this Complaint plus periods of equitable tolling. Iowa Code § 91.A.8.

62.    Defendants' conduct has been intentional, and therefore Plaintiffs and the Registered Nurses Class are entitled to recover an additional equal amount as liquidated damages. *Id.*

63.    Plaintiffs and the Registered Nurses Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

64.    Defendant State of Iowa is liable for Plaintiffs' and Plaintiffs' Class usual and necessary costs and attorneys' fees incurred in this action.  *Id.*

WHEREFORE Plaintiffs, individually, and on behalf of the Registered Nurse Class demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Iowa Code § 91.A.8; (4) pre-judgment and post-judgment interest as provided by law; and (5) injunctive relief to require future compliance with law; and (6) such other relief as the Court deems fair and equitable.

## **Demand for Jury Trial**

Plaintiffs, individually and on behalf of the Plaintiff Class herein, hereby request a trial by jury of all issues triable by jury.

E-FILED  2019 JUN 28 9:58 AM POLK - CLERK OF DISTRICT COURT

Respectfully submitted,

/s/ Bruce H. Stoltze
Bruce H. Stoltze
Stoltze & Stoltze, PLC
300 Walnut Street, Suite 260
Des Moines, Iowa  50309
Telephone:     515-244-1473
Fax:               515-244-3930
Email:  bruce.stoltze@stoltzelaw.com

/s/ Bruce H. Stoltze, Jr.
Bruce H. Stoltze, Jr.
Stoltze & Stoltze, PLC
300 Walnut Street, Suite 260
Des Moines, Iowa  50309
Telephone:     515-244-1473
Fax:               515-244-3930
Email:  bj.stoltze@stoltzelaw.com
Attorneys for Plaintiffs

 /s/Christopher A. Kragnes. Sr.
Christopher A. Kragnes, Sr.     (AT4355)
Kragnes & Associates, P.C.
418 6th Ave., Suite 200
Des Moines, Iowa  50309
Telephone:  515-282-9200
Facsimile:  515-282-9205
E-mail: chris@ktkpc.com
Attorneys for Plaintiffs

E-FILED  2019 JUN 28 9:58 AM POLK - CLERK OF DISTRICT COURT

# EXHIBIT 1

# PAGES 1 – 5

<u>CONSENT TO BECOME A PARTY PLAINITFF</u>

Fair Labor Standards Act of 1938, 29 U.S.C. Second 216(b)

Iowa Code 91A Iowa Wage Payment Collection


I, Susan L. Rowe, hereby consent to be a party Plaintiff seeking unpaid overtime wages

and for all other relief allowed by law, including injunctive relief, against KIMBERLY KAY

REYNOLDS, in her official capacity as Governor State of Iowa, JAMES M. KURTENBACH, in

his official capacity with Iowa Department of Administrative Services; and THE STATE OF

IOWA,


6/26/19
Date                                        Susan L. Rowe


2

E-FILED 2019 JUN 28 9:58 AM POLK - CLERK OF DISTRICT COURT

CONSENT TO BECOME A PARTY PLAINITFF

Fair Labor Standards Act of 1938, 29 U.S.C. Second 216(b)

Iowa Code 91A Iowa Wage Payment Collection


I, Christine M. Kleiber, hereby consent to be a party Plaintiff seeking unpaid overtime wages and for all other relief allowed by law, including injunctive relief, against KIMBERLY KAY REYNOLDS, in her official capacity as Governor State of Iowa, JAMES M. KURTENBACH, in his official capacity with Iowa Department of Administrative Services; and THE STATE OF IOWA,


_6-25-19_
Date

_Christine Kleiber_
Christine M. Kleiber

E-FILED  2019 JUN 28 9:58 AM POLK - CLERK OF DISTRICT COURT

## CONSENT TO BECOME A PARTY PLAINITFF

Fair Labor Standards Act of 1938, 29 U.S.C. Second 216(b)

Iowa Code 91A Iowa Wage Payment Collection


I, Tammy D. Burden, hereby consent to be a party Plaintiff seeking unpaid overtime wages and for all **o**ther relief allowed by law, including injunctive relief, against KIMBERLY KAY REYNOLDS, in her official capacity as Governor State of Iowa, JAMES M. KURTENBACH, in his official capacity with Iowa Department of Administrative Services; and THE STATE OF IOWA,

6-26-19

_____
Date

_____
Tammy D. Burden

4

## CONSENT TO BECOME A PARTY PLAINITFF

Fair Labor Standards Act of 1938, 29 U.S.C. Second 216(b)

Iowa Code 91A Iowa Wage Payment Collection

I, Julie A. Schropp, hereby consent to be a party Plaintiff seeking unpaid overtime wages and for all other relief allowed by law, including injunctive relief, against KIMBERLY KAY REYNOLDS, in her official capacity as Governor State of Iowa, JAMES M. KURTENBACH, in his official capacity with Iowa Department of Administrative Services; and THE STATE OF IOWA,

