## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| SUSAN L. ROWE, CHRISTINE M. KLEIBER, TAMMY D. BURDEN, JULIE A. SCHROPP, STACEY L. GOOD, individually and on behalf of themselves and others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>KIMBERLY KAY REYNOLDS, in her official capacity as Governor State of Iowa, JAMES M. KURTENBACH, in his official capacity with Iowa Department of Administrative Services; and the STATE OF IOWA,<br><br>  Defendants. | Case No. CVCV058389<br><br><br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT AND JURY DEMAND** |

COME NOW Defendants, for their Answer and Affirmative Defenses to Plaintiffs' Class Action Complaint and Jury Demand, and state as follows. Any allegation not specifically admitted is denied.

## ANSWER

1. Admit that Plaintiffs are current employees of the State of Iowa. The remainder of this paragraph summarizes Plaintiffs' legal claims and requested relief, to which no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to bring this action under the provisions of the Fair Labor Standards Act of 1938, as amended and Iowa Code chapter 91A, the Iowa Wage Payment Collection Law. Defendants deny that Plaintiffs and any others similarly situated are entitled to the requested relief or to any relief whatsoever.

2. Based on the information available to Defendants, admit that all Plaintiffs are residents of the State of Iowa. Otherwise deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation.

3. Admit that Plaintiffs are current employees of the State of Iowa. Otherwise deny.

4. Deny for lack of knowledge or information sufficient to form a belief as to whether the other unnamed individuals represented by the named Plaintiffs are all similarly situated. Otherwise deny.

5. This paragraph states a legal conclusion to which no response is required.

6. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that the State of Iowa is a governmental entity with its principal place of business located in Des Moines, Iowa.

7. This paragraph summarizes Plaintiffs' legal claims, requested relief, and attached exhibit, to which no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to bring this action as a collective action and/or class action under the Fair Labor Standards Act and the Iowa Wage Payment Collection Law, but deny that Plaintiffs and any others similarly situated are entitled to the requested relief or to any relief whatsoever.

8. Admit that Plaintiff Susan L. Rowe is a resident of Iowa and is employed by Defendant State of Iowa as a Registered Nurse at Woodward Resource Center. Otherwise deny. Aver that Susan L. Rowe's hourly equivalent pay rate is now $41.17.

9. Admit that Plaintiff Christine M. Kleiber is a resident of Iowa and is employed by Defendant State of Iowa as a Registered Nurse at Iowa Medical and Classification Center. Otherwise deny. Aver that Christine M. Kleiber's hourly equivalent pay rate is now $35.60.

10. Admit that Plaintiff Tammy D. Burden is a resident of Iowa and is employed by

Defendant State of Iowa as a Registered Nurse at Iowa State Penitentiary. Otherwise deny. Aver that Tammy D. Burden's hourly equivalent pay rate is now $40.78.

11. Admit that Plaintiff Julie A. Schropp is employed by Defendant State of Iowa as a Registered Nurse at Iowa Medical and Classification Center. Otherwise deny. Aver that Julie A. Schropp's hourly equivalent pay rate is now $41.17.

12. Admit that Plaintiff Stacey L. Good is employed by Defendant State of Iowa as a Registered Nurse at Iowa Medical and Classification Center. Otherwise deny. Aver that Stacey L. Good's hourly equivalent pay rate is now $35.08.

13. Admit that Defendant Kimberly Kay Reynolds is the current Governor of the State of Iowa, and that Plaintiffs are current employees of the State of Iowa. Admit that the caption indicates that Governor Reynolds is sued in this action in her official capacity. Otherwise deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation.

14. Admit that Defendant James M. Kurtenbach is the current Director of the Iowa Department of Administrative Services (DAS), and the caption indicates that he is sued in this action in his official capacity. Otherwise deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation.

15. Admit that the State of Iowa is a governmental entity, within the territorial jurisdiction of this Court, having its principal office and its place of business located in Des Moines, Polk County, Iowa. The remainder of the first sentence states a legal conclusion to which no response is required. Admit that Defendant State of Iowa employs Plaintiffs, and that it is the responsibility, obligation and duty of the State of Iowa, as employer, to put into effect procedures for and to require payment of proper overtime pay to the employees of the State of

Iowa and otherwise comply in this regard with both federal and state law. Otherwise deny for lack of knowledge or information sufficient to form a belief as to other similarly situated employees.

16. Admit that Plaintiffs are current employees of the State of Iowa, employed as Registered Nurses. Deny for lack of knowledge or information sufficient to form a belief as to the time period "[a]t all times relevant hereto."

17. Admit.

18. Deny.

19. Admit.

20. Admit.

21. Deny.

22. This paragraph states a legal conclusion to which no response is required. Otherwise deny that Plaintiffs are hourly employees.

23. Deny.

24. This paragraph states a legal conclusion to which no response is required. Aver that if registered nurses are not primarily performing professional duties, they are not appropriately classified in the Registered Nurse job classification.

