IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| SUSAN L. ROWE, CHRISTINE M. KLEIBER, TAMMY D. BURDEN, JULIE A. SCHROPP, STACEY L. GOOD, individually and on behalf of themselves and others similarly situated,<br><br>　　Plaintiffs,<br><br>v.<br><br>KIMBERLY KAY REYNOLDS, in her official capacity as Governor State of Iowa, JAMES M. KURTENBACH, in his official capacity with Iowa Department of Administrative Services; and the STATE OF IOWA,<br><br>　　Defendants. | Case No. 4:19-CV-00256-JAJ-SBJ<br><br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY COLLECTIVE CLASS UNDER FLSA**<br><br><br>**(Oral Argument Requested)** |

## TABLE OF CONTENTS

**Page**

Table of Contents . . . . . . . . . 1

Table of Authorizes . . . . . . . . . 3

I.　Statement of the Issue . . . . . . . 5

II.　Statement of the Case . . . . . . . 6

　　A.　Factual Background and Contentions . . . . . 6

　　B.　Basic Legal Theory Underlying the Claims . . . . 8

　　C.　Presently Named Collective Class Representatives . . . 12

1

III.    Argument .        .        .        .        .        .        .        .        .        14

        A.  Legal Standard for Certifying A Collective Action        .        .        14

        B.  The Standard for Conditional Certification and Notice is Lenient        15

        C.  The goal of judicial economy weighs heavily in favor of
            Certification and issuing notice of potential class members        .        18
            .
        D.  Plaintiffs Satisfy the Lenient First-Tier Analysis        .        .        18

IV.     Consent forms and Discovery        .        .        .        .        .        .        21

V.      Conclusion        .        .        .        .        .        .        .        .        21

Certificate of Service .        .        .        .        .        .        .        .        .        23

# TABLE OF AUTHORITIES

<u>**Page**</u>

<u>CASES</u>

*Andersen v. Wells Fargo Fin., Inc.,* 2012 U.S. Dist. LEXIS 23175, *6      .      15, 16, 17, 18
(S.D. Iowa Feb 6, 2012)      .      .      .      .      .      .      .

*Barron v. Henry Cnty. Sch. Sys.,* 242 F. Supp.2d 1096, 1103 (M.D. Ala
2003)   .      .      .      .      .      .      .      .      .      17

*Bouaphakeo v. Tyson Foods, Inc.,* 564 F. Supp. 2d 870, 891 (N.D. Iowa 2008)      16, 17, 18

*Burt v. Manville Sales Corp.,* 116 F.R.D. 276, 277 (D. Colo. 1987) .      .      15

*Davenport v. Charter Commun's., LLC,* 2014 U.S. Dist. LEXIS 40574, *10-11
(E.D. Mo., Mar. 27, 2014)      .      .      .      .      .      .      17

*Davis v. NovaStar Mtg., Inc.,* 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005)   .      15, 16

Dolgin v. Monsonto Co., 2013 U.S. Dist. LEXIS 128768, *9 (E.D. Mo.
Sept. 10, 2013)      .      .      .      .      .      .      .      .      .      16

*Fast v. Applebee's Int'l., Inc.,* 243 F.R.D. 360, 363 (W.D. Mo. 2007)      .      18

*Freeman v. Wal-Mart Stores, Inc.,* 256 F.Supp. 2d 941, 944 (W.D. Ark. 2003)      3

*H & R Block, Ltd. V. Housden,* 186 F.R.D. 399, 400 (E.D. Tex. 1999)      .      17

*Helmert v. Butterball, LLC, 2009* U.S. Dist. LEXIS 116460, *9 (E.D. Ark.
Dec. 15, 2009* .      .      .      .      .      .      .      .      .      15

*Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165, 169 (1989)      .      .      15, 18

*Hoffman v. Sbarro, Inc.* 982 F. Supp. 249, 260 (S.D.N.Y. 1997)      .      .      15

*Kautsch  v. Premier Commun's.,* 2008 U.S. Dist. LEXIS 7219, *3 (W.D. Mo.
Jan. 31, 2008) .      .      .      .      .      .      .      .      .      18

*Littlefield v. Dealer Warranty Servs., LLC,* 679 F. Supp.2d 1014, 1019 (E.D. Mo.
2010)   .      .      .      .      .      .      .      .      .      18

3

*Lopez v. Tyson Foods, Inc.,* 2008 U.S. Dist. LEXIS 78685, *16 (D. Neb. Aug. 7, 2008) . . . . . . . . . 17

*Ray v. Motel 6 Operating Ltd. P'Ship.,* 1996 U.S. Dist. LEXIS 22564 *5 (D. Minn. Mar. 18, 1996) . . . . . . . . 16

*Robinson v. Phillips Beverage Co.,* 141 F.R.D. 276, 279 (D. Minn. 1992) . 16

*Salazar v. Agriprocessors, Inc.,* 2008 U.S. Dist. LEXIS 40363, *11 (N.D. Iowa Mar. 17, 2008) . . . . . . . . . 17

