IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| SUSAN ROWE, CHRISTINE M. KLEIBER, TAMMY D. BURDEN, JULIE A. SCHROPP, and STACEY L. GOOD,<br>　　　　Plaintiffs,<br><br>vs.<br><br>KIMBERLY KAY REYNOLDS, in her official capacity as Governor State of Iowa, JAMES M. KURTENBACH, in his official capacity with Iowa Department of Administrative Services, and the STATE OF IOWA,<br>　　　　Defendants. | No. 4:19-cv-00256-JAJ<br><br>**ORDER** |

　　This matter comes before the Court pursuant to Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice filed on September 4, 2020, asking the Court for conditional certification of a collective action on their behalf and a group of similarly situated individuals pursuant to 29 U.S.C. § 216(b). [Dkt. No. 31] On October 5, 2020, Defendants filed a resistance to Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice. [Dkt. No. 37] Plaintiffs replied on November 4, 2020. [Dkt. No. 47] For the reasons that follow, Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice is **GRANTED**.

　　Plaintiffs also filed a Motion to Delay Rule 23 Class Certification Under the Iowa Wage Payment Collection Act. [Dkt. No. 30] Defendants filed a resistance to this motion on October 5, 2020. [Dkt. No. 38] Plaintiffs replied on November 4, 2020. [Dkt. No. 48] For the reasons that follow, Plaintiffs' Motion to Delay Rule 23 Class Certification Under the Iowa Wage Payment Collection Act is **DENIED**.

## I.　Background

　　Plaintiffs Susan Rowe, Christine, Kleiber, Tammy Burden, Julie Schropp, and Stacey Good are registered nurses ("RNs") employed by the State of Iowa, providing care and assistance to patients or residents at state facilities. Plaintiffs work at either the Woodward Resource Center, the Iowa Medical and Classification Center, or the Iowa State Penitentiary. Plaintiffs are classified as

"02020" and "82020" employees. Plaintiffs seek conditional class certification of the following class: All current and former Registered Nurses of the State of Iowa in Job Classifications 02020 and 82020, at any time during the period July 1, 2017 to present.

## II. Motion for Conditional Certification and Court-Authorized Notice

Plaintiffs seek conditional certification of their Fair Labor Standards Act ("FLSA") claim as a collective action pursuant to 29 U.S.C. § 216(b). [Dkt. Nos. 31, 34]. Plaintiffs request that the Court authorize the proposed notice to all potential collective action members. Plaintiffs also seek an order requiring defendants to update identification information on all registered nurses employed in Job Classifications 02020 and 82020 at any time between July 1, 2017 and the present, including the last known addresses, email addresses, phone numbers, and other contact information of all putative class members. Plaintiffs further request Defendants be ordered to provide the dates of employment for members of the putative class and the location and number of institutions where they have been assigned to work to avoid duplicate notices to putative class members. Additionally, Plaintiffs seek an order requiring Defendants to provide this information within 14 days, direct issuance of Plaintiffs' proposed notice and consent form to all persons meeting the proposed class criteria, and an order tolling the statute of limitations for persons receiving the opt-in notice for 90 days. [Dkt. No. 34 at 21–22]

Defendants resist, arguing that Plaintiffs have failed to establish that they are similarly situated and that other similarly situated individuals desire to opt in to the class. If the Court certifies the class, Defendants also argue that the Court should: 1) revise the proposed class time period; 2) order Plaintiffs to amend their proposed notice; 3) and deny Plaintiffs request for the email addresses, telephone numbers, and location and number of institutions of the members of the putative class. For the reasons stated below, the Court holds that the Motion for Conditional Class Certification and Court-Authorized Notice is **GRANTED**. Further, the Court adopts Plaintiffs' proposed class definition and proposed notification subject to the amendments referenced below.

### A. Conditional Certification and Notice: Legal Standard

Section 7 of the FLSA requires that an employer compensate non-exempt employees at least one- and one-half times their individual hourly wage when they are subjected to a workweek in excess of 40 hours. 29 U.S.C. § 207. Employers who violate this restriction are liable to affected employees for the amount of their unpaid overtime compensation and "an additional equal amount

