# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| SUSAN L. ROWE, CHRISTINE M. KLEIBER, TAMMY D. BURDEN, JULIE A. SCHROPP, STACEY L. GOOD, individually and on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>KIMBERLY KAY REYNOLDS, in her official capacity as Governor State of Iowa, JAMES M. KURTENBACH, in his official capacity with Iowa Department of Administrative Services; and the STATE OF IOWA,<br><br>    Defendants. | Case No. 4:19-CV-00256-JAJ-SBJ<br><br><br>**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................................... 1
ARGUMENT ............................................................................................................................ 2
    I.   Plaintiffs' state wage payment collection claims (Count II) fail as a matter of law since they are preempted by the FLSA. ........................................................................ 2
CONCLUSION ......................................................................................................................... 4

## INTRODUCTION

Plaintiffs allege that they are entitled to overtime under the Fair Labor Standards Act ("FLSA") and that Defendants have failed to pay them the overtime that they are owed. Their Complaint asserts two claims: Count I alleges a violation of the overtime requirements of the FLSA and Count II alleges a violation of the Iowa Wage Payment Collection Law for failing to pay that federally required overtime. Because an FLSA claim may not be brought as an "opt-out" class

action, Plaintiffs successfully sought conditional certification of an "opt-in" collective action for that claim. And now they seek certification of an "opt-out" class action under Federal Rule of Civil Procedure 23 for their state wage claim based on the same underlying alleged FLSA overtime violation. This cannot be.

As recognized by this Court twice before on similar facts, Plaintiffs' state wage claim is preempted by the FLSA. *See Epstein v. Des Moines Register & Trib. Co.*, No. 4:15-CV-0453-JAJ, 2016 WL 11498184, at *4 (S.D. Iowa Feb. 3, 2016); *Zanders v. Wells Fargo Bank, N.A.*, 55 F. Supp. 3d 1163, 1176 (S.D. Iowa 2014). Their state wage claim is duplicative of their FLSA claim because it merely seeks to vindicate substantive overtime rights under the FLSA rather than any identical or greater overtime rights under Iowa law. And the availability of an "opt-out" class action for the same substantive claim is in direct conflict with the FLSA's requirement of "opt-in" collective action procedures. Plaintiffs' state wage claims thus fail as a matter of law.

Therefore, instead of granting Plaintiffs' motion to certify a class action for their state wage claims, the Court should grant summary judgment for Defendants on those claims. Count II of Plaintiff's Complaint alleging a violation of the Iowa Wage Payment Collection Law must be dismissed as a matter of law.

**ARGUMENT**

**I. Plaintiffs' state wage payment collection claims (Count II) fail as a matter of law since they are preempted by the FLSA.**

Under the Supremacy Clause of the U.S. Constitution, "the Laws of the United States . . . shall be the supreme Law of the Land." U.S. Const. art. VI, cl. 2. Federal law thus preempts state law when, among other times, federal law "actually conflicts" with state law. *Geier v. Am. Honda Motor Co.*, 529 U.S. 861, 874 (2000).

Many courts, including this Court twice in recent years, have concluded that duplicative state-law claims seeking to enforce FLSA substantive rights actually conflict with the FLSA and are thus preempted. *See Epstein v. Des Moines Register & Trib. Co.*, No. 4:15-CV-0453-JAJ, 2016 WL 11498184, at *4 (S.D. Iowa Feb. 3, 2016); *Zanders v. Wells Fargo Bank, N.A.*, 55 F. Supp. 3d 1163, 1176 (S.D. Iowa 2014); *see also Anderson v. Sara Lee Corp*, 508 F.3d 181, 194 (4th Cir. 2007) (holding that FLSA preempted duplicative state law claims). *But see Bouaphakeo v. Tyson Foods, Inc.,* 564 F. Supp. 2d 870, 885 (N.D. Iowa 2008) (declining to follow "the plethora of cases holding that the FLSA preempts duplicative state law claims).

The conflict arises because unlike state law claims, claims under the FLSA cannot be brought in an "opt-out" class action under Federal Rule of Civil Procedure 23; they may only be brought in an "opt-in" collective action. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); *Schmidt v. Fuller Brush Co.*, 527 F.2d 532, 536 (8th Cir. 1975). "There is no doubt that the opt-in/opt-out distinction represents a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by the FLSA." *Epstein*, 2016 WL 11498184, at *3 (cleaned up).

This Court has recognized that the limitation on "opt-out" class actions under the FLSA "clearly seeks a balance between protecting employees and shielding employers from excessive liability." *Zanders*, 55 F. Supp. 3d at 1174. And this Court has rightly concluded that "[i]t would undermine this balance to allow Plaintiffs to assert their FLSA claim on behalf of similarly situated employees while using a duplicative state wage-collection law to bootstrap in the more generous procedure of Rule 23." *Id.*

Plaintiffs' state wage claim in Count II—just like the preempted claims in *Epstein* and *Zanders*—are duplicative of their FLSA overtime claim in Count I. Plaintiffs bring their Count II claim under the Iowa Wage Payment Collection Law, chapter 91A of the Iowa Code. (MSJ APP. 12-13, ¶¶ 54-64). The only alleged violation in Count II is that Defendants failed to pay Plaintiffs for overtime. (MSJ APP. 12, ¶ 58). But chapter 91A does not establish a right to overtime. *See* Iowa Code ch. 91A. It merely establishes an obligation that employers "shall pay all wages due its employees, less lawful deductions." Iowa Code § 91A.3(1). And any claim for unpaid overtime derives from substantive federal law and is entirely duplicative of a claim directly under the FLSA. *See Epstein,* 2016 WL 11498184, at *4 ("Plaintiff has not asserted any legal theory entitling him to wages under the IWPCL other than a violation of the overtime provisions of the FLSA and claims that are directly covered by the FLSA (such as overtime and retaliation disputes) must be brought under the FLSA." (cleaned up)).

Because Plaintiffs' state wage claims in Count II are duplicative of their FLSA claims in Count I and they actually conflict with the FLSA because of their potential class certification, they are preempted by the FLSA. *See Epstein*, 2016 WL 11498184, at *5; *Zanders*, 55 F. Supp. 3d at 1175. They thus fail as a matter of law. There is no material factual dispute. And the Court must grant Defendants partial summary judgment by dismissing Count II. *Cf. Platt v. Jack Cooper Transp., Co., Inc.*, 959 F.2d 91, 94-96 (8th Cir. 1992) (affirming grant of summary judgment dismissing state law claims that were preempted by federal law).

## CONCLUSION

For these reasons, summary judgment must be granted on Count II of Plaintiffs' Complaint alleging a violation of the Iowa Wage Payment Collection Law under chapter 91A of the Iowa Code.

Respectfully submitted,

THOMAS J. MILLER
Attorney General of Iowa

/s/ *Molly M. Weber*
MOLLY M. WEBER (AT0008313)
/s/ *Ryan Sheahan*
RYAN SHEAHAN (AT0014279)
/s/ *Samuel P. Langholz*
SAMUEL P. LANGHOLZ
Assistant Attorneys General
Hoover State Office Building
Des Moines, IA 50319
(515) 281-5309
molly.weber@ag.iowa.gov
ryan.sheahan@ag.iowa.gov
sam.langholz@ag.iowa.gov
ATTORNEYS FOR DEFENDANTS

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on January 28, 2021:

☐ U.S. Mail ☐ FAX
☐ Hand Delivery ☐ Overnight Courier
☐ Federal Express ☐ Email
☒ PACER

Signature: */s/ Audra Drish*