# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| SUSAN L. ROWE, CHRISTINE M. KLEIBER, TAMMY D. BURDEN, JULIE A. SCHROPP, STACEY L. GOOD, individually and on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>KIMBERLY KAY REYNOLDS, in her official capacity as Governor State of Iowa, JAMES M. KURTENBACH, in his official capacity with Iowa Department of Administrative Services; and the STATE OF IOWA,<br><br>    Defendants. | Case No. 4:19-CV-00256-JAJ-SBJ<br><br><br>**DEFENDANTS' MEMORANDUM IN RESISTANCE TO PLAINTIFFS' MOTION TO CERTIFY 91A CLASS** |

## TABLE OF CONTENTS

I.   STATEMENT OF THE ISSUE ................................................................................................ 3

II.  FACTUAL BACKGROUND .................................................................................................. 4

III. APPLICABLE LAW ............................................................................................................... 4

    A.   Iowa Code Chapter 91A ................................................................................................ 4

    B.   Standards for Rule 23 Class Certification ..................................................................... 4

IV.  ARGUMENT .......................................................................................................................... 6

    A.   Because the Court Should Grant Defendants' Motion for Partial Summary Judgment on Count II, the Issue of Class Certification is Moot ............................. 6

    B.   In the Alternative, the Court Should Deny Class Certification Because Rule 23(b)(3)'s Predominance and Superiority Requirements are Not Met ................... 7

        1. Relevant Facts and the Parties' Arguments ......................................................... 8

        2. Application of Rule 23 ....................................................................................... 13

    C.   If the Court Certifies the Class, it Should Revise the Proposed Notice ................. 15

V.   CONCLUSION ..................................................................................................................... 18

# **TABLE OF AUTHORITIES**

## *Cases*

*Amgen Inc. v. Conn. Ret. Plans & Trust Funds*,
   568 U.S. 455 (2013) .................................................................................................. 6

*Blades v. Monsanto Co.*,
   400 F.3d 562 (8th Cir. 2005) ................................................................................... 14

*Comcast Corp. v. Behrend*,
   569 U.S. 27 (2013) ............................................................................................ Passim

*Cowen v. Bank United of Texas, FSB*,
   70 F.3d 937 (7th Cir. 1995) ...................................................................................... 7

*Frazier v. PJ Iowa, L.C.*,
   337 F. Supp. 3d 848 (S.D. Iowa 2018) .................................................................. 13

*Gordon v. Kaleida Health*,
   299 F.R.D. 380 (W.D.N.Y. 2014) ........................................................................... 13

*Guy v. Ford Storage & Moving Co.*,
   2019 WL 4804644 (S.D. Iowa 2019) ................................................................ 6, 14

*Myers v. Hertz Corp.*,
   2007 WL 2126264 (E.D.N.Y. 2007) ......................................................... 13, 14, 15

*Ruggles v. WellPoint, Inc.*,
   272 F.R.D. 320 (N.D.N.Y. 2011) ........................................................................... 15

*Tumminello v. United States*,
   14 Cl. Ct. 693 (1988) .............................................................................................. 15

## *Statutes*

29 U.S.C. §§ 201 *et seq.* ..................................................................................................... 3
29 U.S.C. § 213(a)(1) ........................................................................................................ 10
Iowa Code §§ 91A.1 *et seq.* ........................................................................................... 3, 4
Iowa Code §§ 91A.3, 91A.3(1), 91A.8 ........................................................................... 4, 6

## *Regulations*

29 C.F.R. §§ 541.300, 541.301, 541.301(a), (b)-(d), (e)(2), 541.700, 541.702, 541.703 ....... 10, 11
29 C.F.R. §§ 541.600, 541.602, 541.604, 541.710 ................................................................ 10

I.      **STATEMENT OF THE ISSUE**

Plaintiffs filed their Class Action Complaint as a collective and/or class action, alleging violations of the Fair Labor Standards Act (FLSA) (Count I), 29 U.S.C. §§ 201 *et seq.*, and the Iowa Wage Payment Collection Law (IWPCL or IWPCA, Iowa Wage Payment Collection Act) (Count II), Iowa Code §§ 91A.1 *et seq.* Compl. ¶¶ 7, 44-64.[1]  Defendants removed the case to this Court.

Following briefing on Plaintiffs' Motion to Conditionally Certify Collective Class Under FLSA, this Court granted conditional collective certification on Count I. Plaintiffs then filed a Motion to Certify 91A Class. In the present motion, Plaintiffs seek Federal Rule of Civil Procedure 23 class action certification as to their alleged claim of a violation of the IWPCA.

The issue before the Court is whether or not to grant Rule 23 certification of the proposed class on Count II. Defendants respectfully request that the Court consider Plaintiffs' Motion to Certify 91A Class together with Defendants' Motion for Partial Summary Judgment arguing that the claim for which Plaintiffs seek class certification must be dismissed because it is preempted by the FLSA [Dkt. No. 58]. If the Court grants the summary judgment motion, this certification motion must be denied as moot. Alternatively, it should be denied for failure to meet all of the requirements of Rule 23.

---

[1] Defendants are unclear as to Plaintiffs' citation to 38 U.S.C. sections 7453, 7454 as the basis for their claim. *See* Pls.' Mem. in Support of Pls.' Mot. to Certify Class at 13; *see also id.* at 16 (referencing "Title 38"). No such statute is referenced in Plaintiffs' Complaint, nor to Defendants' counsel's recollection, in Plaintiffs' discovery responses. Therefore, it should not be considered by the Court at this time. There have also been no Rule 30(b)(6) depositions in this case. *See id.* at 14.

## II. FACTUAL BACKGROUND

Defendants provided a discussion of the factual background to this litigation in their Memorandum in Opposition to Plaintiffs' Motion to Conditionally Certify Collective Class Under FLSA [Dkt. No. 37-1] at 4-7, and incorporate it herein by reference. Additional facts will be noted in the Argument section below, with citations to the Appendix in Support of Defendants' Resistance to Plaintiffs' Motion to Certify 91A Class (Defs.' App.)[2] or Plaintiffs' Appendix in Support of Plaintiffs' Motion to Certify 91A Class (Pls.' App.).

## III. APPLICABLE LAW

### A. Iowa Code Chapter 91A

Plaintiffs' Count II alleges a violation of the IWPCA, Iowa Code §§ 91A.1 *et seq*. Iowa Code section 91A.3(1) states that an employer "shall pay all wages due its employees, less any lawful deductions . . . ." Another section provides as follows:

> When it has been shown that an employer has intentionally failed to pay an employee wages or reimburse expenses pursuant to section 91A.3 . . . the employer shall be liable to the employee for any wages or expenses that are so intentionally failed to be paid or reimbursed, plus liquidated damages, court costs and any attorney's fees incurred in recovering the unpaid wages and determined to have been usual and necessary. In other instances the employer shall be liable only for unpaid wages or expenses, court costs and usual and necessary attorney's fees incurred in recovering the unpaid wages or expenses.

Iowa Code § 91A.8.

### B. Standards for Rule 23 Class Certification

The class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quotation omitted). To come within the exception, a party seeking to maintain a class action

---

[2] Documents in Defendants' Appendix marked Confidential have since been determined to be public.

4

must "affirmatively demonstrate" compliance with Federal Rule of Civil Procedure 23. *Id*. (quotation omitted). Rule 23 provides as follows:

> (a) **Prerequisites.** One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; <u>and</u>
> (4) the representative parties will fairly and adequately protect the interests of the class.
>
> (b) **Types of Class Actions.** A class action may be maintained if Rule 23(a) is satisfied <u>and</u> if:
>
> \*   \*   \*
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
>> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(a), (b) (emphases added).

Plaintiffs seeking to certify a class action must be prepared to prove that there are <u>in fact</u> sufficiently numerous parties, common questions of law or fact, typicality of claims or defenses, and adequacy of representation, as required by Rule 23(a). *Comcast*, 569 U.S. at 33 (quotation omitted). "The party must also satisfy through evidentiary proof at least one of the provisions of 23(b)." *Id*. Certification is proper only if the trial court is satisfied, after a "rigorous analysis," that the prerequisites of Rule 23(a) have been satisfied. *Id*. (internal quotation marks and

quotation omitted). "Such an analysis will frequently entail overlap with the merits of the plaintiff's underlying claim. That is so because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id*. at 33-34 (internal quotation, internal quotation marks, and quotation omitted). At this stage, merits questions may be considered only to the extent they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied. *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 466 (2013) (citations omitted).

The same analytical principles govern Rule 23(b), although Rule 23(b)(3)'s predominance criterion is more demanding than Rule 23(a). *Comcast,* 569 U.S. at 34 (citation omitted); *see also Guy v. Ford Storage & Moving Co*., No. 4:18-cv-216-JAJ-RAW, 2019 WL 4804644, at *13 (S.D. Iowa 2019) (describing predominance requirement as "far more demanding" than commonality (quotation omitted)).

### IV.   ARGUMENT

    **A.   Because the Court Should Grant Defendants' Motion for Partial Summary Judgment on Count II, the Issue of Class Certification is Moot.**

In Count II, Plaintiffs allege that Defendants violated the IWPCA "by failing to pay Plaintiffs and the Registered Nurses for overtime hours," citing Iowa Code section 91A.3. Compl. ¶ 58. The text of Iowa Code section 91A.3 does not address overtime. That section does state that an employer "shall pay all wages due" its employees, less any lawful deductions. Iowa Code § 91A.3(1). Plaintiffs rely on the FLSA for the substantive law as to what overtime wages they allege are due.

As detailed in Defendants' Motion for Partial Summary Judgment and supporting brief filed earlier today [Dkt. No. 58], Count II is thus preempted by the FLSA because Plaintiffs' claim under the IWPCA is duplicative of their FLSA claim in Count I and it actually conflicts

6

with the FLSA.³ Because the Court should grant Defendants' motion on Count II and dismiss the count, the issue of class certification is moot. Defendants respectfully request that the Court rule on the Motion for Partial Summary Judgment first. If it is granted, then the Court may deny the Motion to Certify 91A Class as moot. *See Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 941-42 (7th Cir. 1995) (affirming grant of summary judgment and favorably discussing the district court's denial of class certification as moot where, as here, the grounds of summary judgment apply equally to all members of the potential class).

### B. In the Alternative, the Court Should Deny Class Certification Because Rule 23(b)(3)'s Predominance and Superiority Requirements are Not Met.

In the alternative to ruling in Defendants' favor on preemption, the Court should deny class certification because Plaintiffs do not satisfy the Rule 23(b)(3) requirements of predominance and superiority.

Plaintiffs seek certification of the following class for relief under Iowa Code section 91A:

**Class Description: All Registered Nurses (RNs) who have worked in Job Classifications 02020 and 82020 providing care and assistance to patients or residents at state facilities at any time beginning July 1, 2017.**

Pls.' Mot. to Certify 91A Class at 1 (emphasis added).

As Defendants understand it, these would include Registered Nurses (RNs) currently employed in the RN job class (class codes 02020 and 82020); former RNs employed in the RN job class by the State of Iowa at any time after July 1, 2017; and employees who worked as RNs in the RN job class after July 1, 2017, and are still employed by the State of Iowa in another job class (all of those groups with the exception of University of Iowa Health Care nurses and any

---

³Preemption is an affirmative defense, and was included in Defendants' First Amended Answer. *See* Defs.' App. at 11, ¶ 10.

7

other Board of Regents nurses who would not fall under the jurisdiction or classification plan set by the Iowa Department of Administrative Services (DAS)).

### 1. Relevant Facts and the Parties' Arguments

Current and former RNs in the proposed class all have RN class codes 02020 or 82020, but they work or have worked in fifteen facilities in three different agencies across the State of Iowa. These include nine in the Department of Corrections (DOC), five in the Department of Human Services (DHS), and the Iowa Veterans' Home (IVH). Defs.' App. at 71-72. The facilities are varied, as they include prisons, one of which has a forensic hospital; a psychiatric hospital (Independence); the Cherokee Mental Health Institute; a nursing home (IVH); homes for intellectually disabled clients (Glenwood and Woodward); and the Eldora-Boys State Training School. *Id*.; *see also id*. at 28 (Good Depo. at 16:8-17).

The five named Plaintiffs represent only three of the fifteen facilities. Those are the DOC-Iowa Medical and Classification Center (IMCC) (Kleiber, Schropp, and Good); the DOC-Iowa State Penitentiary (ISP) (Burden); and DHS-Woodward (Rowe). *Id*. at 4-5. Included in Defendants' Appendix is a job description, known as a Position Description Questionnaire (PDQ), for Plaintiff Burden as well as a more recent standardized PDQ that would also apply to Burden (dated August 2019). *Id*. at 75-81. There is a PDQ for Plaintiff Schropp, and additional more recent standardized PDQs for RNs who worked at the DOC prisons, including Plaintiffs Kleiber, Good, Burden, and Schropp. *Id*. at 82-96. There are PDQs for Plaintiff Rowe from DHS-Woodward. *Id.* at 97-103.[4]

---

[4]All of the named Plaintiffs generally agreed to their duties as described in the PDQs, with minor differences such as disagreement as to the percentages of time spent on various tasks and as to specific items. *See, e.g*., Pls.' App. at 21 (Rowe), 37 (Kleiber), 54 (Burden), 71 (Schropp), 88 (Good); *see also* Defs,' App. at 22-23 (Burden Depo. at 86:6 – 93:24); 31-32 (Good Depo. at

8

There are also five sets of PDQs for RNs at facilities not represented by the named Plaintiffs. These include DHS-Glenwood, DHS-Cherokee, DHS-Independence, DHS-Eldora, and IVH. *Id.* at 104-149. A review of the PDQs for the RNs in the various facilities shows differences in the duties – some from facility to facility, and particularly from agency to agency when comparing DOC, DHS, and IVH. *See id.* at 75-149. Even as generally described in the PDQs, the duties vary both in the description of the work performed and in the percentage of time devoted to each category of work. *Id.*[5]

The named Plaintiffs have not spent sufficient time at the other facilities to know the differences at those facilities. Plaintiff Burden provided three days of assistance related to COVID-19 at two other DOC prisons, including one day at Mount Pleasant and two days at Fort Dodge. Aside from that experience, she has not done any other work or investigation to understand the duties of RNs at the other state facilities. *Id.* at 20-21, 24 (Burden Depo. at 81:3-23, 83:10 – 85:1, 134:11 – 137:1). Plaintiffs Good, Kleiber, Rowe, and Schropp acknowledged that they have done no work or investigation to understand the duties of RNs at the other state facilities. *Id.* at 31 (Good Depo. at 58:21 – 59:3); 38 (Kleiber Depo. at 68:7-10); 52 (Rowe Depo. at 46:16-19); 61 (Schropp Depo. at 60:17 – 61:20). Plaintiff Schropp has not been to any of the other DOC facilities. *Id.* at 58 (Schropp Depo. at 18:20-24). Plaintiff Kleiber provided some limited assistance when she was a Licensed Practical Nurse. *Id.* at 38-39, 42-43 (Kleiber Depo. at 68:11 – 70:7, 121:8 – 122:17).

In their interrogatory responses and deposition testimony, Plaintiffs described their job

---

60:11 – 63:7); 39-41 (Kleiber Depo. at 70:23 – 80:5); 53-54 (Rowe Depo. at 74:5 – 78:25); 62-65 (Schropp Depo. at 62:6 – 73:18, 78:4 – 79:10).

[5]The documents include PDQs dated both prior to and after July 1, 2017.

responsibilities. Again there are differences, such as in the deposition testimony between the three Plaintiffs who work at DOC-IMCC and the other two Plaintiffs. *See id*. at 15-19 (Burden Depo. at 18:6 – 27:24, 32:20 – 37:12) (detailing duties at ISP, including extra assignments); 28-30 (Good Depo. at 14:23 – 15:10, *generally* at 34 – 39) (describing duties at IMCC including doing assessments, checking vital signs, doing dressing changes, and following up with doctors on medication changes); 36-37 (Kleiber Depo. at 31:16 – 37:11) (indicating she is a duty nurse at IMCC who works on initial assessments, emergency responses, and assisting other nurses; in the psychiatric unit, has to do the initial restraint because she is an RN; if there is an IV or a PICC line required, the RN has to do it); 47-51 (Rowe Depo. at 27:15 – 43:8) (stating duties at DHS-Woodward); 59-60 (Schropp Depo. at 27:5 – 30:2) (describing duties at IMCC).

Defendants classify RNs working in State of Iowa job classifications 02020 and 82020 as FLSA exempt, and believe that the Plaintiff RNs are exempt as "learned professionals." *See* 29 U.S.C. § 213(a)(1) (stating that the provisions of section 207 shall not apply with respect to "any employee employed in a bona fide executive, administrative, or professional capacity"). Two tests will likely be relevant to the parties' dispute regarding the RNs' FLSA exemption: the "duties" test and the "salary basis" test. *See* 29 C.F.R. § 541.300; *see also* 29 C.F.R. §§ 541.301, 541.700, 541.702, and 541.703 (duties test); 29 C.F.R. §§ 541.600, 541.602, 541.604, and 541.710 (salary basis test). To qualify for the learned professional exemption, "an employee's primary duty must be the performance of work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction." 29 C.F.R. § 541.301(a). This primary duty test includes three elements:

(1) The employee must perform work requiring advanced knowledge;

(2) The advanced knowledge must be in a field of science or learning; and

>  (3) The advanced knowledge must be customarily acquired by a prolonged course of specialized intellectual instruction.

*Id.* The phrases "work requiring advanced knowledge," "field of science or learning," and "customarily acquired by a prolonged course of specialized intellectual instruction" are further defined in the same regulation. *See* 29 C.F.R. §§ 541.301(b)-(d). "Registered nurses who are registered by the appropriate State examining board generally meet the duties requirements for the learned professional exemption." 29 C.F.R. § 541.301(e)(2).

The regulations further explain "primary duty." In relevant part:

> (a) To qualify for exemption under this part, an employee's "primary duty" must be the performance of exempt work. The term "primary duty" means the principal, main, major or most important duty that the employee performs. Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole. Factors to consider when determining the primary duty of an employee include, but are not limited to, the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.
>
> (b) The amount of time spent performing exempt work can be a useful guide in determining whether exempt work is the primary duty of an employee. Thus, employees who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement. Time alone, however, is not the sole test, and nothing in this section requires that exempt employees spend more than 50 percent of their time performing exempt work. Employees who do not spend more than 50 percent of their time performing exempt duties may nonetheless meet the primary duty requirement if the other factors support such a conclusion.

29 C.F.R. § 541.700.

One of the arguments made by Plaintiffs in this litigation is that they are not paid on a salary basis, but rather are hourly employees. *See, e.g.*, Pls.' App. at 25 (Rowe), 41 (Kleiber), 58 (Burden), 75 (Schropp), 92 (Good). RNs in class codes 02020 and 82020 include those with

full-time, part-time, and temporary status. Defs.' App. at 68 (Phipps Depo. at 60:13-22). The named Plaintiffs are all full-time employees, and that is a key difference compared to RNs who worked on a part-time or temporary basis. Plaintiffs' proposed class definition, *see* Pls.' Mot. to Certify 91A Class at 1, does not exclude RNs who worked on a part-time or temporary basis.

Plaintiffs' second argument in this litigation is that they do not satisfy the duties test. For example, they contend that most of their duties could be done by Licensed Practical Nurses (LPNs) or other staff. *See, e.g.*, Pls.' App. at 18-20 (Rowe), 34-36 (Kleiber), 51-53 (Burden), 68-70 (Schropp), 85-87 (Good). Out of the nine DOC prisons, there are three DOC prisons that employ no LPNs: the North Central Correctional Facility, Mount Pleasant Correctional Facility, and Clarinda Correctional Facility. None of these three facilities are represented by the named Plaintiffs. Defs.' App. at 72, 4-5. Because all of the named Plaintiffs work at facilities that employ both RNs and LPNs, the distribution of duties between RNs and LPNs at these facilities necessarily differs from those at the three prisons that are handled only by RNs.

With regard to the duties test, Plaintiffs will be asking the Court to look behind the job classification of Registered Nurse and examine the work that they are actually doing. *See, e.g.*, Compl. ¶ 25 ("The Plaintiffs and Plaintiffs' Registered Nurse Class herein were both hourly employees and/or primarily performing non-professional duties, both during normal work hours and during overtime hours."); Pls.' Mot. to Certify 91A Class at 2 ("They are alleged by Plaintiffs [to] have spent sufficient and significant time performing non-professional duties that are routinely assigned[.]"). In other words, Plaintiffs contend that the Court should conduct a fact-specific analysis as to what duties the RNs were performing and consequently, whether or not the FLSA exemptions apply.

### 2. Application of Rule 23

Defendants assume that Plaintiffs satisfy the numerosity and adequacy of representative requirements. *See* Fed. R. Civ. P. 23(a)(1), (4). Arguably, Rule 23's commonality and typicality requirements are not met. Commonality requires that there are questions of law or fact common to the class, and typicality requires that the claims or defenses of the representative parties are typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a)(2), (3). The two requirements tend to overlap and are often considered together. *Myers v. Hertz Corp.*, No. 02 Civ. 4325 (BMC)(MLO), 2007 WL 2126264, at *4 (E.D.N.Y. 2007) (citation omitted).

In *Myer*s, commonality and typicality were not met where the five individual plaintiffs were all employed at the same location and performed the same work, while the members of the proposed class would be widely dispersed throughout the State of New York. *Id.* at *5; *see also Gordon v. Kaleida Health*, 299 F.R.D. 380, 404 (W.D.N.Y. 2014) (class action certification denied for RNs where commonality was not met). In *Frazier v. PJ Iowa, L.C.,* 337 F. Supp. 3d 848, 873 (S.D. Iowa 2018), the named plaintiffs were unable to provide any specificity about the working conditions at Iowa locations other than their own. "Given the lack of representative testimony, the Court finds insufficient support for a finding of typicality." *Id.* The situation is similar with the named Plaintiffs here, who are employed at three of the fifteen facilities encompassing the proposed class, and lack sufficient knowledge regarding the work of RNs at the other facilities.

Nevertheless, assuming without conceding that commonality and typicality are also met, Plaintiffs must still satisfy one of the requirements of Rule 23. The subsection that Plaintiffs argue in their brief is Rule 23(b)(3). *See* Pls.'s Mem. in Support of Pls.'s Mot. to Certify Class at 14-19. That subsection requires that the Court find that the questions of law or fact common to

class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). The predominance inquiry is similar to commonality and typicality, but more demanding. *Myers*, 2007 WL 2126264, at \*6-7. "[T]o meet the predominance requirement, a plaintiff must establish that the issues that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues that are subject only to individualized proof." *Id*. at \*6 (quotation omitted).

> As explained by the United States Court of Appeals for the Eighth Circuit:
>
> The requirement of Rule 23(b)(3) that common questions predominate over individual questions "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 623, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997). The nature of the evidence that will suffice to resolve a question determines whether the question is common or individual. *See In re Visa,* 280 F.3d at 136–40. If, to make a prima facie showing on a given question, the members of a proposed class will need to present evidence that varies from member to member, then it is an individual question. If the same evidence will suffice for each member to make a prima facie showing, then it becomes a common question. *See id.*

*Blades v. Monsanto Co*., 400 F.3d 562, 566 (8th Cir. 2005).

When considering the superiority requirement, the Court "must compare the possible alternatives to determine whether Rule 23 is sufficiently effective to justify the expenditure of the judicial time and energy that is necessary to adjudicate a class action and to assume the risk of prejudice to the rights of those who are not directly before the court." *Guy*, 2019 WL 4804644, at \*16 (quotation and internal quotation marks omitted).

Predominance and superiority are not met here. The application of the duties test as argued by Plaintiffs is not subject to generalized proof, but rather individualized proof. Plaintiffs have not identified a generalized statewide policy that RNs are not to perform duties that would satisfy the "learned professional" exemption. On the contrary, Plaintiffs' own arguments

contend that even beyond the differences shown on the documents, the Court should conduct a fact-specific analysis as to what duties the RNs were performing and consequently, whether or not the "learned professional" exemption applies.[6]  The determination of whether a FLSA exemption applies to a given individual is a "very fact-specific exercise." *Tumminello v. United States,* 14 Cl. Ct. 693, 697 (1988) (citations omitted).  Even persons sharing the same job series and title may not necessarily both be exempt or non-exempt.  *Id*. (citation omitted).

Again, discussion from *Myers* is instructive:

> Plaintiffs also argue, as they did before Judge Hurley, that because Hertz applies a single policy of categorizing all Station Managers as exempt, the overtime issue is similar among all class members.  This reasoning is superficial.  Plaintiffs' allegation is that, whatever Hertz says Station Managers do or should do, what they actually do on a daily basis puts them outside the exemption.  This means that proof of liability will not turn on what Hertz did or did not do vis-à-vis the entire class, but rather what each member of the class does on a daily basis.

*Myers*, 2007 WL 2126264, at *5 (footnote omitted).  Similarly in *Ruggles v. WellPoint, Inc*., the court denied Rule 23 class certification to RNs alleging violations of New York, California, and Illinois wage and hour laws.  272 F.R.D. 320 (N.D.N.Y. 2011).  Regarding the proposed Illinois class, the court decided that Rule 23(b)(3) was not met because the learned professional exemption required individualized proof.  *Id*. at 338-342.  For similar reasons, this Court should find that predominance and superiority are not met pursuant to Rule 23(b)(3).

### C. If the Court Certifies the Class, it Should Revise the Proposed Notice.

For the reasons stated above, Defendants contend that the Court should deny Plaintiffs' Motion to Certify 91A Class.  In the event that it is granted, however, Defendants provide the following comments on Plaintiffs' proposed Notice.

---

[6] Defendants do not concede that Plaintiffs will be successful in showing individualized facts that would defeat the learned professional exemption or that the exemption may *apply* to all RNs in the potential class.  But to be successful on the merits of their claims, Plaintiffs necessarily must make these individualized factual showings that are incompatible with class treatment.

Regarding notice for Rule 23(b)(3) classes:

For any class certified under Rule 23(b)(3) . . . the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means.  The notice must clearly and concisely state in plain, easily understood language:

(i)     the nature of the action;
(ii)    the definition of the class certified;
(iii)   the class claims, issues, or defenses;
(iv)    that a class member may enter an appearance through an attorney if the class member so desires;
(v)     that the court will exclude from the class any member who requests exclusion;
(vi)    the time and manner for requesting exclusion; and
(vii)   the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

In Plaintiffs' proposed Notice, under Subsection 1 entitled "Why did I get this notice?", the first sentence is overbroad and should be corrected to refer to the job classifications at issue. Furthermore, Defendants are unclear as to Plaintiffs' inclusion of the words "at least one pay period" and believe that is confusing.  It is also inconsistent with the Court's approved Notice regarding conditional certification of the collective action, *see* Order [Dkt. No. 51] at 6, as the only material difference should be the beginning date.  Defendants suggest the following: "~~The~~ State of Iowa employment records show that you work or previously worked as a Registered Nurse "RN" in job classification 02020 or 82020 ~~for at least one pay period~~ at any time between July 1, 2017 and the present." *See* Pls.' App. at 166, Sub. 1 (underlined and strikethrough indicate proposed edits).[7]

---

[7] There are also typographical errors in the proposed Notice that should be corrected, e.g. "Please read this carefully as it affects your rights."

16

Under Subsection 5 entitled "How does the State of Iowa answer the lawsuit?", Defendants believe that Plaintiffs' paragraph should be replaced with the following in order to more accurately and clearly state their position.

> Defendants deny all claims that have been asserted in this case. Defendants assert that the Registered Nurses are exempt from the requirement in the Fair Labor Standards Act to pay overtime wages.

*See id*. at 167, Sub. 5.

Consistent with the above, under Subsection 7 entitled "What are the Plaintiffs asking for?", Defendants suggest replacing "at leas[t] any one pay period beginning" with the words "at any time." *See id*. at 167, Sub. 7.

Subsection 9, "Who can be part of this Class Action?" is confusing with its three separate statements. Class members must have worked as a Registered Nurse in job classification 02020 or 82020 during the relevant time period. Instead, Defendants suggest "You can be a part of this Class Action if you are or were a Registered Nurse employed by the State of Iowa in Job Classification 02020 or 82020 at any time between July 1, 2017 and the present." *See id*. at 167-68, Sub. 9.

Defendants also recommend including the following introductory paragraph, similar to the one approved by the Court in its Order regarding conditional certification of the collective action. *See* Order [Dkt. No. 51] at 6.

> **If you are or were a Registered Nurse employed by the State of Iowa in Job Classification 02020 or 82020 at any time between July 1, 2017 and the present, please read this notice. A class action lawsuit may affect your rights.**

Lastly, as required by Rule 23, the proposed Notice should include a clear and concise statement that the Court will exclude from the class any member who requests exclusion. *See* Fed. R. Civ. P. 23(c)(2)(B)(v).

17

## V.    <u>CONCLUSION</u>

Defendants respectfully request that the Court consider Plaintiffs' Motion to Certify 91A Class together with Defendants' Motion for Partial Summary Judgment. Because the Court should grant summary judgment in Defendants' favor on Count II, it should then deny Plaintiffs' Motion to Certify 91A Class as moot. Alternatively, the Court should deny certification for failure to satisfy Rule 23. If the Court grants class certification, Defendants request that the Court revise Plaintiffs' proposed Notice as set forth above, and detail the procedures governing the opt-out period in a Court Order.

Respectfully submitted,

THOMAS J. MILLER
Attorney General of Iowa

/s/ *Molly M. Weber*
MOLLY M. WEBER (AT0008313)
/s/ *Ryan Sheahan*
RYAN SHEAHAN (AT0014279)
/s/ *Samuel P. Langholz*
SAMUEL P. LANGHOLZ
Assistant Attorneys General
Hoover State Office Building
Des Moines, IA 50319
(515) 281-5309
molly.weber@ag.iowa.gov
ryan.sheahan@ag.iowa.gov
sam.langholz@ag.iowa.gov
ATTORNEYS FOR DEFENDANTS

*Electronically filed and served on all parties of record.*

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on January 28, 2021:

☐ U.S. Mail      ☐ FAX
☐ Hand Delivery      ☐ Overnight Courier
☐ Federal Express      ☐ Email
☒ PACER

Signature: /s/ Molly Weber