IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| SUSAN ROWE, CHRISTINE M. KLEIBER, TAMMY D. BURDEN, JULIE A. SCHROPP, and STACEY L. GOOD, individually and on behalf of themselves and others similarly situated,<br>                Plaintiffs,<br><br>vs.<br><br>KIMBERLY KAY REYNOLDS, in her official capacity as Governor State of Iowa, JAMES M. KURTENBACH, in his official capacity with Iowa Department of Administrative Services, and the STATE OF IOWA,<br>                Defendants. | No. 4:19-cv-00256-JAJ<br><br><br>**ORDER** |

      This matter comes before the Court pursuant to Plaintiffs' Motion to Certify 91A Class filed on December 10, 2020. Pls.' Mot. Certify 91A Class, ECF No. 54. Defendants responded to Plaintiffs' Motion on January 28, 2021, and Plaintiffs replied on March 1, 2021. Defs.' Resis. Pls.' Mot. Certify 91A Class, ECF No. 59; Pls.' Reply Defs.' Resis. Pls.' Mot. Certify 91A Class, ECF No. 63. This matter is also before the Court on Defendants' Motion for Partial Summary Judgment filed on January 28, 2021. Defs.' Mot. Partial Summ. J., ECF No. 58. Plaintiffs resisted on March 1, 2021, and Defendants replied on March 8, 2021. Pls.' Resis. Defs.' Mot. Partial Summ. J., ECF No. 62; Reply Br. Supp. Defs.' Mot. Partial Summ. J., ECF No. 64. For the reasons that follow, Defendants' Motion for Partial Summary Judgment is **GRANTED** and Plaintiffs' Motion to Certify 91A Class is **DENIED** as moot.

## I.    Background

      Plaintiffs Susan Rowe, Christine Kleiber, Tammy Burden, Julie Schropp, and Stacey Good are registered nurses ("RNs") employed by the State of Iowa, providing care and assistance to patients or residents at state facilities. Plaintiffs work at either the Woodward Resource Center, the Iowa Medical and Classification Center, or the Iowa State Penitentiary. Plaintiffs are classified as "02020" and "82020" employees. Plaintiffs seek certification of the following class pursuant to

1

Federal Rule of Civil Procedure 23: All Registered Nurses (RNs) who have worked in Job Classifications 02020 and 82020 providing care and assistance to patients or residents at state facilities at any time beginning July 1, 2017. Pls.' Mot. Certify 91A Class 1, ECF No. 54. Plaintiffs also move for appointment of the attorney of record as class counsel and for approval of their class notice. *Id.* at 2, 3.

This Court conditionally certified Plaintiffs' class action under the Fair Labor Standards Act ("FLSA") in a previous order. Order, ECF No. 51. In the same order, the Court denied Plaintiffs' request to delay Rule 23 class certification of their Iowa Wage Payment Collection Law claim ("IWPCL") and ordered Plaintiffs to file their motion for class certification of their IWPCL claim within 30 days. ECF No. 51. For the purpose of Defendants' Motion for Partial Summary Judgment, it is undisputed that Count I of Plaintiffs' Complaint alleges a violation of the FLSA's overtime requirements and that Count II alleges a violation of the IWPCL for failure to pay overtime.

## II.     Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that "[a] party may move for summary judgment, identifying each claim or defense—or part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). It provides, further, that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* The Eighth Circuit Court of Appeals explained:

> "The movant 'bears the initial responsibility of informing the district court of the basis for its motion,' and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (alterations in original) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). "If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548). "The nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Id*. (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

*Mensie v. City of Little Rock*, 917 F.3d 685, 688 (8th Cir. 2019).

More specifically, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes

that are irrelevant or unnecessary will not be counted." *Villanueva v. City of Scottsbluff*, 779 F.3d 507, 510 (8th Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Once the parties have met their burdens, the court may grant summary judgment only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Torgerson*, 643 F.3d at 1042–43 (internal quotation marks and citations omitted). Also, "[w]here . . . the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Ritchie Capital Mgmt., LLC v. Stoebner*, 779 F.3d 857, 861 (8th Cir. 2015) (quoting *In re Cochrane*, 124 F.3d 978, 981–82 (8th Cir. 1997)).

### III.     Analysis

#### A. Preemption of IWPCL Claim

First, the Court considers whether Plaintiffs' IWPCL claim is preempted by their FLSA claim. Plaintiffs bring two claims against Defendants: Count I is a federal claim alleging a violation of the FLSA and Count II is a state claim alleging a violation of the IWPCL. Defendants contend they are entitled to summary judgment on Plaintiffs' IWPCL claim because it is duplicative of their FLSA claim and is therefore preempted.

This Court considered a similar case, *Epstein v. Des Moines Register & Tribune Company*, in 2016. In *Epstein*, this Court considered and discussed two other federal cases addressing the preemption issue—the Northern District of Iowa case, *Bouaphakeo v. Tyson Foods, Inc.*, and the Southern District of Iowa case, *Zanders v. Wells Fargo Bank, N.A.* In *Epstein*, this Court agreed with the court's conclusion in *Zanders* that the "conflict between § 216(b) and Rule 23 requires the Court to hold that the FLSA does preempt duplicative state-law claims." *Epstein v. Des Moines Register & Tribune Co.*, No. 4:15-cv-00453-JAJ, 2016 WL 11498184, at *4 (S.D. Iowa Feb. 3, 2016) (quoting *Zanders v. Wells Fargo Bank, N.A.*, 55 F. Supp. 3d 1163, 1175 (S.D. Iowa 2014)). The Court finds no reason to depart from this conclusion or its analysis in *Epstein* despite Plaintiffs' invitation to do so.

The Court first determines whether the FLSA preempts duplicative state law claims. The Supremacy Clause of the U.S. Constitution states: This Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land . . . ." U.S. Const. art. VI, cl. 2. Congressional intent is the "ultimate touchstone" when determining whether federal law preempts state law. *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 516 (1992) (citations omitted). Preemption occurs in three ways: 1) Congress explicitly states the extent to

which a federal law preempts state law, 2) in the absence of express language, federal law preempts state law when state law regulates conduct in an area in which Congress intended the federal government alone to occupy the field, and 3) federal law preempts state law when state law actually conflicts with federal law. *English v. Gen. Elec. Co.*, 496 U.S. 72, 78–79 (1990).

Here, Defendants focus on conflict preemption. Conflict preemptions exists "where it is impossible for a private party to comply with both state and federal requirements . . . or where state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Id.* at 79 (citations omitted).

The FLSA and IWPCL have a similar purpose—facilitating the collection of wages owed by employers to employees. *See Zanders*, 55 F. Supp. 3d at 1169 (citations omitted). However, the FLSA and IWPCL differ in that "the IWPCL is more concerned with when or how the wages are paid." *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 883 (N.D. Iowa 2009). Unlike the IWPCL, the FLSA specifies what wages are to be paid. *Id.* Accordingly, the FLSA may be invoked to demonstrate the specific amount of wages an employee is owed under the IWPCL. *Id.* This is exactly the case before the Court—Plaintiffs allege Defendants violated the IWPCL by failing to pay them overtime hours which, although Plaintiffs do not explicitly say so, the claim hinges on a violation of the FLSA overtime requirements. Class Action Compl. & Jury Demand 11, ECF No. 1-1 at 11; *see* 29 U.S.C. § 207(a)(1) (2020).

The Court begins the preemption analysis begins with the assumption that Congress did not intend to displace the state law. *Maryland v. Louisiana*, 451 U.S. 725, 746 (1981). However, there is an irreconcilable difference between the FLSA's opt-in class action procedure and the opt-out procedure utilized in Rule 23. *Epstein*, 2016 WL 11498184, at *3; *Zanders*, 55 F. Supp. 3d at 1170. (citations omitted). The opt-in procedure was not initially included in the FLSA but was added in 1947 when Congress amended the FLSA by the Portal-to-Portal Act. *Zanders*, 55 F. Supp. 3d at 1173–74 (citations omitted). "This amendment clearly seeks a balance between protecting employees and shielding employers from excessive liability." *Id.* at 1174 (citing *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1154 (9th Cir. 2000)). This balance would be subverted if plaintiffs were allowed to proceed on an "FLSA claim on behalf of similarly situated employees while using a duplicative state wage-collection law to bootstrap in the more generous procedure of Rule 23." *Epstein*, 2016 WL 11498184, at *4 (quoting *Zanders*, 55 F. Supp. 3d at 1174).

Accordingly, the Court concludes the FLSA preempts duplicative state-law claims. *Id.* (citing *Zanders*, 55 F. Supp. 3d at 1175).

Plaintiffs refer to the opinions issued in *Bouaphakeo* at the district court, U.S. Court of Appeals for the Eighth Circuit, and U.S. Supreme Court to support their position that the FLSA does not preempt their IWPCL claim. Plaintiffs' reliance on *Bouaphakeo* is unavailing, and this Court remains unpersuaded by the district court's decision in *Bouaphakeo* because the court did not resolve the conflict between Rule 23's opt-out class action procedure and § 216(b)'s opt-in collective action procedure. *Epstein*, 2016 WL 11498184, at *3 (citing *Zanders*, 55 F. Supp. 3d at 1173). Likewise, the Court is unpersuaded by Plaintiffs' arguments regarding the significance of *Bouaphakeo*'s appeal at the Eighth Circuit and the U.S. Supreme Court. Despite Plaintiffs' arguments to the contrary, neither the Eighth Circuit's opinion nor the Supreme Court's opinion in *Bouaphakeo* binds this Court on the preemption issue. The Court is not so bound because the preemption issue was not directly appealed to the Eighth Circuit and it was not considered sua sponte by the Eighth Circuit. *Zanders*, 55 F. Supp. 3d at 1171. Similarly, the preemption issue was not presented to or decided by the U.S. Supreme Court on appeal. As such, nothing in these decisions compels the Court to reconsider the analyses or conclusions reached in *Epstein* or *Zanders*.

Having concluded the FLSA preempts duplicative state-law claims, the Court next determines whether Plaintiffs' IWPCL claim is duplicative of their FLSA claim. Plaintiffs contend their IWPCL claim is parallel to their FLSA claim rather than duplicative. Plaintiffs cite *Tegtmeier v. PJ Iowa, L.C.* in support of their position. However, the case before the Court is distinguishable from that in *Tegtmeier*. In *Tegtmeier*, the plaintiff brought an action under the FLSA and Iowa Minimum Wage Law ("IMWL") alleging that the defendant's payment practice caused the plaintiff's net wages to fall below the minimum wage set by state and federal law. *Tegtmeier v. PJ Iowa, L.C.*, 189 F. Supp. 3d 811, 815–16 (S.D. Iowa 2016). There, the court found the plaintiff's FLSA and IMWL claims were parallel rather than duplicative because the IMWL provides an independent basis for the wages owed by an employer to an employee. *Id.* at 818, 820. The same cannot be said of Plaintiffs' IWPCL claim.

As previously noted, the IWPCL does not specify the amount of wages owed. The amount of wages owed can be derived from Iowa's minimum wage law, an employment contract, or through a common law action. *Epstein*, 2016 WL, at 4. Plaintiffs' claim for entitlement to wages

under the IWPCL is based on a violation of the overtime provisions of the FLSA. Plaintiffs have not asserted any other legal theory entitling them to wages under the FLSA. As such, the Court finds Plaintiffs' IWPCL claim is duplicative of their FLSA claim. Plaintiffs' FLSA claim therefore preempts their duplicative IWPCL claim.

Defendants are entitled to summary judgment as to Plaintiffs' IWPCL claim as a matter of law. Plaintiffs' Motion to Certify 91A Class is therefore moot and the Court need not address it further.

### B. Preemption Invading the Sovereign of the State

Finally, the Court considers Plaintiffs' contention that preemption of their IWPCL claim invades the sovereign of the state of Iowa. The Court is unpersuaded. Although the IWPCL generally requires employers to pay the wages that are owed to employees, the IWPCL does not provide an independent basis for the amount of wages to be paid. Plaintiffs rely on the FLSA for the amount of wages to be paid and therefore only seek to enforce federal overtime law. The Court finds no improper invasion of the sovereign of the state of Iowa.

### IV. Conclusion

After considering all of the arguments, the Court concludes Plaintiffs' IWPCL claim is duplicative of their FLSA claim and is therefore preempted. As such, Plaintiffs' Motion to Certify 91A Class is rendered moot.

Upon the foregoing,

**IT IS ORDERED** that Defendants' Motion for Partial Summary Judgment is granted.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Certify 91A Class is denied as moot.

**DATED** this 26th day of April, 2021.

_____
JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA