# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | | |
|---|---|---|
| SUSAN L. ROWE, CHRISTINE M. KLEIBER, TAMMY D. BURDEN, JULIE A. SCHROPP and STACEY L. GOOD, | * * * * | CIVIL NO. 4:19-cv-00256-SHL-SBJ |
| Plaintiffs, | * * | |
| v. | * * | |
| KIMBERLY KAY REYNOLDS, in her official capacity as Governor of the State of Iowa, JAMES M. KURTENBACH, in his official capacity with Iowa Department of Administrative Services, and the STATE OF IOWA, | * * * * * * * * | ORDER REGARDING SETTLEMENT CONFERENCE |
| Defendants. | * * | |

In coordination with counsel for the parties, a settlement conference has been scheduled for **January 12, 2023 beginning at 9:00 a.m.** before Magistrate Judge Stephen B. Jackson, Jr. in the United States Courthouse in **Des Moines, Iowa**. Counsel should advise their clients to bring photo identification to facilitate entry into the courthouse and leave their cellphones, computers and other electronic devices in their vehicles. Counsel for plaintiffs must make any necessary arrangements for individual plaintiffs to participate by videoconference.

Plaintiffs must make a settlement proposal and Defendants must make a counterproposal prior to the conference and by no later than **5:00 p.m. on January 3, 2023**. In addition, each party must submit to the Magistrate Judge a confidential statement, no longer than 10 pages, regarding the key legal and factual issues in the case, as well as a summary of the settlement negotiations to date. The statement must be emailed to Stephen_Jackson@iasd.uscourts.gov and his law clerk at Jed_Brokaw@iasd.uscourts.gov by **5:00 p.m. on January 6, 2023.** Within the statements, counsel must identify all persons who will be participating in the settlement conference either in-person or

by videoconference.

The Court strongly discourages the parties from providing attachments to the confidential statement, either in paper or electronic form. If pleadings, briefs or discovery matters, including depositions, are sufficiently important, in the opinion of a party, so that they should be brought to the attention of the Court, those matters may be cited within the confidential statement. However, it is incumbent upon the party urging the importance of those matters to summarize the information contained in those pleadings or transcripts within the confidential statement, as opposed to simply attaching documents. A failure by any party to provide the Court with a confidential statement by the time and date ordered could result in the Court canceling or rescheduling the settlement conference.

Each party must have a representative with full authority to settle the case participate in the settlement conference. Non-parties will not be permitted to participate in the settlement conference without prior Court approval, and in no event in the absence of the filing of a motion specifying the reasons that such non-party participation is indispensable to the conduct of the settlement conference.

The success or failure of a settlement conference is driven by the commitment made by each party, and its counsel, to a candid, good faith participation in the settlement conference. It is be the duty of each party, and its counsel, to fully analyze all issues pertaining to the settlement conference, and it is the duty of the lawyer representing a party to notify the Court, and opposing counsel, when a lawyer knows or has reason to believe that her or his client does not intend to participate in good faith in the settlement conference, does not intend to have someone present with full authority to settle the case, or that issues have arisen or changed that would make good faith settlement negotiation difficult or impossible. A failure on the part of a lawyer to give timely

and reasonable notice to the Court and opposing counsel of the inability of a party to proceed with a settlement conference could result in the imposition of sanctions in the form of expenses and attorney fees.

Following is an outline for counsel to review with the parties prior to the settlement conference to make the best use of the time allotted.

**IT IS SO ORDERED.**

**DATED December 2, 2022.**

_____
STEPHEN B. JACKSON, JR.
UNITED STATES MAGISTRATE JUDGE

# OUTLINE FOR
# SETTLEMENT CONFERENCE PREPARATION

Experience shows that in negotiations the party who is best prepared usually obtains the best result. Settlement conferences can be held more efficiently if all parties and counsel are prepared. The following are some areas to consider in order to aid in the effectiveness of this settlement conference.

**A.  FORMAT**

1. Parties with ultimate settlement authority must be personally present.

2. The Court will use a mediation format, and private caucusing with each side; the judge may address your client directly.

3. Should we begin in a joint session?

4. Does any lawyer or client representative have time constrictions on the date of the conference?

5. Do you want a summary jury trial, arbitration, mini-trial, or other procedure instead of/after this conference? If so, or if you want to know more about these processes, please contact the Court so a conference call to discuss options can be arranged. Have you discussed these options with your client?

**B.  ISSUES**

1. What is the status of discovery?

2. What issues (in and outside of this lawsuit) need to be resolved? Are there any issues as to which there is agreement? (Please describe.) What are the strengths and weaknesses of each issue of disagreement? What is your most persuasive argument?

3. What remedies are available resulting from this litigation or otherwise?

4. Is there any ancillary litigation pending/planned which affects case value?

5. Do you have enough information to value the case? If not, how are you going to get more information before the conference?

6. Do attorney fees or other expenses affect settlement? Have you communicated this to the other side?

7. What is the nature of the parties' relationships? Are they ongoing in nature?

**C.     AUTHORITY**

    1.    Are there outstanding liens? Have you verified amounts and whether they are negotiable? Do we need to include a representative of the lien holder? If so, contact the Court immediately.

    2.    Is there valid insurance coverage? In what amount? If coverage is at issue, or the amount/type affects settlement value, have you notified the other side? Do we need to include a representative from more than one company/carrier? If so, notify the Court immediately.

**D.     NEGOTIATIONS**

    1.    Where have your last discussions ended? Are you sure?

    2.    Can you have any discussions before the settlement conference to make it proceed more efficiently?

    3.    What value do you want to start with? Why? Have you discussed this with your client?

    4.    What value do you want to end with? Why? Have you discussed this with your client? Is it significantly different from values you have placed on this case at other times?

    5.    Is there confidential information which affects the case value? Why can't/won't/shouldn't it be disclosed? How can the other side be persuaded to change value if it doesn't have this information?

    6.    All counsel - bring evidence, including witness statements, deposition transcripts, damage calculations, etc. that could be shared with the Court and/or the other parties at the settlement conference.

    7.    What happens if you don't settle the case at the conference? What is your best alternative to a negotiated settlement? Why?

**E.     CLOSING**

    1.    If settlement is reached, do you want it on the record?

    2.    Have you discussed settlement formats with your client? Does the client understand structured settlements, annuities, Rule 68 offers to compromise?

    3.    How soon could checks/closing documents be received?

    4.    Will one of the attorneys bring a laptop with a draft agreement for discussion purposes?

5. If settlement is not reached, and further discovery is needed, what is your plan for continued settlement discussions? Do you want Court involvement in these talks?

6. If settlement is not reached, be prepared to discuss it again at the final pretrial conference.