IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| SUSAN L. ROWE, CHRISTINE M. KLEIBER, TAMMY D. BURDEN, JULIE A. SCHROPP, STACEY L. GOOD, individually and on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF IOWA,<br><br>Defendant. | Case No. 4:19-CV-00256-SHL-SBJ<br><br>**PLAINTIFFS' UNOPPOSED MOTION FOR FINAL CERTIFICATION OF COLLECTIVE CLASS AND PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT AND FOR ORDER PRESCRIBING NOTICE TO OPT-IN PLAINTIFFS AND SETTING OF HEARING FOR CONSIDERATION OF APPROVAL OF SETTLEMENT AGREEMENT AND FINAL APPROVAL OF SETTLEMENT AGREEMENT**<br><br>**(Oral Argument Requested)** |

COME NOW the Plaintiffs Susan L. Rowe, Christine M. Kleiber, Tammy D. Burden, Julie A. Schropp, Stacey L. Good, individually and on behalf of themselves and others similarly situated, and hereby move the Court for Final Certification of Collective Class, for Preliminary Approval of Settlement Agreement, for Order Prescribing Notice to Opt-In Collective Class members, for Hearing for consideration of final approval of Settlement Agreement, and for Final

1

Approval of the Settlement Agreement, and hereby state the Motion is unopposed by the Defendant State of Iowa and:

1. On June 28, 2019, Plaintiffs filed their Class Action Complaint and Jury demand in the Iowa District Court for Polk County. (Dkt. 1).

2. The Petition of the named Plaintiffs sought a judgment for unpaid overtime under the provisions of the federal Fair Labor Standards Act (FLSA) and under Iowa Code Chapter 91A.

3. The Petition sought class action status under chapter 91A and collective action status under the FLSA on behalf of all Registered nurses working for the State of Iowa in 02020 and 82020 beginning on July 1, 2017, and continuing thereafter.

4. On August 14, 2019, Defendants filed their Notice of Removal to Federal Court and Defendants thereby removed this matter to this Court on the basis of federal question jurisdiction. (Dkt. 1).

5. On August 15, 2019, Defendants filed their Answer and Affirmative Defenses to Plaintiffs' Class Action Complaint and Jury Demand. (Dkt. 4).

6. On September 13, 2019, Plaintiffs filed a Motion for Partial Summary Judgment as to Defendants' Affirmative Defense of sovereign immunity. (Dkt. 5).

7. On October 4, 2019, Defendants filed their Resistance to Plaintiffs' Motion for Partial Summary Judgment. (Dkt. 9).

8. On December 11, 2019, the Court entered its Opinion and Order granting Plaintiffs' Motion for Partial Summary Judgment as to Defendants' Affirmative Defense of sovereign immunity. (Dkt. 16).

9. On September 4, 2020, Plaintiffs filed their Motion to Conditionally Certify Collective Class under FLSA. (Dkt. 31).

10. On September 4, 2020, Plaintiffs also filed their Motion to Delay Rule 23 Class Certification under Iowa Wage Payment Collection Act. (Dkt. 30).

11. On October 5, 2020, Defendants filed their Opposition to Plaintiffs' Motion to Conditionally Certify Collective Class under FLSA. (Dkt. 37) and their Resistance to Plaintiffs' Motion to Delay. (Dkt. 38).

12. On November 9, 2020, this Court entered an Order granting conditional certification for a collective class described as: "All current and former Registered Nurses of the State of Iowa in Job Classifications 02020 and 82020 at any time during the period July 1, 2017, to the present". The Court denied Plaintiffs' Motion to Delay Rule 23 Class Certification under the Iowa Wage Payment Collection Act. (Dkt. 51).

13. On December 12, 2020, the Plaintiffs filed their Motion to Certify Class Certification under Rule 23 for claims under Chapter 91A, the Iowa Wage Payment Collection Act. ((Dkt. 52-1).

14. On January 28, 2021, the Defendants filed their Motion for Partial Summary Judgment to obtain summary judgment on Plaintiffs claims under Chapter 91A, the Iowa Wage Payment Collection Act. ((Dkt. 58).

15. On March 1, 2021, the Plaintiffs filed their Resistance to the Defendants' Motion for Partial Summary Judgment as to claims under Chapter 91A, the Iowa Wage Payment Collection Act. ((Dkt. 62).

16.  On April 26, 2021, the Court entered its Order granting Defendants' Motion for Partial Summary Judgment as to claims under Chapter 91A, the Iowa Wage Payment Collection Act, as preempted by federal FLSA claims and denying Plaintiffs' Motion for Rule 23 Class Certification as moot. (Dkt. 65).

17.  In the Order entered on November 9, 2020, the Court prescribed notice to be given to the collective class and set out an opt-in period for the Collective Class conditionally certified under the FLSA. (Dkt. 51).

18.  Notice was sent to the potential collective class members, opt-in responses were returned, and filed, and thereafter the parties worked to complete matters of discovery.

19.  On April 1, 2022, Plaintiffs filed their Motion for Partial Summary Judgment asserting the Plaintiff Class members are not employees who are except from the Fair Labor Standards Act as they are hourly wage earners in their positions as Registered Nurses and Plaintiff Class members are not exempt as they work substantially non-professional work. (Dkt. 89).

20.  On April 1, 2022, Defendants filed their Motion for Summary Judgment as to Plaintiffs' FLSA claims. (Dkt. 90).

21.  On August 30, 2022, an Order on Cross Motions for Summary Judgment was entered. The Court concluded that Defendants satisfied the "primary duties" test for the learned professional exemption under the FLSA. It therefore Granted, in part, Defendants Motion for Summary Judgment (Dkt. 90). The Court also ordered that neither side had established as a matter of law that they prevailed on the "salary basis" requirement. The Court, therefore, denied, in part, Defendants' Motion for Summary Judgment and denied Plaintiffs' Partial Motion for Summary Judgment. (Dkt. 101).

22. Thereafter the parties worked to complete preparation for trial. In the process the parties began a discussion as to attempts to settle this case.

23. As a result of those efforts, the parties engaged in a settlement conference on January 12, 2023, with Magistrate Stephen B Jackson working with the parties.

24. As a result of the discussions in that settlement conference, the parties reached agreement, in principle, for the overall terms of the proposed settlement. The salient terms were as follows:

    a. The State of Iowa would pay each plaintiff who opted into this collective action and each opt-in collective option plaintiff would receive 100% of the claimed unpaid overtime premium sought by each plaintiff, thereby creating a "Settlement Amount".

    b. All normal and regular taxes would be withheld out of the funds, with each Plaintiff's withholdings paid as required by law from that Plaintiff's portion and with the State of Iowa paying its respective portion of such normal and customary taxes in addition to the funds being paid in the Settlement Amount.

    c. IPERS payments would be paid as to the Settlement Amount funds as normally calculated with the appropriate amount being withheld from each Plaintiff's funds and the State of Iowa paying its appropriate and normal calculation contribution.

    d. The State of Iowa would pay an additional amount of $25,000 toward the expenses incurred by the Plaintiffs in the processing of this case. This is 29.81%

    of incurred expenses. ($83,856.40 incurred with the State of Iowa paying $25,000 leaves $58,856.40 unpaid expenses).

e. The State of Iowa would pay an additional amount of $25,000 (with $5,000 being paid to each named representative Plaintiff), as service award for the time spent, work performed, and wages or time lost working as a result of being a representative Plaintiff in this case.

f. The State of Iowa would separately pay an additional amount as attorney fees of the Plaintiffs' counsel in the amount of 35% of the amount of Settlement Amount created by the payment of the 100% recovery of claimed unpaid overtime. This payment would, therefore, allow attorney fees to be paid separately and not out of the Settlement Amount recovered by the Plaintiffs.

g. The Plaintiffs' attorneys agreed they would not seek any attorney fees from Plaintiffs but would only seek to recover the remaining unpaid out-of-pocket expenses incurred, including paralegal costs incurred, from the amounts received by the Plaintiffs. This is the amount of $58,856.40. This amount would be allocated pro rata between the Plaintiffs per the amount of funds received by each Plaintiff and amounts to 7.09% of each plaintiffs' recovery. After this reduction, each Plaintiff effectively receives out of this proposed settlement 92.91% of all claimed and unpaid overtime for the collective class period.

h. The Collective Class Members would all, through this settlement, release all claims for overtime from July 1, 2017, to the present.

        i. The Plaintiffs would dismiss the action upon final approval by the Court of the Settlement Agreement.

25. At the Settlement Conference the parties did not yet have a firm calculation of each opt-in Plaintiffs' unpaid overtime. As the settlement agreement reached at the settlement conference on January 12, 2023 was that each Plaintiff was to recover 100% of that unpaid overtime, the parties agreed to act jointly, and in good faith, to determine the correct sum of claimed unpaid overtime for each opt-in Plaintiff.

26. The parties worked diligently on the process of calculating that claimed overtime amount from the time of the settlement conference on January 12, 2023, through and until June 20, 2023.

27. The proposed Settlement Agreement was first contingent upon approval by the State Appeal Board. It was submitted by the State of Iowa to the State Appeal Board on June 21, 2023. The proposed Settlement Agreement was approved by the State Iowa Appeal Board at that meeting on June 21, 2023.

28. On June 23, 2023, the parties filed a Joint Stipulation of Plaintiffs' Partial Dismissal Without Prejudice as to the individually named Defendants. (Dkt. 124).

29. As a result of the approval by the State Appeal Board, all named Plaintiffs and the State of Iowa have executed the proposed Settlement Agreement with the intent it be submitted to the Court for consideration of final collective class certification, preliminary approval by the Court and notice to the collective class members and hearing for final approval.

30. Relating to final collective class action certification, the Plaintiffs state that that on November 9, 2020, this Court found that Plaintiff has established enough to justify conditional

approval of collective class action certification. (Dkt. 51, page 5-6). There the Court noted that a sufficient showing had been made that:

    a. The Plaintiffs have satisfied their burden of making a modest factual showing that they and other similarly situated individuals were arguably harmed by a common plan that violated the law.

    b. Plaintiffs have presented evidence in the form of their sworn written interrogatories, their sworn depositions, and their sworn depositions of Iowa administrative employees regarding Iowa's exempt-employee policy.

    c. These documents demonstrated that Plaintiffs believed, they and others of the proposed class were treated the same with regard to Defendants' overtime-payment policy.

    d. In their interrogatories, Plaintiffs describe a pay structure that appears to have been uniformly applied to all RNs in Job Classifications 82020 and 02020.

    e. Plaintiffs indicate there are four groups of similarly situated persons comprising the putative class—current RNs classified as 82020 employees, former RNs classified as 82020 employees, current RNs classified as 02020 employees, and former RNs classified as 02020 employees.

    f. The State of Iowa had been employing RNs for the period described in the class.

    g. Since the bar for conditional certification is low, Plaintiffs had satisfied the standard through their interrogatories and depositions alleging a widespread discriminatory plan and four groups of putative class members.

31. Since the time of this conditional collective class certification:

    a. No contrary evidence has been shown disputing these findings of the Court to justify collective class certification.

    b. The sworn testimony previously presented remains sufficient to show the similarly situated collective class status which provides evidence that others were interested in joining the litigation.

    c. Others in the case did opt into this case such that the class now consists of 210 collective class members.

    d. This Court has since entered an order denying in part and granting in part summary judgment to the State of Iowa and determined that further factual development is needed and for jury determination of facts in this case. (Dkt. 101).

    e. The parties have since now negotiated a settlement which awards uniform collective class recovery which shows that the class is understood by the parties to be uniformly able to be managed and claims resolved as a collective class.

    f. The State of Iowa through its discussions and by approval and execution of this Settlement Agreement, while denying liability, no longer opposes the Court granting final collective action status to the conditional class ordered by the Court in this case.

32. Accordingly, the Plaintiffs move the Court for Final Certification of the processing of this case as a collective class.

33. The proposed negotiated Settlement Agreement is attached hereto as Exhibit "A".

    34.    The Plaintiffs assert this Settlement Agreement should be preliminarily and, after notice and hearing, finally approved by the Court as each of the Collective Class Plaintiffs:

    a. Will recover 100% of the gross overtime wages alleged to have been denied during the relevant collective class period of this case.

    b. Will recover in addition thereto all IPERS payments the State of Iowa is obligated under Iowa law to contribute to these previously unpaid overtime monies.

    c. Will recover the right to have all of the monies collected from this settlement as wages, with the State of Iowa paying all of the employer normal and customary withholding taxes.

    d. Do not have to pay any attorney fees of the Plaintiffs' attorneys on these monies as the State of Iowa is paying all of those monies separately from the monies recovered by the Plaintiffs and based upon a percentage of fund recovered.

    e. Will recover in addition thereto $25,000 in out-of-pocket expenses incurred in the processing of the case as the State of Iowa is paying that sum in settlement. While the remaining expenses of $58,856.40 will be paid by the collective class plaintiffs, the State of Iowa will be paying 29.81% of the total incurred expenses. As the State of Iowa is paying all claimed plaintiff attorney fees, and 100% of the claimed unpaid overtime, after payment of these unpaid expenses, each collective class Plaintiff is recovering 92.09% of the claimed unpaid overtime.

  f. Will avoid the increased costs, delays and potential complete loss of this case if this matter were to proceed to further proceeding and jury trial.

35. The proposed "Notice to Collective Class Members" is attached hereto as Exhibit "B". This proposed Notice, in summary, provides a procedure by which:

  a. Plaintiffs' counsel shall mail to each opt-in collective class member a copy of the Notice approved by the Court.

  b. A summary explanation of the terms of settlement.

  c. An individual spreadsheet as to that collective class member's calculation of unpaid overtime, gross amount of recovery to that collective class member; and net gross amount to be received after reduction for pro rata expenses of the litigation, but prior to application of normal and customary tases and application of IPERS contributions.

  d. What each collective class member should do as to working with Plaintiffs' counsel if a collective class member would contend a different sum is due for recovery of the unpaid overtime.

  e. A statement as to what each collective opt-in plaintiff should do to comment upon or object to the proposed settlement and the date by which to do so.

  f. Notification of the date when each class member can appear at the Court hearing when final approval of the settlement is considered.

36. The Plaintiffs respectfully request:

  a. The Court grant final collective class action certification to the Plaintiff FLSA collective class in this case.

  b. The Court grant preliminary approval of the Settlement Agreement, which would include the final certification of the collective class.

  c. The Court establish the notice to be provided to the collective class members.

  d. The Court set a hearing for consideration of final approval of the settlement agreement.

  e. Upon conclusion of the hearing the Court enter an order of final approval to the Settlement Agreement of the parties.

37. The Plaintiffs respectfully incorporate into this motion the Plaintiffs Brief in Support of Motion for Final Collective Class Action, Preliminary Settlement Approval, Approval of Notice to Collective Opt-in members, setting of hearing for approval of Final Settlement Agreement and granting final approval of settlement agreement and the Declaration of Plaintiff Attorney Bruce H. Stoltze.

38. The Plaintiffs respectfully request oral argument on this Motion as the Court determines.

Respectfully submitted,

/s/ Bruce H. Stoltze
Bruce H. Stoltze
Stoltze & Stoltze, PLC
300 Walnut Street, Suite 260
Des Moines, Iowa  50309
Telephone: 515-244-1473
Fax: 515-244-3930
Email:  bruce.stoltze@stoltzelaw.com
Lead Attorney for Plaintiffs

/s/ Bruce H. Stoltze, Jr.
Bruce H. Stoltze, Jr.
SLG, PLC
300 Walnut Street, Suite 260
Des Moines, Iowa  50309
Telephone:    515-244-1473
Fax:               515-244-3930
Email: bruce.stoltze.jr@stoltze.law
Attorneys for Plaintiffs

/s/ John Q. Stoltze.
John Q. Stoltze
SLG, PLC
300 Walnut Street, Suite 260
Des Moines, Iowa  50309
Telephone:    515-244-1473
Fax:               515-244-3930
Email: john.stoltze@stoltze.law
Attorneys for Plaintiffs

/s/Christopher A. Kragnes. Sr.
Christopher A. Kragnes, Sr.
Kragnes & Associates, P.C.
317 6th Ave., Suite 1300
Des Moines, Iowa  50309
Telephone: 515-282-9200
Facsimile:  515-282-9205
E-mail: chris@ktkpc.com
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE:**

I hereby certify that on the 21st day of July, 2023, I electronically filed the foregoing with the Clerk of Court of the Court using the CM/ECF system, which will send notification to the parties.

By:  *Bruce H. Stoltze*