6-26-19
_____
Date

*Julie Schropp*
_____
Julie A. Schropp

E-FILED  2019 JUN 28 9:58 AM POLK - CLERK OF DISTRICT COURT

## CONSENT TO BECOME A PARTY PLAINITFF

Fair Labor Standards Act of 1938, 29 U.S.C. Second 216(b)

Iowa Code 91A Iowa Wage Payment Collection

I, Stacey L. Good, hereby consent to be a party Plaintiff seeking unpaid overtime wages and for all other relief allowed by law, including injunctive relief, against KIMBERLY KAY REYNOLDS, in her official capacity as Governor State of Iowa, JAMES M. KURTENBACH, in his official capacity with Iowa Department of Administrative Services; and THE STATE OF IOWA,

Jun 26, 2019

_____
Date

_____
Stacey L. Good

6

E-FILED 2019 JUN 28 9:58 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

ATTORNEY GENERAL

2019 JUL 15 PM 1:44

| | |
|---|---|
| SUSAN L. ROWE, CHRISTINE M. KLEIBER, TAMMY D. BURDEN, JULIE A. SCHROPP, STACEY L. GOOD, individually and on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KIMBERLY KAY REYNOLDS, in her official capacity as Governor State of Iowa, JAMES M. KURTENBACH, in his official capacity with Iowa Department of Administrative Services; and the STATE OF IOWA,<br><br>Defendants. | Case No.: _____<br><br>Personally served on me in my office at _____ m. on _____, 20____, by Polk County Deputy Sheriff, Deputy U.S. Marshall Private<br><br>**ORIGINAL NOTICE**<br><br>_____ General<br>Type _____<br>AG # _____<br>Division_____ |

**TO: THE ABOVE-NAMED DEFENDANTSS):**

   **YOU ARE NOTIFIED** that a petition has been filed in the office of the Clerk of this Court naming you as Defendants in this action. A copy of the Petition (and any documents filed with it) is attached to this notice. The attorneys for the Plaintiffs are Bruce H. Stoltze and Bruce H. Stoltze, Jr., whose address is 300 Walnut Street, Suite 260, Des Moines, Iowa 50309. Plaintiffs 'attorneys' telephone number is 515-244-1473, facsimile is 515-244-3930 and email is: bruce.stoltze@stoltzelaw.com and bj.stoltze@stoltzelaw.com and Christopher A. Kragnes, Sr., whose address is 418 6th Avenue., Suite 200, Des Moines, Iowa 50309, telephone number is 515-282-9200, facsimile is 515-282-9205 and email is: : chris@ktkpc.com.

   You must serve a motion or answer within twenty (20) days after service of this Original Notice upon you and, within a reasonable time thereafter, file your Motion or Answer, with the Clerk of Court for Iowa District Court for Polk County, at the Courthouse in Des Moines, Iowa. If you do not, judgment by default will be rendered against you for the relief demanded in the Petition.

   This case has been filed in a county that utilizes electronic filing. General rules and information on electronic filing are contained in Iowa Court Rules Chapter 16. Information

1

E-FILED  2019 JUN 28 9:58 AM POLK - CLERK OF DISTRICT COURT

regarding requirements related to the protection of personal information in court filings is contained in Iowa court Rules Chapter 16, division VI.

If you need assistance to participate in court because of a disability, immediately call the disability coordinator at 515-286-3394. Persons, who are hearing or speech impaired, may call Relay Iowa TTY at 1-800-735-2942. Disability coordinators cannot provide legal advice.

---

**IMPORTANT:** YOU ARE ADVISED TO SEEK LEGAL ADVICE
AT ONCE TO PROTECT YOUR INTERESTS

2

E-FILED  2019 JUN 28 10:07 AM POLK - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

*Case No.* CVCV058389

*County* Polk

*Case Title* SUSAN L ROWE ET AL VS KIMBERLY KAY REYNOLDS ET AL

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(515) 286-3394** . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942.**)

*Date Issued* 06/28/2019 10:07:55 AM



*District Clerk of* Polk          *County*

**/s/ Jennifer Ewers**

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| SUSAN L. ROWE, CHRISTINE M. KLEIBER, TAMMY D. BURDEN, JULIE A. SCHROPP, STACEY L. GOOD, individually and on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>KIMBERLY KAY REYNOLDS, in her official capacity as Governor State of Iowa, JAMES M. KURTENBACH, in his official capacity with Iowa Department of Administrative Services; and the STATE OF IOWA,<br><br>    Defendants. | Case No.: _____<br><br><br><br><br><br>**CLASS ACTION COMPLAINT<br>AND<br>JURY DEMAND** |

Plaintiffs, Susan L. Rowe, Christine M. Kleiber, Tammy D. Burden, Julie A. Schropp, Stacey L. Good, individually, and on behalf of all other similarly situated Registered Nurses, for their Complaint against Defendants Kimberly Kay Reynolds, in her official capacity, James M. Kurtenbach, in his official capacity, and the State of Iowa, and allege as follows:

1.    The Plaintiffs are current or former employees of the State of Iowa and bring this action on behalf of themselves and other similarly situated current or former Registered Nurse employees of the said Defendants, for injunctive relief and to recover overtime compensation and interest thereon from the State of Iowa, liquated damages, attorney fees and costs under the provisions of The Fair Labor Standards Act of 1938, as amended, hereinafter referred to as the Act and Iowa Code 91A Iowa Wage Payment Collection.

2.    All Plaintiffs are citizens of the United States and residents of the State of Iowa.

1

3.      All Plaintiffs are current or former employees of the State of Iowa, and have been improperly classified, since July 1, 2017 through and including the present, by Defendants as employees that are exempt from the overtime provisions of the Fair Labor Standards Act of 1938, as amended and Iowa Code 91A Iowa Wage Payment Collection.

4.      The other similarly situated individuals represented by the named Plaintiffs are current or former Registered Nurse employees of the State of Iowa, who have been improperly classified, since July 1, 2017 through and including the present, by Defendants as employees that are exempt from the overtime provisions of the Fair Labor Standards Act of 1938, as amended and Iowa Wage Payment Collection.

## Jurisdiction

5.      The FLSA and Iowa Code 91A IWPCL authorize court actions by private parties to recover damages for violation of its wage and hour provisions or failure to timely pay wages. Jurisdiction in this Court over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b), and on Iowa Code 91A, IWPCL.

6.      Venue in Polk County is proper as this action is brought against the Defendants Reynold, Kurtenbach and the State of Iowa, a governmental entity with its principal place of business located in Des Moines, Iowa.

## Parties

7.      Plaintiffs Susan L. Rowe, Christine M. Kleiber, Tammy D. Burden, Julie A. Schropp and Stacey L. Good (herein collectively "Plaintiffs") bring this lawsuit as a collective action and/or class action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Iowa Wage Payment Collection Law ("IWPCL"), Iowa Code § 91A.1 *et seq.*, to recover unpaid wages owed to themselves and similarly situated registered nurses employed by Defendant

E-FILED  2019 JUN 28 9:58 AM POLK - CLERK OF DISTRICT COURT

State of Iowa.  Each Plaintiff's consent to bring this action pursuant to 29 U.S.C. § 216(b) is attached hereto in "Exhibit 1."

8.      Plaintiff, Susan L. Rowe is a resident of Iowa and is employed by Defendant State of Iowa as a Registered Nurse at Woodward Resource Center and is paid $40.32 per hour.

9.      Plaintiff Christine M. Kleiber is a resident of Iowa and is employed by Defendant State of Iowa as a Registered Nurse at Iowa Medical and Classification Center and is paid $34.87 per hour.

10.      Plaintiff, Tammy D. Burden is a resident of Iowa and is employed by Defendant State of Iowa as a Registered Nurse at Iowa State Prison and is paid $39.94 per hour.

11.      Plaintiff, Julie A. Schropp is employed by Defendant State of Iowa as a Registered Nurse at Iowa Medical and Classification Center and is paid $40.32 per hour.

12.      Plaintiff, Stacey L. Good is employed by Defendant State of Iowa as a Registered Nurse at Iowa Medical and Classification Center and is paid $34.36 per hour.

13.      The Defendant Kimberly Kay Reynolds, sued in this action in her official capacity, is the current Governor of the State of Iowa, the employer of Plaintiffs and Plaintiffs class. As the Governor of the State of Iowa, employer herein, it is the responsibility, obligation and duty of Defendant Governor Reynolds to put into effect procedures for and to require payment of proper overtime pay to the employees of the State of Iowa and otherwise comply in this regard with both federal and state law.

14.      The Defendant James M. Kurtenbach, sued herein in his official capacity, is the newly appointed Director of Iowa Department of Administrative Services, who will officially assume those Director duties on July 1, 2019. As the Director of Administrative Services for the State of Iowa, employer herein, it is the responsibility, obligation and duty of Defendant Mr.

3

Kurtenbach to put into effect procedures for and to require payment of proper overtime pay to the employees of the State of Iowa and otherwise comply in this regard with both federal and state law.

15.    The State of Iowa is a governmental entity, within the territorial jurisdiction of this Court, having its principal office and its place of business located in Des Moines, Polk County, Iowa and is an employer within the meaning of Section 3(d) of the Act and Iowa Code Chapter 91A. Defendant employs or has employed the Plaintiffs and other similarly situated employees as alleged herein. It is the responsibility, obligation and duty of the State of Iowa, as employer, to put into effect procedures for and to require payment of proper overtime pay to the employees of the State of Iowa and otherwise comply in this regard with both federal and state law.

### General Allegations

16.    At all times relevant hereto, Plaintiffs have been or are employed as Registered Nurses working for the State of Iowa.

17.    Plaintiffs historically have been, in the years prior to July 1, 2017, covered by the provisions of a Collective Bargaining Agreement (CBA) between the Defendant, State of Iowa and American Federation of State, County and Municipal Employees, a trade union ("AFSCME").

18.    The provisions of the CBA in effect in years prior to July 1, 2017, and the other provisions of Iowa law and regulation, provided for the Plaintiffs, and the Plaintiff class herein, to be hourly employees, not-exempt from the overtime obligations and payment.

19.    Under the provisions of the CBA in effect in years prior to July 1, 2017, Plaintiffs, and members of Plaintiff class, received payment of overtime for work performed as employees of the State of Iowa.

4

20.     Effective July 1, 2017, the State of Iowa entered into a CBA again with AFSCME on behalf of the Plaintiffs and the Plaintiffs class.

21.     The July 1, 2017 effective CBA, and the CBA agreed in 2019, and the regulations, have continued in the provision of the Plaintiffs as hourly employees by similarly, as before, and continue to set forth the pay grades and hourly rates to be paid to Plaintiffs.

22.     Pursuant to the FLSA and the IWPCL employee Registered Nurses paid on an hourly basis are required to be paid overtime for hours worked in excess of 40 hours per week.

23.     Despite the Plaintiffs, and Plaintiff Registered Nurse class, constituting non-exempt hourly employees, the Defendants have failed and refused to pay, and continue to fail and refuse to pay, to the Plaintiffs and the Plaintiff class proper overtime wage payments.

24.     Furthermore, pursuant to the FLSA and IWPCL Registered Nurses primarily performing non-professional duties shall also be entitled to overtime pay.

25.     The Plaintiffs and Plaintiffs' Registered Nurse Class herein were both hourly employees and/or primarily performing non-professional duties, both during normal work hours and during overtime hours.

26.     The Plaintiffs, and members of the Plaintiff Registered Nurse Class, were, and are, at times, required to work overtime performing duties along side with, and not different from, the duties of non-exempt employees.

27.     Defendants have paid the State of Iowa employed Registered Nurses wages at the same hourly rate for *all* their work time without premium pay for overtime hours.

28.     Plaintiffs, and members of Plaintiff Class, have regularly worked in excess of 40 hours per week and were not paid time and a half overtime as provided by the FLSA and IWCPL.

5

## Class and Collective Action Allegations

### *FLSA Collective Action Allegations*

29.     Plaintiff brings Counts under the FLSA and IWPCL as an "opt-in" collective action on behalf of similarly situated Plaintiffs pursuant to 29 U.S.C. § 216(b).

30.     The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

31.     Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging Defendant's practice of failing to pay employees overtime (time and a half) wages. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail or e-mail.

32.     Plaintiff and all of Defendants' Registered Nurse employees are similarly situated in that:

            a.      They have worked as Registered Nurse's providing care and assistance to patients at hospitals and or health care facilities;

            b.      They have spent sufficient time performing non-professional duties that are routinely assigned;

            c.      They have not been paid overtime wages for all of their work time in excess of 40 hours per week;

            d.      They were subject to the same pay policies and practices of Defendants.

33.     Plaintiff and all of Defendants' Registered nurse employees are similarly situated.

### *Registered Nurse Class Allegations*

6

34.    Plaintiffs bring Count as a class action pursuant to Iowa. R. Civ. P. 1.261 *et. seq.*, on behalf of themselves and as the Class Representatives of the following persons (the "Registered Nurse Class"):

> All current and former Registered Nurses employed by
> Defendant State of Iowa since July 1, 2017.

35.    The state law claim, if certified for class-wide treatment, is brought on behalf of all similarly situated persons who do not opt-out of the Registered Nurse Class.

36.    Plaintiff's state law claim satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

37.    The Registered Nurse Class satisfies the numerosity standard as it consists of at least hundreds of persons who are geographically dispersed and, therefore, joinder of all members of the Registered Nurse Class in a single action is impracticable.

38.    Questions of fact and law common to the Registered Nurse Class predominate over any questions affecting only individual members. The questions of law and fact common to the Registered Nurse Class arising from Defendant's actions include, without limitation:

> a.    Whether Defendant failed to pay overtime (time and a half) wages to members of the Registered Nurse Class as required by the FLSA and IWPCL;
>
> b.    Whether Defendants' failure to pay overtime wages was "intentional" within the meaning of the FLSA and IWPCL;
>
> c.    Whether Defendants' Registered Nurse's spent their work time performing non-professional duties that were routinely assigned;

39.    The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency,

economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

40.    Plaintiffs' claim is typical of those of the Registered Nurse Class in that:

      a.    Plaintiffs and the Registered Nurse Class have worked as Registered Nurses for Defendant State of Iowa patient care;

      b.    Plaintiffs and the Registered Nurse Class have spent their work time performing non-professional duties;

      c.    Defendants have not paid Plaintiffs and the Registered Nurse Class overtime (time and a half) wages for the time they spent performing duties;

      d.    Plaintiffs and the Registered Nurse Class were subject to the same pay policies and practices of Defendants;

41.    A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the Registered Nurse Class. Plaintiffs are adequate representatives of the Registered Nurse Class because they are members of the Registered Nurse Class and their interests do not conflict with the interests of the members of the Registered Nurse Class they seeks to represent. The interests of the members of the Registered Nurse Class will be fairly and adequately protected by Plaintiffs and the undersigned counsel, who have extensive experience prosecuting complex class action litigation.

42.    Maintenance of this action as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Registered Nurse Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this

8

Court due to the relatively small recoveries per member of the Registered Nurse Class, and there are no material difficulties impairing the management of a class action.

43.    It would be impracticable and undesirable for each member of the Registered Nurse Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Registered Nurse Class members.

### COUNT I: Violation of the Fair Labor Standards Act

44.    Plaintiffs restate and re-allege paragraphs 1- 43 as if stated herein.

45.    Defendants are subject to FSLA's overtime requirements as stated in 29 U.S.C.A. §207.

46.    Defendants have failed to pay Plaintiffs and the Plaintiff Registered Nurse Class overtime for their work that is properly to be paid under 29 U.S.C.A. §207.

47.    Plaintiffs and Plaintiff Registered Nurse Class have been harmed by the failure to pay the appropriate amount.

48.    The Defendants knew that this overtime was continuing in nature and the duties being performed were an integral and indispensable part of the employee's principal work activity.

49.    Sovereign immunity has been waived in this matter pursuant to Iowa Code 91A.8 and 91A.10(3).

50.    Defendant State of Iowa owe Plaintiffs and Plaintiff Class the wages for time and a half overtime work.

51.    Defendant State of Iowa is liable for unpaid wages, liquidated wages, attorney fees and costs pursuant to 29 U.S.C.A. §216.

52.    Defendants should be ordered by injunctive relief to properly classify and pay, in the future, in compliance with federal and state law as to overtime obligations.

WHEREFORE Plaintiffs, individually and on behalf of the Registered Nurse Class demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by 29 U.S.C.A. §201 et. seq.; (4) pre-judgment and post-judgment interest as provided by law; (5) injunctive relief requiring compliance with FLSA law in the future; and (6) such other relief as the Court deems fair and equitable.

## Count II: Violation of the Iowa Wage Payment Collection Law on Behalf of the Registered Nurses

53.    Plaintiffs reassert and re-allege paragraphs 1-52 as it stated herein.

54.    At all relevant times herein, Plaintiff and the Registered Nurses have been entitled to the rights, protections, and benefits provided under the IWPCL, Iowa Code § 91.A.1 *et seq.*

55.    The IWPCL requires "employers" to pay all wages owed to their "employees" less lawful deductions.  Iowa Code §§ 91.A.3 & 91.A.2(3), (4) & (7).

56.    During all times relevant to this action, Defendant State of Iowa was the "employer" of Plaintiffs and the Plaintiff Registered Nurses Class within the meaning of the IWPCL.  Iowa Code § 91.A.1(4).

57.    During all times relevant to this action, Plaintiffs and the Registered Nurses were Defendant State of Iowa's "employees" within the meaning of the IWPCL.  Iowa Code § 91.A.1(3).

58.    Defendants have violated the IWPCL by failing to pay Plaintiffs and the Registered Nurses for overtime hours.  Code § 91.A.3.

10

E-FILED 2019 JUN 28 9:58 AM POLK - CLERK OF DISTRICT COURT

59.     Defendants have intentionally refused to pay all wages due as set forth above to Plaintiffs the Registered Nurse Class in violation of the IWPCL. *Id.*

60.     Defendants are not permitted by federal or state law to withhold or divert any portion of the wages of Plaintiffs and the Registered Nurse Class that are at issue in this suit.

61.     Plaintiffs and the Registered Nurses Class are entitled to damages from the State of Iowa equal to the overtime wage due within two years preceding the filing of this Complaint plus periods of equitable tolling. Iowa Code § 91.A.8.

62.     Defendants' conduct has been intentional, and therefore Plaintiffs and the Registered Nurses Class are entitled to recover an additional equal amount as liquidated damages. *Id.*

63.     Plaintiffs and the Registered Nurses Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

64.     Defendant State of Iowa is liable for Plaintiffs' and Plaintiffs' Class usual and necessary costs and attorneys' fees incurred in this action. *Id.*

WHEREFORE Plaintiffs, individually, and on behalf of the Registered Nurse Class demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Iowa Code § 91.A.8; (4) pre-judgment and post-judgment interest as provided by law; and (5) injunctive relief to require future compliance with law; and (6) such other relief as the Court deems fair and equitable.

## Demand for Jury Trial

Plaintiffs, individually and on behalf of the Plaintiff Class herein, hereby request a trial by jury of all issues triable by jury.

11

Respectfully submitted,

/s/ Bruce H. Stoltze
Bruce H. Stoltze
Stoltze & Stoltze, PLC
300 Walnut Street, Suite 260
Des Moines, Iowa  50309
Telephone:     515-244-1473
Fax:               515-244-3930
Email:  bruce.stoltze@stoltzelaw.com

/s/ Bruce H. Stoltze, Jr.
Bruce H. Stoltze, Jr.
Stoltze & Stoltze, PLC
300 Walnut Street, Suite 260
Des Moines, Iowa  50309
Telephone:     515-244-1473
Fax:               515-244-3930
Email:  bj.stoltze@stoltzelaw.com
Attorneys for Plaintiffs

/s/Christopher A. Kragnes. Sr.
Christopher A. Kragnes, Sr.     (AT4355)
Kragnes & Associates, P.C.
418 6th Ave., Suite 200
Des Moines, Iowa  50309
Telephone:  515-282-9200
Facsimile:  515-282-9205
E-mail: chris@ktkpc.com
Attorneys for Plaintiffs

12

E-FILED  2019 AUG 05 4:27 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| SUSAN L. ROWE, CHRISTINE M. KLEIBER, TAMMY D. BURDEN, JULIE A. SCHROPP, STACEY L. GOOD, individually and on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>KIMBERLY KAY REYNOLDS, in her official capacity as Governor State of Iowa, JAMES M. KURTENBACH, in his official capacity with Iowa Department of Administrative Services; and the STATE OF IOWA,<br><br>        Defendants. | Case No. CVCV058389<br><br><br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT AND JURY DEMAND** |

COME NOW Defendants, for their Answer and Affirmative Defenses to Plaintiffs' Class Action Complaint and Jury Demand, and state as follows.  Any allegation not specifically admitted is denied.

### ANSWER

1.      Admit that Plaintiffs are current employees of the State of Iowa.  The remainder of this paragraph summarizes Plaintiffs' legal claims and requested relief, to which no response is required.  To the extent a response is required, Defendants admit that Plaintiff purports to bring this action under the provisions of the Fair Labor Standards Act of 1938, as amended and Iowa Code chapter 91A, the Iowa Wage Payment Collection Law.  Defendants deny that Plaintiffs and any others similarly situated are entitled to the requested relief or to any relief whatsoever.

E-FILED  2019 AUG 05 4:27 PM POLK - CLERK OF DISTRICT COURT

2.      Based on the information available to Defendants, admit that all Plaintiffs are residents of the State of Iowa.  Otherwise deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation.

3.      Admit that Plaintiffs are current employees of the State of Iowa.  Otherwise deny.

4.      Deny for lack of knowledge or information sufficient to form a belief as to whether the other unnamed individuals represented by the named Plaintiffs are all similarly situated.  Otherwise deny.

5.      This paragraph states a legal conclusion to which no response is required.

6.      This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit that the State of Iowa is a governmental entity with its principal place of business located in Des Moines, Iowa.

7.      This paragraph summarizes Plaintiffs' legal claims, requested relief, and attached exhibit, to which no response is required.  To the extent a response is required, Defendants admit that Plaintiff purports to bring this action as a collective action and/or class action under the Fair Labor Standards Act and the Iowa Wage Payment Collection Law, but deny that Plaintiffs and any others similarly situated are entitled to the requested relief or to any relief whatsoever.

8.      Admit that Plaintiff Susan L. Rowe is a resident of Iowa and is employed by Defendant State of Iowa as a Registered Nurse at Woodward Resource Center.  Otherwise deny. Aver that Susan L. Rowe's hourly equivalent pay rate is now $41.17.

9.      Admit that Plaintiff Christine M. Kleiber is a resident of Iowa and is employed by Defendant State of Iowa as a Registered Nurse at Iowa Medical and Classification Center. Otherwise deny.  Aver that Christine M. Kleiber's hourly equivalent pay rate is now $35.60.

10.      Admit that Plaintiff Tammy D. Burden is a resident of Iowa and is employed by

E-FILED  2019 AUG 05 4:27 PM POLK - CLERK OF DISTRICT COURT

Defendant State of Iowa as a Registered Nurse at Iowa State Penitentiary.  Otherwise deny.
Aver that Tammy D. Burden's hourly equivalent pay rate is now $40.78.

11.    Admit that Plaintiff Julie A. Schropp is employed by Defendant State of Iowa as a
Registered Nurse at Iowa Medical and Classification Center.  Otherwise deny.  Aver that Julie A.
Schropp's hourly equivalent pay rate is now $41.17.

12.    Admit that Plaintiff Stacey L. Good is employed by Defendant State of Iowa as a
Registered Nurse at Iowa Medical and Classification Center.  Otherwise deny.  Aver that Stacey
L. Good's hourly equivalent pay rate is now $35.08.

13.    Admit that Defendant Kimberly Kay Reynolds is the current Governor of the
State of Iowa, and that Plaintiffs are current employees of the State of Iowa.  Admit that the
caption indicates that Governor Reynolds is sued in this action in her official capacity.
Otherwise deny for lack of knowledge or information sufficient to form a belief as to the truth of
this allegation.

14.    Admit that Defendant James M. Kurtenbach is the current Director of the Iowa
Department of Administrative Services (DAS), and the caption indicates that he is sued in this
action in his official capacity.  Otherwise deny for lack of knowledge or information sufficient to
form a belief as to the truth of this allegation.

15.    Admit that the State of Iowa is a governmental entity, within the territorial
jurisdiction of this Court, having its principal office and its place of business located in Des
Moines, Polk County, Iowa.  The remainder of the first sentence states a legal conclusion to
which no response is required.  Admit that Defendant State of Iowa employs Plaintiffs, and that
it is the responsibility, obligation and duty of the State of Iowa, as employer, to put into effect
procedures for and to require payment of proper overtime pay to the employees of the State of

E-FILED 2019 AUG 05 4:27 PM POLK - CLERK OF DISTRICT COURT

Iowa and otherwise comply in this regard with both federal and state law.  Otherwise deny for lack of knowledge or information sufficient to form a belief as to other similarly situated employees.

16.    Admit that Plaintiffs are current employees of the State of Iowa, employed as Registered Nurses.  Deny for lack of knowledge or information sufficient to form a belief as to the time period "[a]t all times relevant hereto."

17.    Admit.

18.    Deny.

19.    Admit.

20.    Admit.

21.    Deny.

22.    This paragraph states a legal conclusion to which no response is required. Otherwise deny that Plaintiffs are hourly employees.

23.    Deny.

24.    This paragraph states a legal conclusion to which no response is required.  Aver that if registered nurses are not primarily performing professional duties, they are not appropriately classified in the Registered Nurse job classification.

25.    Deny that Plaintiffs are hourly employees.  Otherwise deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation.

26.    Deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation.

27.    Admit that since July 1, 2017, Defendants have paid the State of Iowa-employed

E-FILED 2019 AUG 05 4:27 PM POLK - CLERK OF DISTRICT COURT

Registered Nurses "straight" overtime on an hour-for-hour basis without premium pay for overtime hours. Aver that pursuant to waivers effective July 1, 2017, former DAS Director Janet Phipps approved waivers of DAS Administrative Rule 11-53.11(3) to provide "straight" overtime on an hour-for-hour basis.

28.     Admit that since July 1, 2017, Defendants have paid Plaintiffs "straight" overtime, not "premium" overtime, for work in excess of 40 hours per week. Otherwise deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation.

29.     This paragraph summarizes Plaintiffs' legal claims, to which no response is required.

30.     This paragraph states a legal conclusion to which no response is required.

31.     The first sentence of this paragraph summarizes Plaintiffs' legal claims, to which no response is required. In response to the second sentence, admit that Defendants should be able to ascertain from records who was employed in the relevant job class and when. Otherwise deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation.

32.     Deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation, including all subparts.

33.     Deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation.

34.     This paragraph summarizes Plaintiffs' purported class, as to which no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to bring this action as a class action, but deny that Plaintiffs and any others similarly situated are entitled to the requested relief or to any relief whatsoever.

E-FILED 2019 AUG 05 4:27 PM POLK - CLERK OF DISTRICT COURT

35.    This paragraph summarizes Plaintiffs' state law claim and purported class, to which no response is required.

36.    Deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation.

37.    Deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation.

38.    Deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation, including all subparts.

39.    Deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation.

40.    Deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation, including all subparts.

41.    Deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation.

42.    Deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation.

43.    Deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation.

44.    Defendants restate their responses to paragraphs 1 – 43 as if stated herein.

45.    This paragraph states a legal conclusion to which no response is required.

46.    Deny.

47.    Deny.

48.    Deny for lack of knowledge or information sufficient to form a belief as to the

E-FILED  2019 AUG 05 4:27 PM POLK - CLERK OF DISTRICT COURT

truth of this allegation.

49.    This paragraph states a legal conclusion to which no response is required.

50.    Deny.

51.    Deny.

52.    Deny.  Aver that Defendants are currently in compliance with federal and state law as to overtime obligations with respect to Plaintiffs.

WHEREFORE paragraph.  Defendants deny all relief requested in this paragraph and each and every demand therein.

53.    Defendants restate their responses to paragraphs 1 –52 as if stated herein.

54.    This paragraph states a legal conclusion to which no response is required.

55.    This paragraph states a legal conclusion to which no response is required.

56.    Admit that Plaintiffs are current employees of the State of Iowa, employed as Registered Nurses.  Deny for lack of knowledge or information sufficient to form a belief as to others and as to the time period "all times relevant to this action."  The remainder of this paragraph states a legal conclusion to which no response is required.

57.    Admit that Plaintiffs are current employees of the State of Iowa, employed as Registered Nurses.  Deny for lack of knowledge or information sufficient to form a belief as to others and as to the time period "all times relevant to this action."  The remainder of this paragraph states a legal conclusion to which no response is required.

58.    Deny.

59.    Deny.

60.    Deny.

61.    Deny.

E-FILED 2019 AUG 05 4:27 PM POLK - CLERK OF DISTRICT COURT

62.    Deny.

63.    Deny.

64.    Deny.

WHEREFORE paragraph.  Defendants deny all relief requested in this paragraph and each and every demand therein.

### AFFIRMATIVE DEFENSES

1.    Plaintiffs' individual and purported class and collective claims are barred to the extent Defendants are entitled to immunity, including sovereign immunity.

2.    Plaintiffs' individual and purported class and collective claims are barred to the extent their Complaint fails to state a claim upon which any relief may be granted.

3.    Plaintiffs' individual and purported class and collective claims are barred to the extent they failed to exhaust their administrative remedies.

4.    Plaintiffs' individual and purported class and collective claims are barred to the extent they were filed or made beyond the applicable statute(s) of limitations, or other time limitations.

5.    Plaintiffs and purported class members are learned professionals and exempt from the FLSA as employees employed in a bona fide professional capacity.  *See* 29 U.S.C. § 213; 29 C.F.R. § 541.301.

6.    Defendants invoke the defenses, protections, and limitations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA") and the Iowa Wage Payment Collection Law, Iowa Code chapter 91A.

7.    Defendants acted in conformity with and in reliance upon written administrative

regulation, order, ruling, approval, or interpretation, of the United States Department of Labor –

Wage and Hour Division, or administrative practice or enforcement policy of such agency with

respect to the class of employers to which they belong.  *See* 29 U.S.C. § 259.

8.      Defendants at all times acted in good faith and with reasonable grounds for

believing that they had not violated Iowa or federal law.  *See* 29 U.S.C. § 260.

9.      Plaintiffs' individual and purported class and collective claims are barred in

whole or in part under the doctrines of waiver, laches, estoppel, ratification, acquiescence, and/or

unclean hands.

10.     Defendants reserve the right to add defenses.

WHEREFORE, Defendants so answer.

<div style="margin-left:40%">

Respectfully submitted,

THOMAS J. MILLER
Attorney General of Iowa

/s/ *Molly M. Weber*
MOLLY M. WEBER
Assistant Attorney General
Iowa Department of Justice
Hoover State Office Building
1305 E. Walnut Street
Des Moines, IA 50319
(515) 281-5309 / FAX: (515) 281-4902
molly.weber@ag.iowa.gov

ATTORNEY FOR DEFENDANTS

</div>

| PROOF OF SERVICE |
|---|
| The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on August 5, 2019: |
| ☐ U.S. Mail              ☐ FAX<br>☐ Hand Delivery        ☐ Overnight Courier<br>☐ Federal Express      ☐ Other<br>☒ Electronic Service |
| Signature: /s/AUDRA DRISH |

E-FILED 2019 AUG 08 9:19 AM POLK - CLERK OF DISTRICT COURT

IOWA DISTRICT COURT IN AND FOR POLK  COUNTY

JULIE A SCHROPP
SUSAN LYNN ROWE
TAMMY D BURDEN
CHRISTINE M KLEIBER
STACEY L GOOD

       Plaintiff(s)

VS.

STATE OF IOWA
JAMES M KURTENBACH
KIMBERLY KAY REYNOLDS

      Defendant(s)

CASE NO: 05771  CVCV058389

**NOTICE OF CIVIL TRIAL
SETTING CONFERENCE
(Use of this form is mandatory.)**

To the parties or their attorneys of record:
 In accordance with Iowa Rule of Civil Procedure 1.906, notice is hereby given that a  * **Trial Scheduling Conference is scheduled on 09/19/2019 at 9:30 AM at the Polk Co Crthouse RM 406 500 Mulberry St Des Moines IA 50309.**  This date shall be no earlier than 35 days after and not later than 50 days after any Defendant/Respondent has answered or appeared unless set sooner by special order on application of one or more parties.

This conference shall be held:
By telephone with the conference call to be initiated by Petitioner/Plaintiff .  The court administrator shall be connected to the call at (515)286-3704 for Polk County.

Attorneys for all parties appearing in the case shall participate at this conference.  A party will participate in person if the party does not have an attorney.

At this trial-setting conference, every case will be set for trial within the time periods provided by Iowa Court Rules Chapter 23, Time Standards for Case Processing.

Prior to the trial-setting conference, the parties **MUST file a Trial Scheduling and Discovery Plan**, Iowa Court Rule 23.5-Form 2 (Form 3 for Expedited Civil Actions).

 In judicial districts that allow it, the parties may, in lieu of holding a trial-setting conference, first file their Trial Scheduling and Discovery Plan and then, prior to the date scheduled for the trial-setting

E-FILED  2019 AUG 08 9:19 AM POLK - CLERK OF DISTRICT COURT

conference, obtain a trial date from court administration that complies with the provisions of Chapter 23.  The date will be entered by the Court on the Trial Scheduling and Discovery Plan.

The trial date that is agreed upon at this conference shall be a firm date.  Continuances will not be granted, even if all parties agree, unless for a crucial cause that could not have been foreseen.

The Clerk of Court shall notify all counsel of record and parties not represented by counsel.

Dated 08/08/19

If you need assistance to participate in court due to a disability, call the disability coordinator at (515) 286-3394 or information at https://www.iowacourts.gov/for-the-public/ada/. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**

E-FILED  2019 AUG 08 9:19 AM POLK - CLERK OF DISTRICT COURT



State of Iowa Courts

| Case Number | Case Title |
| --- | --- |
| CVCV058389 | SUSAN L ROWE ET AL VS KIMBERLY KAY REYNOLDS ET AL |
| Type: | ORDER FOR TRIAL SCHEDULING CONFERENCE |

So Ordered

Scott J. Beattie, District Court Judge,
Fifth Judicial District of Iowa

Electronically signed on 2019-08-08 09:19:17