25. Deny that Plaintiffs are hourly employees. Otherwise deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation.

26. Deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation.

27. Admit that since July 1, 2017, Defendants have paid the State of Iowa-employed

Registered Nurses "straight" overtime on an hour-for-hour basis without premium pay for overtime hours. Aver that pursuant to waivers effective July 1, 2017, former DAS Director Janet Phipps approved waivers of DAS Administrative Rule 11-53.11(3) to provide "straight" overtime on an hour-for-hour basis.

28.     Admit that since July 1, 2017, Defendants have paid Plaintiffs "straight" overtime, not "premium" overtime, for work in excess of 40 hours per week. Otherwise deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation.

29.     This paragraph summarizes Plaintiffs' legal claims, to which no response is required.

30.     This paragraph states a legal conclusion to which no response is required.

31.     The first sentence of this paragraph summarizes Plaintiffs' legal claims, to which no response is required. In response to the second sentence, admit that Defendants should be able to ascertain from records who was employed in the relevant job class and when. Otherwise deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation.

32.     Deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation, including all subparts.

33.     Deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation.

34.     This paragraph summarizes Plaintiffs' purported class, as to which no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to bring this action as a class action, but deny that Plaintiffs and any others similarly situated are entitled to the requested relief or to any relief whatsoever.

35. This paragraph summarizes Plaintiffs' state law claim and purported class, to which no response is required.

36. Deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation.

37. Deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation.

38. Deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation, including all subparts.

39. Deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation.

40. Deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation, including all subparts.

41. Deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation.

42. Deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation.

43. Deny for lack of knowledge or information sufficient to form a belief as to the truth of this allegation.

44. Defendants restate their responses to paragraphs 1 – 43 as if stated herein.

45. This paragraph states a legal conclusion to which no response is required.

46. Deny.

47. Deny.

48. Deny for lack of knowledge or information sufficient to form a belief as to the

truth of this allegation.

49. This paragraph states a legal conclusion to which no response is required.

50. Deny.

51. Deny.

52. Deny.  Aver that Defendants are currently in compliance with federal and state law as to overtime obligations with respect to Plaintiffs.

WHEREFORE paragraph.  Defendants deny all relief requested in this paragraph and each and every demand therein.

53. Defendants restate their responses to paragraphs 1 –52 as if stated herein.

54. This paragraph states a legal conclusion to which no response is required.

55. This paragraph states a legal conclusion to which no response is required.

56. Admit that Plaintiffs are current employees of the State of Iowa, employed as Registered Nurses.  Deny for lack of knowledge or information sufficient to form a belief as to others and as to the time period "all times relevant to this action."  The remainder of this paragraph states a legal conclusion to which no response is required.

57. Admit that Plaintiffs are current employees of the State of Iowa, employed as Registered Nurses.  Deny for lack of knowledge or information sufficient to form a belief as to others and as to the time period "all times relevant to this action."  The remainder of this paragraph states a legal conclusion to which no response is required.

58. Deny.

59. Deny.

60. Deny.

61. Deny.

7

62. Deny.

63. Deny.

64. Deny.

WHEREFORE paragraph. Defendants deny all relief requested in this paragraph and each and every demand therein.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' individual and purported class and collective claims are barred to the extent Defendants are entitled to immunity, including sovereign immunity.

2. Plaintiffs' individual and purported class and collective claims are barred to the extent their Complaint fails to state a claim upon which any relief may be granted.

3. Plaintiffs' individual and purported class and collective claims are barred to the extent they failed to exhaust their administrative remedies.

4. Plaintiffs' individual and purported class and collective claims are barred to the extent they were filed or made beyond the applicable statute(s) of limitations, or other time limitations.

5. Plaintiffs and purported class members are learned professionals and exempt from the FLSA as employees employed in a bona fide professional capacity. *See* 29 U.S.C. § 213; 29 C.F.R. § 541.301.

6. Defendants invoke the defenses, protections, and limitations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the Iowa Wage Payment Collection Law, Iowa Code chapter 91A.

7. Defendants acted in conformity with and in reliance upon written administrative

8

regulation, order, ruling, approval, or interpretation, of the United States Department of Labor – Wage and Hour Division, or administrative practice or enforcement policy of such agency with respect to the class of employers to which they belong.  *See* 29 U.S.C. § 259.

8. Defendants at all times acted in good faith and with reasonable grounds for believing that they had not violated Iowa or federal law.  *See* 29 U.S.C. § 260.

9. Plaintiffs' individual and purported class and collective claims are barred in whole or in part under the doctrines of waiver, laches, estoppel, ratification, acquiescence, and/or unclean hands.

10. Defendants reserve the right to add defenses.

WHEREFORE, Defendants so answer.

Respectfully submitted,

THOMAS J. MILLER
Attorney General of Iowa

/s/ *Molly M. Weber*
MOLLY M. WEBER
Assistant Attorney General
Iowa Department of Justice
Hoover State Office Building
1305 E. Walnut Street
Des Moines, IA 50319
(515) 281-5309 / FAX: (515) 281-4902
molly.weber@ag.iowa.gov

ATTORNEY FOR DEFENDANTS

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on August 5, 2019:

☐ U.S. Mail                    ☐ FAX
☐ Hand Delivery                ☐ Overnight Courier
☐ Federal Express              ☐ Other
☒ Electronic Service

Signature: /s/AUDRA DRISH