*Severtson v. Phillips Beverage Co.,* 141 F.R.D. 276, 279 (D. Minn. 1992) . 16, 17

*West v. Border Foods, Inc.* 2006 U.S. Dist. LEXIS 96963 at *10 (D. Minn. June 12, 2006) . . . . . . . . . 17

Other

29 U.S.C  §201 . . . . . . . . . 14

29 U.S.C  §202(a)(b) . . . . . . . . 14

29 U.S.C  §206 . . . . . . . . . 14

29 U.S.C  §216(b) . . . . . . . . . 5

29 C.F.R. §541.301(a)(b) . . . . . . . 10, 11

29 C.F.R. §541.301(e)(2) . . . . . . . 10, 11

Iowa Code Chapter 91A . . . . . . . . 6, 10, 15

## I.      STATEMENT OF THE ISSUE

Whether Plaintiffs have satisfied the first stage for collective action requirements pursuant to 29 U.S.C. §216(b) for an opt-in collective action for the Registered Nurses in Job Classifications 02020 and 82020, who have worked for the State of Iowa in those job classifications of Registered Nurses during any time in the period of July 1, 2017 to the present so this action can be certified and opt-in notifications issued?

## II.     STATEMENT OF THE CASE

Plaintiffs Susan L. Rowe, Christine M. Kleiber, Tammy D. Burden, Julie A. Schropp and Stacey L. Good are five registered nurses representing a collective class of Registered Nurses ("RNs"), who are, or have been, employed by the Defendants (collectively referred to herein as "State of Iowa").  The named Plaintiffs are employed by the State of Iowa as registered nurses at the locations of Woodward Resource Center, the Iowa Medical and Classification Center or the Iowa State Penitentiary and are classified in the Job Classifications 02020 and 82020. All putative Collective Plaintiffs are requested to be current and former employees of the State of Iowa in Job Classifications 02020 and 82020 and are alleged to have been improperly classified, since July 1, 2017 through and including the present, by Defendants as employees that are exempt from the overtime provisions of the Fair Labor Standards Act of 1938, as amended. (hereinafter referred to as the "FLSA"). The Plaintiffs have sued the Defendants for injunctive relief and to recover overtime compensation and interest thereon from the State of Iowa, liquidated damages, attorney

fees and costs under provisions of the FLSA and Iowa Code Chapter 91A, Iowa Wage Payment

Collection Act. [1]

    **A.**    <u>**Factual Background and Contentions.**</u>

    The FLSA authorizes collective court action by private parties to recover damages for

violation if its wage and hour provisions. The State of Iowa employs, or has employed, the

Plaintiffs and other similarly situated employees. It is the responsibility, obligation and duty of the

State of Iowa, as employer, to put into effect procedures for, and to require payment of, proper

overtime pay to all employees of the State of Iowa and otherwise comply in this regard with both

federal and state law.

    Plaintiffs historically have been hired as hourly employees, and, in the years prior to July

1, 2017, were so covered by the provisions of a Collective Bargaining Agreement (CBA) between

the Defendant, State of Iowa and American Federation of State, County and Municipal Employees,

a trade union ("AFSCME"). The hiring of the employees and the provisions of the CBA in effect

in years prior to July 1, 2017 and the other provisions of law and regulations, provided for the

Plaintiffs, and the putative Plaintiff collective class herein, to be hourly employees and not exempt

from the overtime obligations and payment, although the CBA allowed for some variation for

payment per the FLSA and CBA provisions.  (Pl. App. # 5, p. 11-13)

    Accordingly, under the provisions of the CBA in effect in years prior to July 1, 2017,

Plaintiffs and members of Plaintiff class, received FLSA payment of overtime for work performed

---

[1] Plaintiffs do not presently request class certification under the alternatively and supplementally plead cause of action for class action under Iowa Wage Payment Collection, Iowa Code Chapter 91A. A separate Motion to Delay that certification motion is simultaneously separately filed.

as employees of the State of Iowa.  Effective July 1, 2017, the legislature of the State of Iowa severely restricted the rights of public employees to collectively bargain their pay and employment conditions.  Yet, the amended law continued to allow collective bargaining for the hourly pay received by the RNs.

Effective July 1, 2017, the State of Iowa entered into another CBA with AFSCME on behalf of the RN Plaintiffs and the Plaintiff collective class.  (Pl. App. # 6, p. 14-16).  The CBA effective July 1, 2017, and the CBA subsequently agreed to in 2019 effective July 1, 2019, have continued in the provision of the Plaintiffs, and collective class, as hourly employees by similarly, as before, and continue to set forth the pay grades and hourly rates to be paid to Plaintiffs. (Pl. App. #6, p. 14-16).  Yet, the State of Iowa has, since July 2017, determined to assert that the RNs were exempt salaried professional employees. (Pl. App. #12, p. 103-114; Pl. App. #13, p. 116-118).  As will be seen herein, this single decision of the State of Iowa is the challenged action in this case that deprived the named RN Plaintiffs, and the collective class of RN plaintiffs in the Job classes of 02020 and 82020, of overtime as required by the FLSA.  Despite these RN employees being hourly employees and working non-professional jobs, the State of Iowa determined to classify these RN positions as exempt positions and to pay hour for hour overtime rather than the overtime pay required by the FLSA. (Pl. App. #2, p. 6; Pl. App. 4, p. 9-10; App. #12, p. 102-106; Pl. App. #13, p. 116-118).

Accordingly, Plaintiffs, and the putative collective class, allege and contend that, pursuant to the FLSA, the employee Registered Nurses in Job classes 02020 and 82020, are paid on an hourly basis and working non-professional jobs and are required to be paid FLSA overtime for hours worked in excess of forty (40) hours per week.  As to this matter, when the time is proper to

argue the merits of this case, the evidence will show that Plaintiffs and members of the collective RN class, were working, and are at times are required to work, overtime performing duties alongside with, and not significantly  or prominently different from, the duties of non-exempt employees. (Pl. App. Ex. 7, p. 26; Ex. 8, p. 42, Ex. 9, p. 59; Ex. 10, p. 76; Ex. 11, p. 92).  It is contended that Defendants have paid the State of Iowa employed Registered Nurses in Job Classifications 02020 and 82020 wages at the same hourly rate for all their work time without premium pay for overtime hours, except as allowed at the discretion of the Defendants. (Pl. Ex. 12, p. 104, Ex. 13, p. 116-117). Plaintiffs and members of Plaintiffs' Collective Class, have, at times, regularly worked in excess of forty (40) hours per week and were not paid time and a half overtime as provided by the FLSA and IWCPL, but rather were paid, hour for hour overtime or time and one half, as during this time of pandemic and disaster, but only at the discretion of the State of Iowa.  Relief is sought requiring all time and one-half not paid as required by the FLSA, injunctive relief requiring FLSA overtime in the future, plus liquidated damages, attorney fees, interest and costs.

### B.  <u>Basic Legal Theory Underlying the Claims</u>

Though the merits of Plaintiffs' claims are not specifically relevant to the decision to authorize certification of collective action and notice, in addition to the above discussion, an additional brief discussion of the law and the underlying facts under which the Plaintiffs' make claims in this case, is generally appropriate for consideration of the scope and processing of this collective action case.

RNs in the job classes of 02020 and 82020 historically have been paid hourly by the State of Iowa per the collective bargaining agreements, within the purview of the FLSA and IWPCA.

8

(Pl. App. #5, p. 11-13; Pl. Ex. 12, p. 104, Ex. 13, p. 116-117; Ex. 7, p. 26, Ex. 8, p. 42; Ex. 9, p. 59; Ex. 10, p. 76, Ex. 11, p. 93). As to the time frame of this case, the CBA that became effective for two years beginning on July 1, 2017 and the CBA that became effective for two years beginning on July 1, 2019, have no language which would discontinue paying these positions on an hourly basis. (Pl. App. Ex. 6, p. 14-16).  There is no guaranteed minimum payment as the Plaintiffs understand they have to work 40 hours a week, 80 hours per pay period, or use their vacation/sick hours to cover the difference or they don't get paid. (Pl. App. Ex. 7, p. 25; Ex. 8, p. 41; Ex. 9, p. 58; Ex. 10, p. 75; Ex. 11, p. 92). The RNs don't have discretion as to what work they are assigned to each day. (Pl. App. Ex. 7, p. 25, Ex. 8 p. 41, Ex.. 9, p. 58, Ex. 10, p. 75, Ex. 11, p. 92) .  They are assigned to the work by the nursing supervisor. (Pl. App. Ex. 7, p. 25, Ex. 8 p. 41, Ex.. 9, p. 58, Ex. 10, p. 75, Ex. 11, p. 92).  The Plaintiff RNs have to clock in and clock out. . (Pl. App. Ex. 7, p. 25, Ex. 8 p. 41, Ex.. 9, p. 58, Ex. 10, p. 75, Ex. 11, p. 92).  The salaried employees, such as nursing supervisors, do not clock in or clock out. (Pl. App. Ex. 7, p. 27-28; Ex. 8, p. 44-45; Ex. 9, p. 61-62; Ex. 10, p. 78-79; Ex. 11, p. 95-96).  The work of RNs must be covered 24 hours a day and 7 days a week, no matter holidays or not. (Pl. App. Ex. 7, p. 27-28; Ex. 8, p. 44-45; Ex. 9, p. 61-62; Ex. 10, p. 78-79; Ex. 11, p. 95-96).  The Plaintiff RNs believe they would be disciplined, and/or not paid, if they were not to work the effective 40 hours in a week at a time they were not entitled at that time to take sick or vacation leave to cover the balance of the required time, though it may be that instead a reduction in the hourly pay would be, and has been, made. (Pl. App. Ex. 7, p. 25, 27-28; Ex. 8, p. 41, 44-45; Ex. 9, p. 58, 61-62; Ex. 10, p. 75, 78-79; Ex. 11, p. 92, 96-96).

RNs working for the State in Iowa in the state institutions, as the named Plaintiffs and punitive collective class do, are by job description licensed as RNs, but RNs, under Iowa law, are

only required to have an associate's degree in nursing. See Iowa Code Section 152.1(6); 152.5. It is believed the great majority of the RNs working for the State of Iowa d not have more than an associate's degree.  (Pl. App. Ex. 7, p. 27-28; Ex. 8, p. 44-45; Ex. 9, p. 61-62; Ex. 10, p. 78-79; Ex. 11, p. 95-96).  Presumptively the Plaintiffs contend this does not qualify for a "professional" exemption from the FLSA and Iowa Code Chapter 91A requirements to pay overtime premium pay. (Pl. App. Ex. 7, p. 25, 27-28; Ex. 8, p. 41, 44-45; Ex. 9, p. 58, 61-62; Ex. 10, p. 75, 78-79; Ex. 11, p. 92, 96-96). An associate's degree, acquired with 2 years of instruction in nursing, is not sufficient to show knowledge of an advanced type in a field of science of learning customarily acquired by a prolonged course of specialized intellectual instruction as would be understood under 29 C.F.R. §541.301(a). An associate's degree is not generally considered the equivalent of a college or bachelor's degree. There is a bachelor's degree that is offered by educational institutions, but that is not required for the entry level nursing license in Iowa.  (Pl. App. Ex. 7, p. 27-28; Ex. 8, p. 44-45; Ex. 9, p. 61-62; Ex. 10, p. 78-79; Ex. 11, p. 95-96).  Further, a bachelor's degree in nursing is not required for the RN position in nursing for Iowa for the named Plaintiffs and the putative class. (Pl. App. Ex. 7, p. 27-28; Ex. 8, p. 44-45; Ex. 9, p. 61-62; Ex. 10, p. 78-79; Ex. 11, p. 95-96).  Plaintiffs contend the basis for a statement that registered nurses who are registered by the appropriate State examining Board would generally meet the requirements for the learned professional exemption (29 C.F.R. §541.301(e)(2), is not applicable to an associate's degree nursing educational program. Comparison of the statement the State of Iowa attempts to rely on, to the other examples set out in §541 C.F.R. 301 (e) demonstrates that all classifications recognize the equivalent of 4 years of instruction, not 2, to meet the standard of "customarily acquired by a prolonged course of specialized intellectual training". (Pl. App. Ex. 4, p. 9-10; Pl.

App. Ex. 7, p. 27-28; Ex. 8, p. 44-45; Ex. 9, p. 61-62; Ex. 10, p. 78-79; Ex. 11, p. 95-96).

Accordingly, the associate's degrees of the RNs of the named Plaintiffs, the putative class and the

job description for RNs in the jobs for the State of Iowa involved herein, are more like, and fall

within, the second statement of 29 C.F.R. §541.301(2)), "Licensed Practical Nurses and other

similar health care employees, however, generally do not qualify as exempt learned professionals,

because possession of a specialized advanced degree is not a standard prerequisite for entry into

such occupations."   (Pl. App. Ex. 4, p. 9-10; Pl. App. Ex. 7, p. 27-28; Ex. 8, p. 44-45; Ex. 9, p.

61-62; Ex. 10, p. 78-79; Ex. 11, p. 95-96).   Licensed practical nurses have a one year study

requirement and are licensed by the Board of Nursing. RNs, as required by the State of Iowa, are

2 year course of study and licensed by the Board of Nursing. Neither license requires a specialized

advanced degree, although an RN can obtain such an advanced degree. The State of Iowa has what

it calls a "statewide articulation plan", that is its states "… is designed to make it easier for nurses

who begin their education at a lower level (associates degree or practical nursing) to transfer credits

and eventually earn a bachelor's degree in nursing".  (Pl. App. Ex. 4, p. 9-10; Pl. App. Ex. 7, p.

27-28; Ex. 8, p. 44-45; Ex. 9, p. 61-62; Ex. 10, p. 78-79; Ex. 11, p. 95-96).

Further, the "work requiring advanced knowledge" requirement of 29 C.F.R. §541.301(a),

would be work that is predominantly intellectual in character, and includes work requiring the

consistent exercise of discretion and knowledge, as distinguished from performance of routine

mental, manual, mechanical or physical work. The work of the RNs for the State of Iowa under

job classifications 02020 and 82020 do not primarily require work that is predominantly

intellectual in character and requiring the consistent exercise of discretion and judgment within the

meaning of 29 C.F.R. §541.301(a) and (b).  (Pl. App. Ex. 4, p. 9-10;  Pl. App. Ex. 7, p. 27-28; Ex.

11

8, p. 44-45; Ex. 9, p. 61-62; Ex. 10, p. 78-79; Ex. 11, p. 95-96).   The work of Plaintiffs here, due to the way the State of Iowa jobs in Job Classifications 02020 and 82020, are structured and performed, involve primarily the performance of what the FLSA rule would consider to be performance of routine mental, manual, mechanical or physical work. Much of the work is addressed by standard protocols that are carried out by all of the nursing staff, which includes LPN nursing staff, in the various assignment they serve that day on that shift. (Pl. App. Ex. 7, p. 27-28; Ex. 8, p. 44-45; Ex. 9, p. 61-62; Ex. 10, p. 78-79; Ex. 11, p. 95-96).   The work of the RNs are to provide direct care to residents.  (Pl. App. Ex. 7, p. 27-28; Ex. 8, p. 44-45; Ex. 9, p. 61-62; Ex. 10, p. 78-79; Ex. 11, p. 95-96).   It is assigned each day by a nurse supervisor, a salaried position, and is based upon the needs of the shift each day. (Pl. App. Ex. 7, p. 27-28; Ex. 8, p. 44-45; Ex. 9, p. 61-62; Ex. 10, p. 78-79; Ex. 11, p. 95-96).   It is performed by LPNs and RNs and differentiation is not generally made to the assignments, except in certain specific and occasional instances, which do not generally define the RN job position as a whole, but rather as to specifics for that shift at that time on that particular day. (Pl. App. Ex. 7, p. 27-28; Ex. 8, p. 44-45; Ex. 9, p. 61-62; Ex. 10, p. 78-79; Ex. 11, p. 95-96).  This is also consistent with the Position Description Questionnaires. (Pl. App. Ex. 7, p. 27-28; Ex. 8, p. 44-45; Ex. 9, p. 61-62; Ex. 10, p. 78-79; Ex. 11, p. 95-96).

The Plaintiffs, and the putative collective class, contend that the State of Iowa is required by the FLSA to pay to the RNs in Job Classifications 02020 and 82020 the FLSA mandated overtime for all work in excess of 40 hours in a week.

### C.   Presently Named Collective Class Representatives

The named Plaintiffs in this action and the proposed class representatives, represent diverse regions and State of Iowa facilities across the state.   Plaintiff Susan L. Rowe obtained her Licensed

Practical Nurse (LPN) license in 1997 and received her Registered Nurse (RN license in 1988. She is employed as a Registered Nurse by the State of Iowa at Woodward Resource Center and has been so employed since. (Response to Int. No. 11, Pl. App. Ex. 7, p. 18; Pl. App. Ex. 14, 120, 121).

Plaintiff Christin M. Kleiber obtained her Licensed Practical Nurse (LPN) license by the California Board of Nursing in 2005.   She then became licensed by the Iowa Board of Nursing as a Licensed Practical Nurse in 2006 and received her Registered Nurse License (RN) from the Iowa Board of Nursing in 2017.  She is employed as a Registered Nurse by the State of Iowa at the Iowa Medical and Classification Center and has been so employed since. (Response to Int. No. 11, Pl. App. Ex. 8, p. 34)

Plaintiff Tammy D. Burden obtained her Licensed Practical Nurse (LPN) license by the State of Iowa in 2006 and received her Registered Nurse License (RN) from the Iowa Board of Nursing in 2008.  She is employed as a Registered Nurse by the State of Iowa at the Iowa State Prison and has been so employed since. (Response to Int. No. 11, Pl. App. Ex. 9 p. 51).

Plaintiff Julie A. Schropp obtained her Licensed Practical Nurse (LPN) license by the State of Iowa in 1993 and then received her Registered Nurse License (RN) from the Iowa Board of Nursing in 1994.  She is employed as a Registered Nurse by the State of Iowa at the Iowa Medical and Classification Center and has been so employed since. (Response to Int. No. 11, Pl. App. Ex. 10, p. 68).

Plaintiff Stacey L. Good obtained her Registered Nurse License (RN) from the Iowa Board of Nursing in 2010.  She is employed as a Registered Nurse by the State of Iowa at the Iowa

Medical and Classification Center and has been so employed since. (Response to Int. No. 11, Pl. App. Ex. 11, p. 95).

## III.   ARGUMENT

### A.   Legal Standard For Certifying A Collective Action

The FLSA provides employees a private right of action to recover unpaid overtime wages. 29 U.S.C. § 201, *et seq*. The purpose of the FLSA is to "eliminate" unfair labor practices because their existence creates "detriment[] to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers," "burdens commerce and the free flow of goods," "constitutes an unfair method of competition," and "leads to labor disputes." 29 U.S.C. § 202(a), (b).

Section 206 of the FLSA requires employers, such as the State of Iowa, to pay their nonexempt employees overtime wages. 29 U.S.C. § 206. Plaintiffs here seek collective action certification to pursue claims against Defendants for violating the FLSA's requirement to pay their Registered Nurses in Job Classes 02020 and 82020 overtime wages, and authorization to send notice of this lawsuit to similarly situated Registered Nurses under § 216(b), which provides:

> An action to recover the liability prescribed in [§§ 206 or 207] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

"Section 216(b) states the opportunity to proceed as an opt-in class on behalf of similarly situated individuals is a 'right.' As such, only if we determine the action relates to specific issues and circumstances personal to the plaintiff rather than any generally applicable policy or practice

14

can we foreclose the right to proceed as a class." *Burt v. Manville Sales Corp.*, 116 F.R.D. 276, 277 (D. Colo. 1987). "Section 216(b) also authorizes the Court to order that notice be given to "similarly situated" employees. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Authorized notice avoids disputes over the content of the notice, prevents proliferation of multiple individual lawsuits, assures joinder of additional plaintiffs is accomplished properly and efficiently, and expedites resolution of the dispute. *Id.* at 171-72. Because the statute of limitations is not tolled for putative class members until they file a consent to join the action (29 U.S.C. § 216(c)), the decision to send notice is typically made early in the case. *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997).[2]

## B. <u>The Standard for Conditional Certification and Notice is Lenient.</u>

This District has recognized the applicable standard for early conditional certification of an FLSA claim. "[T]he Court will use the two-step approach to decide whether other employees of Defendants are similarly situated for collective action under [FLSA §] 216(b). "'This approach provides for a two-step determination as to whether class certification is proper.'" *Andersen v. Wells Fargo Fin., Inc.,* 2012 U.S. Dist. LEXIS 23175, *6 (S.D. Iowa Feb. 6, 2012) (citing *Helmert v. Butterball, LLC,* 2009 U.S. Dist. LEXIS 116460, *9 (E.D. Ark. Dec. 15, 2009) (quoting *Davis v. NovaStar Mtg., Inc.*, 408 F.Supp.2d 811, 815 (W.D. Mo. 2005)).

---

[2] In the present case, allegations of class action status under Iowa Code Chapter 91A, Iowa Wage Payment Collection Act, have also been alleged in the Plaintiffs' Complaint. Those class allegations toll the statute of limitations. Plaintiffs hereby simultaneously request equitable tolling with regard to this FLSA collective certification to protect the rights of the collective class to pursue their claims in this collective action. See *Infra* at page 21).

This District also recognizes that "'[g]enerally, the plaintiffs move for conditional certification at an early stage in the litigation, and a class is conditionally certified for notice purposes. Then, the defendant is allowed the opportunity to move for de-certification at the close of discovery.'" *Id.* (citing *Helmert*, at *9) (citing *Davis,* 408 F.Supp.2d at 815)). This District recognizes that, when applying the first step of the two-part test, "'the Court first uses a ***lenient standard*** to determine whether similarly situated persons exist[.]'" *Id.*, at *6-7 (bold emphasis added) (quoting *Bouaphakeo v. Tyson Foods, Inc.,* 564 F.Supp.2d 870, 891 (N.D. Iowa 2008) (quoting *Freeman v. Wal-Mart Stores, Inc.,* 256 F.Supp.2d 941, 944 (W.D. Ark. 2003)); *see also, e.g., Dolgin v. Monsanto Co.,* 2013 U.S. Dist. LEXIS 128768, *9 (E.D. Mo. Sept. 10, 2013) ("This initial step creates a lenient standard which typically results in conditional certification of a representative class.").

Further, and dispositive in this case, this District recognizes that "'***conditional certification in the first step requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan***.'" *Andersen*, 2012 U.S. Dist. LEXIS at *7 (emphasis added) (quoting *Robinson v. Tyson Foods, Inc.,* 254 F.R.D. 97, 99-100 (S.D. Iowa 2008) (quoting *Bouaphakeo,* 564 F.Supp.2d at 892)). Also "[t]he analysis for determining the issuance of opt-in notices to other potential plaintiffs under the FLSA is: whether the plaintiffs have established a colorable basis for their claim that a class of similarly situated plaintiffs exist." *Andersen*, *7-8 (citing *Ray v. Motel 6 Operating Ltd. P'Ship.*, 1996 U.S. Dist. LEXIS 22564, *5 (D. Minn. Mar. 18, 1996) (citing *Severtson v. Phillips Beverage Co.,* 141 F.R.D. 276, 279 (D. Minn. 1992)). "When determining initial class certification under the first step, 'the plaintiffs need merely provide some factual basis from which the court can determine if similarly

16

situated potential plaintiffs exist.'" *Id.*, at *8 (quoting *Bouaphakeo,* 564 F.Supp.2d at 892 (quoting *Salazar v. Agriprocessors, Inc.,* 2008 U.S. Dist. LEXIS 40363, *11 (N.D. Iowa Mar. 17, 2008)).

"Although the burden at the first step is more lenient, and does not require existing plaintiffs to show that members of the conditionally certified class are actually similarly situated, plaintiffs must present more than mere allegations; i.e., some evidence to support the allegations is required." *Andersen*, at *8 (quoting *Bouaphakeo,* 564 F.Supp.2d at 892 (internal quotation omitted)). "'Courts who have faced the question of whether movants established substantial allegations have considered factors such as whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread discriminatory plan was submitted.'" *Id.*, at *8-9 (quoting *Lopez v. Tyson Foods, Inc.,* 2008 U.S. Dist. LEXIS 78685, *16 (D. Neb. Aug. 7, 2008) (quoting *H&R Block, Ltd. v. Housden,* 186 F.R.D. 399, 400 (E.D. Tex. 1999)).

"The analysis 'does not require th[e] court to make any findings of fact with respect to contradictory evidence presented by the parties nor does th[e] court need to make any credibility determinations with respect to the evidence presented.'" *Andersen*, at *9 (edits in original) (quoting *West v. Border Foods, Inc.,* 2006 U.S. Dist. LEXIS 96963, at *10 (D. Minn. Jun. 12, 2006) (quoting *Severtson*, 141 F.R.D. at 278-79)); *see also, e.g., Davenport v. Charter Commun's., LLC,* 2014 U.S. Dist. LEXIS 40574, *10-11 (E.D. Mo. Mar. 27, 2014) ("the court does not reach the merits of the plaintiff's claims" and credibility is not decided at this early stage). "However, some identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency." *Id.*, at *9 (quoting *West*, 2006 U.S. Dist. LEXIS at *10 (quoting *Barron v. Henry Cnty. Sch. Sys.,* 242 F.Supp.2d 1096, 1103 (M.D. Ala. 2003)).

17

At the later second stage, "… the plaintiffs 'bear the burden to show that they are similarly situated with respect to their job requirements and pay provisions.'" *Andersen*, at * 9 (quoting *Bouaphakeo,* 564 F.Supp.2d at 892 (quoting *Kautsch v. Premier Commun's.,* 2008 U.S. Dist. LEXIS 7219, *3 (W.D. Mo. Jan. 31, 2008)). "Although the plaintiff's burden at this final stage is more strict than at the notice stage, the plaintiff need not show that opt in plaintiffs are 'identically situated.'" *Id.* (quoting *Bouaphakeo,* at 892 (quoting *Fast v. Applebee's Int'l., Inc.,* 243 F.R.D. 360, 363 (W.D. Mo. 2007)).

C.   **The goal of judicial economy weighs heavily in favor of certification and issuing notice to potential class members.**

The Court should further consider that the goal of judicial economy weighs heavily in favor of certification and issuing notice to potential class members. See e.g. *Hoffman-La Roche*, 493 U.S. at 170; *Salazar,* 2008 U.S. Dist. LEXIS at *11; *see also, e.g., Littlefield v. Dealer Warranty Servs., LLC*, 679 F.Supp.2d 1014, 1019 (E.D. Mo. 2010) ("…judicial economy is served by conditionally certifying a larger, more inclusive class, at this stage of the proceedings."). Collective actions benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact…" *Hoffman-La Roche*, at 170. Further, a collective action provides plaintiffs the opportunity to "lower individual costs to vindicate rights by the pooling of resources." *Id*. 4089251, at *15; *Luiken,* 2010 U.S. Dist. LEXIS 61020, at *7-9.

D.   **Plaintiffs Satisfy the Lenient First-Tier Analysis**

Plaintiffs here meet the recognized "lenient" standard for establishing that all Registered Nurses in the Job Classifications of 02020 and 82020 employed by Defendant at any time in the period from July 1, 2017 to the present are "similarly situated" for purposes of § 216(b)

18

notification. Plaintiffs allege that the pool of potential class members consists of all current and former Registered Nurses who, during any time in the relevant period, worked beyond their 40 hours in a week, but who were not paid time and one-half for the hours worked beyond 40 hours per week. Proposed class members are geographically dispersed throughout Iowa, and work, or have worked, at various State of Iowa facilities located in the State of Iowa.

The presently named Plaintiffs have presented:

(1)    Allegations in the Complaint of being similar situated and subjected to a single decision or policy of being classified as salaried professional employees and thereby the entire class of Registered Nurses not being entitled to receive FLSA overtime compensation; (Complaint, Document No. 1, Attachment 1, p. 5, paragraphs 21-28; p. 6, paragraph 32).

(2)    Ample evidence in the form of Defendant's companywide policies (See Pl. App. Ex. 2, Nurse classifications, p. 6, Nurse classifications; App. Ex. 3, Registered Nurse Job Description, p. 7-8).

(3)    State of Iowa administrative employees' deposition testimony as to the single decision of exempt status. (Pl. Ex. 12, p. 103-114; Pl. Ex. 13, p. 116-118).

(4)    Named Plaintiffs' Responses to written discovery wherein each Plaintiff, under oath, set out the statement of claim of the policy and determination by the State of Iowa to deny to the Plaintiffs, and the collective class, overtime pay under the FLSA. (Pl. App. Ex. 7, p. 26-27; Ex. 8, p. 42-43; Ex. 9, p. 69-60; Ex. 10, p. 76-77; Ex. p.  93-94).

(5)    Depositions of each of the Named Plaintiffs that substantiate the allegations that they, and Defendant's other Registered Nurses in these job classifications, were determined by the State of Iowa to be salaried, and not hourly as claimed by the Plaintiffs, of being classified as

19

professional exempt employees, and not non-professional non-exempt employees as asserted by the named Plaintiffs and not paid FLSA overtime for mandatory and other overtime but rather hour-for-hour pay for the hours in excess of 40 hours worked per week. (See Pl. App. Ex. 14, P. 125-127; Pl. App. Ex. 15, p. 134-138; Pl. App. Ex. 16, p. 142-146; Pl. App. Ex. 17, p. 153-157; Pl. App. Ex. 18, p. 161-165.

(6)     Furthermore, Plaintiffs have submitted substantial written responses and deposition testimony to discuss, in general, the merit arguments being addressed in this case.  (Ex. 7, 8, 9 10, 11, 14, 15, 16, 17 and 18, p. 17-100; 128-165).

In sum, these documents and testimony demonstrate that the Defendants claim and assert that the Registered Nurses in the Job Classifications of 02020 and 82020 are all salaried professional employees who, when working overtime hours, whether those overtime hours are voluntary of mandatory, are not entitled to receive FLSA overtime pay but only hour-for -hour pay or time and one-half overtime pay, all only at the discretion of the Defendants. By setting forth this evidence, Plaintiffs have shown the common decision policy or plan through Defendant's admitted company-wide requirement that the Registered Nurses in these job classifications are not by FLSA law to get paid FLSA overtime pay and that Defendants claim that it is not required by the FLSA to pay any of these RNs FLSA overtime pay, except at the discretion of the Defendants during the current pandemic disaster or otherwise. This conditional collective action certification should be ordered at this time.

## VI.    CONSENT FORMS AND DISCOVERY

Plaintiffs request that this Court approve the notice and consent forms attached hereto as Pl. App. #19 and #20 to be sent to all similarly situated employees. The notice should be approved because it is fair and accurate and will promote judicial efficiency in the processing of this action.

In furtherance of the notice, Plaintiffs state the Defendant have produced in discovery a list of collective class members in job classifications 02020 and 82020, DEFS 358 (excel spreadsheet). Plaintiffs request that this Court order Defendants to produce an updated list of the names, last known addresses, email addresses, phone numbers, and other contact information, of all putative collective class members to facilitate notice to potential plaintiffs in this pending litigation, along with their dates of employment and the location and number of the institutions where they have been assigned  to work or did work so that Plaintiffs' counsel can avoid filing duplicate notices and double-check the applicability of each claim.

Further, Plaintiff requests that the Court order a ninety (90) day equitable tolling period (after the mailing of the court-authorized notice) for those persons receiving notice to opt-in to the case.

## V.    CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court: 1) conditionally certify Plaintiffs' FLSA claims to proceed as a collective action; 2) order Defendants to update identification of all Registered Nurses they have employed in Job Classifications 02020 and 82020 at any time since July 1, 2017 through and including the present; 3) order Defendants to provide this information to Plaintiff's attorneys within fourteen (14) days; 4) direct the issuance of Plaintiffs' proposed notice and consent form to all such persons; and (5) order a ninety (90) day

21

equitable tolling period (after the mailing of the court-authorized notice) for those persons receiving notice to opt-in to the case.

/s/ Bruce H. Stoltze
Bruce H. Stoltze
   Lead Attorney
Bruce H. Stoltze, Jr.
John Q. Stoltze
Stoltze & Stoltze, PLC
300 Walnut Street, Suite 260
Des Moines, Iowa  50309
Telephone:      515-244-1473
Fax:              515-244-3930
Email:  bruce.stoltze@stoltzelaw.com
Email:  bj.stoltze@stoltzelaw.com
Email:  john.stoltze@stoltzelaw.com
Attorneys for Plaintiffs

Christopher A. Kragnes, Sr.
Kaitlyn DiMaria
Kragnes & Associates, P.C.
418 6th Ave., Suite 200
Des Moines, Iowa  50309
Telephone:  515-282-9200
Facsimile:  515-282-9205
E-mail: chris@ktkpc.com
E-mail: kate@ktkpc.com
Attorneys for Plaintiffs

**Certificate of Service:**

I hereby certify that on the 4th day of September, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Molly M. Weber                                     molly.weber@ag.iowa.gov
Ryan Sheahan                                       ryan.sheahan@ag.iowa.gov
Assistant Attorney General
Iowa Department of Justice
Hoover State Office Building
1305 E. Walnut Street
Des Moines, Iowa  50319
Attorneys for Defendants


/s/ Bruce H. Stoltze
Bruce H. Stoltze
*Lead Attorney of Record for Plaintiffs*