as liquidated damages." *Id*. § 216(b). "Similarly situated" employees may proceed collectively to recover damages for violations of the FLSA's overtime and record-keeping provisions:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*Id*. The FLSA does not expressly define "similarly situated," and the Eighth Circuit has not yet addressed the issue. *See Putman v. Galaxy 1 Marketing, Inc.*, 276 F.R.D. 264, 268–69 (S.D. Iowa 2011). This Court, and others within the Eighth Circuit, have applied the "two-step" approach. *Id*. at 269 (citing *Dietrich v. Liberty Square, L.L.C.*, 230 F.R.D. 574, 576–77 (N.D. Iowa 2005); *Littlefield v. Dealer Warranty Servs.*, L.L.C., 679 F. Supp. 2d 1014, 1016 (E.D. Mo. 2010) (citing to federal courts that have followed and adopted the two-step approach); *In re Pilgrim's Pride*, No. 1:07–cv–1832, 2008 WL 4877239, at *2 (W.D. Ark. Mar. 13, 2008) (same); *Davis v. NovaStar Mortg, Inc.*, 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005) (same); *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1163–64 (D. Minn. 2007) (same)).

In *Robinson v. Tyson Foods, Inc.*, this Court explained the two-step standard for determining whether plaintiffs are similarly situated for purposes of § 216(b). 254 F.R.D. 97 (S.D. Iowa 2008). In *Robinson*, the Court quoted from the § 216(b) analysis presented in *Dietrich v. Liberty Square, L.L.C.*:

> "A two-tiered analysis distinguishes between conditional class certification, generally made at the 'notice stage,' and a final class certification determination made after discovery is largely completed." *Campbell v. Amana Company, L.P.*, 2001 WL 34152094, at *2 (N.D. Iowa 2001) (citing *Thiessen v. General Electric Capital Corp.*, 996 F.Supp. 1071, 1080 (D.Kan. 1998)). Because the initial stage of conditional certification is "based on little or no discovery, the 'burden on plaintiffs is not a stringent one.'" *Id*. (quoting *Hoffmann v. Sbarro, Inc.*, 982 F.Supp. 249, 261 (S.D.N.Y. 1997)). Accordingly, "conditional certification of a representative class is generally granted." *Id*. (citing *Thiessen*, 996 F.Supp. at 1080). To establish that conditional certification is appropriate, the plaintiffs "need merely provide 'some factual basis from which the court can determine if similarly situated potential plaintiffs exist.'" *Id*. (quoting *Jackson v. New York Tel. Co.*, 163

>   > F.R.D. 429, 431 (S.D.N.Y. 1995)). "Courts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs were victims of a common policy or plan that violated the law." *Id*. ((citing *Hoffmann*, 982 F.Supp. at 261); *accord Jackson*, 163 F.R.D. at 432). "The more stringent factual inquiry as to whether the plaintiffs are 'similarly situated' is made only after a more substantial record has been amassed." *Id*.

*Dietrich*, 230 F.R.D. at 576–77 (alterations added).

In *Bouaphakeo v. Tyson Foods, Inc.*, the court further explained that although the burden at the first step is more lenient and does not require existing plaintiffs to show other members of the potential class are actually similarly situated, "'plaintiffs must present more than mere allegations; i.e., some evidence to support the allegations is required.'" 564 F. Supp. 2d 870, 893 (2008) (quoting *Young v. Cerner Corp.*, 503 F. Supp. 2d 1226, 1229 (W.D. Mo. 2007)). The court continued:

> The supporting evidence should include "evidence that other similarly situated individuals desire to opt in to the litigation" because "'[o]thers' interest in joining the litigation is relevant to whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants." *Parker v. Rowland Express, Inc.*, 492 F.Supp.2d 1159, 1164–65 (D. Minn. 2007) (quoting *Simmons v. T–Mobile USA, Inc.*, No. H–06–1820, 2007 WL 210008, at *9 (S.D. Tex. Jan. 24, 2007)). In addition to "whether potential plaintiffs have been identified," district courts outside of the Eighth Circuit have evaluated several other factors at this stage to determine the propriety of conditional certification, including "whether affidavits of potential plaintiffs have been submitted, whether there is evidence of a widespread discriminatory plan, and whether, as a matter of sound management, a manageable class action exists." *Jimenez v. Lakeside Pic–N–Pac, L.L.C.*, 2007 WL 4454295, at *2 (W.D. Mich. Dec. 14, 2007) (citing *Olivo v. GMAC Mortg. Corp.*, 374 F.Supp.2d 545, 548 (E.D. Mich. 2004)). In sum, "[c]onditional certification in the first step 'requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan.'" *Young*, 503 F.Supp.2d at 1229 (quoting *Davis v. NovaStar Mortg., Inc.*, 408 F.Supp.2d 811, 815 (W.D.Mo. 2005)).

*Id*. at 894. The two-step approach thus allows plaintiffs to move for conditional certification early in the litigation, but also allows defendants to move for decertification at the close of discovery. *Davis*, 408 F. Supp. 2d at 815. Regarding the second step, the court explained, "The stricter post-

discovery standard requires plaintiffs to convince the court that the factual record reveals putative plaintiffs are still similarly situated to existing plaintiffs." *Bouaphakeo*, 564 F. Supp. 2d at 893 (internal citations and quotation marks omitted).

Class members must be similarly situated because without such commonality, the litigation is unlikely to answer the question posed by the plaintiffs. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–52 (2011) ("Here respondents wish to sue about literally millions of employment decisions at once. Without some glue holding the alleged reasons for all those decisions together, it will be impossible to say that examination of all the class members' claims for relief will produce a common answer to the crucial question . . . .").

### B. Conditional Certification and Notice: Analysis and Conclusions

This case is at the first step of the FLSA class certification process. Plaintiffs have satisfied their burden of making a modest factual showing that they and other similarly situated individuals were arguably harmed by a common plan that violated the law. Plaintiffs have presented evidence in the form of their sworn written interrogatories, their sworn depositions, and the sworn depositions of Iowa administrative employees regarding Iowa's exempt-employee policy. These documents demonstrate that Plaintiffs believe they, and other members of the proposed class, were treated the same with regard to Defendants' overtime-payment policy. In their interrogatories, Plaintiffs describe a pay structure that appears to have been uniformly applied to all RNs in Job Classifications 82020 and 02020. Pls.' App. in Supp. of Pls.' Mot. to Conditionally Certify Collective Class Under FLSA (Pls.' App.) 26–27, 42–43, 59–60, 76–77, 93–94. Plaintiffs' depositions describe a similar pay structure. Pls.' App. 125–27, 136–38, 143–46, 153–57, 161–65. The depositions of Iowa administrative employees, Janet Phipps and Jeffrey Ainger, indicate RNs in Job Classifications 82020 and 02020 are uniformly treated as exempt employees for FLSA purposes. Pls.' App. 104–05, 111–12, 111–18.

Plaintiffs indicate there are four groups of similarly situated persons comprising the putative class—current RNs classified as 82020 employees, former RNs classified as 82020 employees, current RNs classified as 02020 employees, and former RNs classified as 02020 employees. While Plaintiffs do not explicitly name other individuals who wish to join this lawsuit, it is clear these individuals exist. The State of Iowa has been employing RNs for the period described in the class. Plaintiffs describe a pay structure all RNs employed in the 82020 and 02020 positions worked under during the class period. Therefore, potential class members exist. The bar for conditional

class certification is low. Plaintiffs satisfy the standard through their interrogatories and depositions alleging a widespread discriminatory plan and four groups of putative class members. *See Young v. Cerner Corp.*, 503 F. Supp. 2d 1226, 1229 (W.D. Mo. 2007) (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996); *Freeman v. Wal-Mart Stores, Inc.*, 256 F.Supp.2d 941, 944 (W.D. Ark. 2003). The Court holds that the proposed FLSA class is conditionally certified.

Notice to the class must be "timely, accurate, and informative." *Hoffmann-LaRoche Inc. v. Sperling*, 493 U.S. 165, 172 (1989). If a class is conditionally certified, "the Court has discretion to facilitate the opt-in process and authorize court-supervised notice to potential opt-in plaintiffs. *Frazier v. PJ Iowa, L.C.*, 337 F. Supp. 3d 848, 861–62 (S.D. Iowa 2018) (citing *Sperling*, 493 U.S. at 169). Likewise, the Court has discretion regarding the details of the notice and will consider reasonable revisions. *Myers et al. v. Iowa Board of Regents*, 458 F. Supp. 3d 1075, 1088 (S.D. Iowa 2020).

Defendants raise several objections to Plaintiffs' proposed notice. The Court approves some, but not all, of Defendants' proposed changes. Defendants' amendments to the introductory paragraph are adopted in part. First, Plaintiffs shall amend the introductory paragraph to include say, "If you are or were a Registered Nurse employed by The State of Iowa in Job Classifications 02020 or 82020 at any time between July 6, 2017 and the present, please read this notice. A collective action lawsuit may affect your rights." Second, Plaintiffs shall add the following paragraph, in bold font, after the line referencing that the notice is not a solicitation letter:

> This notice is for the sole purpose of determining the identity of those persons who wish to be involved in this case. Although the United States District Court for the Southern District of Iowa has authorized sending this notice, the court has not considered or made any decisions as to the merits of Plaintiffs' claims or Defendants' defenses and expresses no opinion on the merits of the lawsuit.

The Court also adopts all of Defendants' proposed changes to the second bullet point on page one of the notice because it more accurately reflects Defendants' position in this case. On page one of the notice in bullet point three, the date shall be changed to July 6, 2017. On page two of the notice, in section one entitled "Why did I get this notice?," the Court approves the addition of Defendants' proposed language at the end of the first sentence. The Court adopts all of Defendants' suggestions to section five entitled "What is Defendant's position?" because it is a more accurate description of the proposed class and Defendants' position.

The Court adopts all of Defendant's proposed changes to section eight entitled "Can I join this lawsuit?" Finally, the Court adopts all of Defendants' proposed amendments to section eleven entitled "How do I ask to be included in the case?" Beyond those corrections, the Court holds that Plaintiffs' proposed notice is appropriate.

Defendants also object to Plaintiffs request for the email addresses, telephone numbers, and other contact information of putative class members. Defendants argue Plaintiffs request for the location and number of institutions where members of the putative class have been assigned or worked is unnecessary to facilitate notice to the putative class. Plaintiffs have failed to explain why notice by first-class mail is insufficient in this case. *See id.* at 1089. Notice shall be made by first-class mail. *See id.* If there have been any changes to the last list of names and addresses that Defendants provided to Plaintiffs, the Court orders Defendants to produce an updated list of potential class members with names and addresses but denies Plaintiffs request for a list of the email addresses, telephone numbers, and other contact information for members of the putative class. The Court also denies Plaintiffs request for the location and number of institutions where members of the putative class have worked because it is unnecessary to ensure notice to the putative class.

**C. Statute of Limitations and Notice Timing: Legal Standard, Analysis, and Conclusions**

FLSA violations are subject to a three-year statute of limitations if the violation is willful, or a two-year statute of limitations if the violation is not willful. 29 U.S.C. § 255(a). The claim of a named plaintiff in a class action is considered filed on the date the complaint is filed and the plaintiff files a written consent to join the class action. 29 U.S.C. § 256(a). If a party's name does not appear on the complaint, the action commences on the day the party files written consent to join the action. *Id.* § 256(b).

The parties appear to have adopted the three-year period. *See* Dkt. No. 34 (using three-year statute of limitations); Dkt. No. 37-1 (not objecting to three-year class period apart from the beginning class date). Plaintiffs have also alleged class action status under the Iowa Wage Payment Collection Act ("IWPCA"). Plaintiffs contend these allegations toll the statute of limitations under the Act and request the Court to equitably toll the statute of limitations with regard to the FLSA claims. Plaintiffs allege the class period should commence on July 1, 2017. Defendants recognize it would be appropriate to toll the statute of limitations; however, they argue the Court should toll the statute of limitations from the original deadline for Plaintiffs' Motion for Class and/or

The Court adopts all of Defendant's proposed changes to section eight entitled "Can I join this lawsuit?" Finally, the Court adopts all of Defendants' proposed amendments to section eleven entitled "How do I ask to be included in the case?" Beyond those corrections, the Court holds that Plaintiffs' proposed notice is appropriate.

Defendants also object to Plaintiffs request for the email addresses, telephone numbers, and other contact information of putative class members. Defendants argue Plaintiffs request for the location and number of institutions where members of the putative class have been assigned or worked is unnecessary to facilitate notice to the putative class. Plaintiffs have failed to explain why notice by first-class mail is insufficient in this case. *See id.* at 1089. Notice shall be made by first-class mail. *See id.* If there have been any changes to the last list of names and addresses that Defendants provided to Plaintiffs, the Court orders Defendants to produce an updated list of potential class members with names and addresses but denies Plaintiffs request for a list of the email addresses, telephone numbers, and other contact information for members of the putative class. The Court also denies Plaintiffs request for the location and number of institutions where members of the putative class have worked because it is unnecessary to ensure notice to the putative class.

**C. Statute of Limitations and Notice Timing: Legal Standard, Analysis, and Conclusions**

FLSA violations are subject to a three-year statute of limitations if the violation is willful, or a two-year statute of limitations if the violation is not willful. 29 U.S.C. § 255(a). The claim of a named plaintiff in a class action is considered filed on the date the complaint is filed and the plaintiff files a written consent to join the class action. 29 U.S.C. § 256(a). If a party's name does not appear on the complaint, the action commences on the day the party files written consent to join the action. *Id.* § 256(b).

The parties appear to have adopted the three-year period. *See* Dkt. No. 34 (using three-year statute of limitations); Dkt. No. 37-1 (not objecting to three-year class period apart from the beginning class date). Plaintiffs have also alleged class action status under the Iowa Wage Payment Collection Act ("IWPCA"). Plaintiffs contend these allegations toll the statute of limitations under the Act and request the Court to equitably toll the statute of limitations with regard to the FLSA claims. Plaintiffs allege the class period should commence on July 1, 2017. Defendants recognize it would be appropriate to toll the statute of limitations; however, they argue the Court should toll the statute of limitations from the original deadline for Plaintiffs' Motion for Class and/or

Collective Certification, July 6, 2020. Meaning, the class period would begin on July 6, 2017, rather than July 1, 2017 as proposed by Plaintiffs.

Beginning the class period on July 1, 2017 goes beyond the three-year statute of limitations. *See* 29 U.S.C. § 255(a). The Court will equitably toll the statute of limitations three years back from the deadline for Plaintiffs' original Motion for Class and/or Collective Certification, July 6, 2020, and restrict the time period for the class based on this date. *See Myers*, 458 F. Supp. 3d at 1086. Therefore, the time period for the class shall be July 6, 2017 to the present.

Additionally, Plaintiffs request the Court set an opt-in period of 90 days beginning after court-authorized notice is mailed. Defendants do not object to adopting a 90-day period; however, Defendants propose the 90-day period be 90 days from the date the Consent to Join form is *filed* with the Court, rather than *postmarked* as proposed by Plaintiffs. The Court adopts a 90-day opt-in period, with all Consent Forms to be filed with the Court within 90 days from the mailing of the notice.

### III.   Motion to Delay: Analysis and Conclusions

Plaintiffs seek to delay a Rule 23 class certification of their IWPCA claims. [Dkt. No. 30] They argue a delay in certification will result in judicial economy and savings of time. [Dkt. No. 30 at 3] Defendants resist, arguing Plaintiffs motion is in conflict with Federal Rules of Civil Procedure 16 and 23 and Local Rules 16 and 23. [Dkt. No. 38 at 2] Defendants also contend Plaintiffs' motion should be denied based on conflict preemption. [Dkt. No. 38 at 4] For the reasons stated below, the Court holds that Plaintiffs' Motion to Delay is **DENIED**.

#### A.  Legal Standard

Federal Rule of Civil Procedure 23 provides that a court must determine whether to certify a class at an early, practicable time after a party has filed a class action suit. Fed. R. Civ. P. 23(c)(1)(A). This Court's Local Rule 23(a) provides that a party seeking to maintain a class or representative action must file a motion for class certification within 180 days after commencement of the action. Iowa S.D. R. 23(a). Federal Rule of Civil Procedure 16 requires a court to issue a scheduling order in most cases, and that the scheduling order can only be modified for good cause. Fed. R. Civ. P. 16(b)(1), (4).

#### B.  Analysis and Conclusions

Here, the Court's scheduling order required Plaintiffs to submit their motion for class certification by July 6, 2020. [Dkt. No. 13] By agreement of the parties, this deadline was extended

to September 4, 2020. [Dkt. No. 29] On September 4, 2020, Plaintiffs filed a motion to delay class certification under Rule 23 for their IWPCA claims and a motion to conditionally certify the class under the FLSA. The Plaintiffs have failed to establish good cause to delay class certification under the IWPCA.

### IV.     Conclusion

Plaintiffs, individually and on behalf of the others similarly situated, have met the FLSA requirements to certify the proposed collective action and provide notice.

Upon the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion to Conditionally Certify Collective Class Under FLSA is granted subject to the conditions noted above.

**IT IS FURTHER ORDERED** that Defendants shall produce an updated list of names and addresses for all current and former employees of the State of Iowa who meet the definition of the conditionally certified class. Defendants shall do so within 14 days of the issuance of this order.

**IT IS FURTHER ORDERED** that notice be issued to all current and former State of Iowa employees who meet the definition of the class defined above by first class mail.

**IT IS FURTHER ORDERED** that notices be issued to all potential class members who have not responded to opt-in to this matter within 90 days of the first issuance of the notice.

**FINALLY, IT IS FURTHER ORDERED** that Plaintiffs' Motion to Delay Rule 23 Class Certification Under Iowa Wage Payment Collection Act is denied. Plaintiffs shall file their motion for class certification under the Iowa Wage Payment Collection Act within 30 days of the issuance of this order. No extensions will be granted.

**DATED** this 9th day of November, 2020.

JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA