# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is hereby made and entered into by and between the STATE OF IOWA (referred to herein as "Defendant") and SUSAN L. ROWE, CHRISTINE M. KLEIBER, TAMMY D. BURDEN, JULIE A. SCHROPP, and STACEY L. GOOD (referred to collectively herein as the "Named Plaintiffs"), individually and on behalf of all of the collective action opt-in plaintiffs (the "Collective Action Opt-In Plaintiffs").

The Named Plaintiffs and the Collective Action Opt-In Plaintiffs may be referred to collectively herein as the "Plaintiffs"; on the other hand, the Defendant and the Named Plaintiffs, both individually and on behalf of the Collective Action Opt-In Plaintiffs, are referred to collectively herein as the "Parties."

## RECITALS

**WHEREAS**, the Named Plaintiffs originally asserted claims against Defendant for alleged violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq., as amended, (the "FLSA"), and alleged violations of the Iowa Wage Payment Collection Law ("IWPCL"), Iowa Code § 91.A, et seq., in an action entitled *Susan L. Rowe, et al. v. Kimberly Kay Reynolds, et al.* (the "Action"), filed in the Polk County District Court as Case No. CVCV058389. The Action was then removed to United States District Court for the Southern District of Iowa (the "Court"), and entitled *Susan L. Rowe, et al. v. Kimberly Kay Reynolds, et al.*, Case No. 4:19-cv-00256-SHL-SBJ; and

**WHEREAS**, Plaintiffs' Motion for Conditional Certification of an FLSA collective action, was granted and so ordered on November 9, 2020; and

**WHEREAS**, the Named Plaintiffs' IWPCL claims under Iowa Code § 91.A, et seq., were dismissed by summary judgment motion on April 26, 2021, leaving only the FLSA claims remaining for processing; and

**WHEREAS**, following the provision of notice as set forth in the FLSA collective action stipulation, a total of 205 other individuals signed and filed Consent to Sue forms with the Court, thus becoming Collective Action Opt-In Plaintiffs and joining the five (5) Named Plaintiffs in the Action as Plaintiffs (a complete list of Plaintiffs is attached hereto as Exhibit A) allowing for 210 Plaintiffs in this case; and

**WHEREAS**, by the terms of their signed Consent to Sue Forms, each of the 205 Collective Action Opt-In Plaintiffs designated the five (5) Named Plaintiffs as their duly authorized agents to make decisions for them regarding the litigation of the Action, including but not limited to the negotiation of settlement terms and whether to enter into a settlement agreement resolving the Action; and

**WHEREAS**, the Parties attended a Settlement Conference before United States Magistrate Judge Stephen B. Jackson, Jr., on January 12, 2023, and together with numerous telephone and video conferences, resulted in this Agreement; and

1

**WHEREAS,** Plaintiffs dismissed without prejudice individually named defendants Kimberly Kay Reynolds, in her official capacity as Governor of the State of Iowa, and Adam Steen, in his official capacity with Iowa Department of Administrative Services; prior to the execution of this Agreement; and

**WHEREAS,** the Parties to this Agreement mutually desire to fully resolve and forever settle all claims asserted in the Action by the Plaintiffs, including but not limited to all claims pursuant to the FLSA, for the purpose of avoiding the time, expense, and inconvenience of further litigation; and

**WHEREAS,** all Parties to this Agreement are and have been represented by legal counsel at all times throughout the claims and litigation processes, negotiation, preparation and execution of this Agreement, and all Parties have had a full and fair opportunity to consider this Agreement and review all of its terms with the assistance of such counsel; and

**WHEREAS,** all Parties to this Agreement have carefully considered other alternatives to executing this Agreement and have entered into this Agreement knowingly, voluntarily and without coercion; and

**WHEREAS,** the Named Plaintiffs have analyzed and evaluated the merits of the claims asserted against the Defendant and the impact of this Agreement on the Named Plaintiffs and the Collective Action Opt-In Plaintiffs, and based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Action, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, the Named Plaintiffs are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interests of the Named Plaintiffs and the Collective Action Opt-In Plaintiffs.

**NOW THEREFORE,** with the intent to be legally bound hereby and in consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by all of the Parties hereto,

**IT IS HEREBY AGREED** by and between the Parties as follows:

### AGREEMENT

**(1) Submission of Agreement for Court Approval; Dismissal of the Action With Prejudice.** The Parties shall jointly provide this Agreement to the Court for review and approval, together with the proposed Order of Voluntary Dismissal with Prejudice attached to this Agreement as Exhibit B. This Agreement shall not become final and binding upon the Parties until it has been approved by the Court as a fair and reasonable disposition of the FLSA claims asserted by the Named Plaintiffs and the Collective Action Opt-In Plaintiffs in this Action.

In the event the Court approves this Agreement, then the Defendants and all the Named Plaintiffs and all Collective Action Opt-In Plaintiffs shall be irrevocably bound by all of the terms of this Agreement, including, but not limited to, the release of claims set forth in Paragraph 4 below.

In the event the Court does not approve this Agreement, then this Agreement shall be null and void, although the Parties hereby agree to use their best efforts to address the Court's stated concerns and attempt to reach agreement to modify said findings in an amended Settlement Agreement within 30 days of the Court's decision, or as soon as practicable thereafter.

**(2)** **Settlement Amount.**

    (a) The Defendant shall pay to the Plaintiffs the gross total sum of Eight Hundred Thirty Thousand, Five Hundred Seventy-One Dollars and Twenty-Eight Cents ($830,571.28) (the "Plaintiff Settlement Amount"). The Plaintiff Settlement Amount is calculated to be 100% of the alleged unpaid premium hourly pay for each of the Named Plaintiffs and the Collective Action Opt-In Plaintiffs. This amount shall be apportioned among the Plaintiffs by using this concept of payment as per each of their own alleged unpaid hourly pay.

    (b) The Defendant shall further pay the amount of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) to Rowe, Kleiber, Burden, Schropp, and Good, as Named Representative Plaintiff service awards; with $5,000.00 being paid to each Named Representative Plaintiff. This amount is calculated to be a fair and reasonable sum for the services of the Named Representative Plaintiffs in the processing of this case on behalf of the Collective Opt-In Class Plaintiffs.

    (c) The Defendant shall further also pay the additional amount of Two Hundred Ninety Thousand, Six Hundred Ninety-Nine Dollars and Ninety-Five Cents $290,699.95) (35% of Plaintiff Settlement Amount) to Stoltze & Stoltze, PLC, and Kragnes & Associates, P.C., as counsel for the Named Plaintiffs and the Collective Action Opt-In Plaintiffs ("Plaintiffs' Counsel"), as contribution to attorney's fees incurred by Plaintiffs in the processing of this Action. This amount is calculated at a rate of 35% of the alleged unpaid hourly pay, recovered by the each of the Plaintiffs in this case. This is recognized by the parties as a reduction of the requested attorney fees of 40% as per the fee agreement between the Named Plaintiffs and the Plaintiffs' counsel. No further attorney fees will be sought by the Plaintiffs' Counsel in this case from either the Defendant nor from the Plaintiffs.

    (d) The Defendant shall also pay an additional amount of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) to Plaintiffs' Counsel, as contribution to out-of-pocket costs incurred by Plaintiffs' Counsel in processing this action. The Additional and unpaid out-of-pocket costs, including paralegal costs, in the amount of Fifty-Eight Thousand, Eight Hundred Sixty-Eight Dollars and Ninety Cents ($58,868.90) and incurred or to be incurred by the Plaintiffs' Counsel are to be paid by the Plaintiffs out of each of the individual payments of the Plaintiffs' Settlement Amount, calculated on a pro-rata basis depending upon the gross amount of recovery for each individual plaintiff out of the Plaintiff Settlement Amount. These are the only amounts to be paid for the processing of this case out of any individual Plaintiff settlement amount, as all Plaintiff attorney fees and all other costs of the Plaintiffs' attorneys are paid directly by Defendant in the settlement of this case. It is agreed that Defendant will reduce this sum from the gross wage of each individual Named Plaintiff

3

and each individual Collective Action Opt-In Plaintiff, and pay that amount directly to Plaintiffs' Counsel as set out below in Paragraph 5(c).

**(3)   Classification of Payments, Tax treatment and Method of payment.**

(a)   The amounts payable under Paragraph 2(a) above to each of the Named Plaintiffs and the Collective Action Opt-In Plaintiffs from the Plaintiff Settlement Amount shall be classified as gross wages, to be reported by IRS Form W-2, with normal income tax and other normal withholding wage deductions as set out below in Paragraph 8. It is agreed that the additional amounts withheld from each Plaintiff's wages shall include the additional out-of-pocket and paralegal costs payable to Plaintiffs' Counsel. Each of the Plaintiffs shall be solely responsible for the payment of all other federal, state, and local taxes due on each of their own employee respective portions of the Plaintiff Settlement Amount.

(b)   Each of the Named Plaintiff and Collective Action Opt-In Plaintiffs will pay their standard share of Iowa Public Employees' Retirement System ("IPERS") contributions for these wages, and they will receive the corresponding IPERS contributions from Defendant State of Iowa.

(c)   The amounts payable to the Named Plaintiffs in Paragraph 2(b) above, will be reported by IRS Form 1099 as payment to such Named Plaintiff.

(d)   All payments to Stoltze & Stoltze, PLC, and Kragnes & Associates, P.C., shall be paid via one payment to the Stoltze & Stoltze, PLC Trust Account and will be classified as attorney's fees and costs to be reported by IRS Form 1099 as payment to Stoltze & Stoltze, PLC and not to any Plaintiff. This is to include the portion of the additional out-of-pocket and paralegal cost of Plaintiffs' Counsel so that no monies paid to Plaintiffs' Counsel, as either attorney fees or costs, shall be reported on W-2 or 1099 statements to any Plaintiff.

(e)   Tax withholdings for Plaintiffs made from all settlement payment checks constituting wages shall be based upon W-4 withholding allowance information previously on file with the Iowa Department of Administrative Services for each of the Plaintiffs. In the event that any of the Plaintiffs wish for different withholding allowances to apply, such Plaintiffs must submit updated IRS Form W-4(s) to Defendant prior to the issuance of any settlement check to tat Plaintiff.

(f)   Defendant shall issue and deliver all settlement checks via first class mail addressed to the respective Named Plaintiffs and Collective Action Opt-In Plaintiffs, or by direct deposit, pursuant to the payment distribution information on file with the Iowa Department of Administrative Services and will e-mail to Plaintiffs' Counsel within thirty (30) days of payment of such, a report confirming all amounts paid.

**(4)** **Release of Claims.**

In consideration for the payment of the Plaintiff Settlement Amount, as well as for other good and valuable consideration as set out above, the Named Plaintiffs, individually, and the Collective Action Opt-In Plaintiffs in the Action, on behalf of both the Named Plaintiffs, the Collective Action Opt-In Plaintiffs, and their dependents, heirs, executors, administrators, legal and/or personal representatives, successors, assigns and agents, do hereby knowingly, voluntarily, unconditionally and irrevocably release and forever discharge Defendant, including each and every one of its divisions, affiliates, subsidiaries, predecessors, successors, assigns, officers, directors, employees, agents, attorneys, insurers or fiduciaries, past, present or future (hereinafter referred to collectively as the "Releasees"), from any and all claims, known or unknown, suspected or unsuspected, asserted or unasserted, arising under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq., as amended, and the Iowa Wage Payment Collection Law, Iowa Code § 91.A, et seq., and any other statutory, regulatory, and/or common law claims for alleged unpaid overtime wages, or compensation time in lieu thereof, and any claims for liquidated damages, statutory damages, and/or penalties, interest, costs, and attorney's fees based upon claims for overtime wages or compensation time in lieu thereof, based upon any conduct occurring from July 1, 2017 to the date of execution of this Agreement. To the fullest extent permitted by law, the Named Plaintiffs and the Collective Action Opt-In Plaintiffs promise not to sue or bring any charges, complaints or lawsuits related to the claims hereby waived and released against the Releasees in the future, individually or as members of a class or collective action. This waiver, release and promise not to sue is binding upon the Named Plaintiffs and the Collective Action Opt-In Plaintiffs, and upon each of their respective heirs, legal representatives, and assigns.

**(5)** **Calculation of Individual Payment Amounts and Payments.**

(a) Defendant has provided Plaintiffs' Counsel with a spreadsheet containing employee time sheet and payroll data. Plaintiffs' Counsel will provide each Plaintiff with that Plaintiff's data and will work to confirm such data with each individual Plaintiff.

(b) The Parties agree, however, that while the data provided by Defendant appears reliable and consistent, they anticipate that there still may be additional adjustments to be made due to potential undiscovered discrepancies as of the date hereof. These reasons might include alleged failures to clock in or out, or other payroll and other types of issues. The Parties hereto agree to work together to address any alleged discrepancies which may be raised by individual Plaintiffs upon the presentment of competent and compelling evidence from any such Plaintiffs.

(c) Prior to deductions addressed hereinafter, each Plaintiff shall receive an amount equal to: (i) the full amount of their unpaid overtime wages, based on Defendant's payroll records, and possibly supplemented by competent and compelling evidence which may be provided by certain individual Plaintiffs, *less* their withheld taxes and IPERS amounts as stated in Paragraph 7 below, and less (iii) their pro rata portion of incurred and unpaid out-of-pocket and paralegal expenses of the Plaintiffs' Counsel, which amounts, as stated above, are in excess of the amount paid by Defendant under

this Settlement Agreement as contribution to Plaintiffs' counsels out-of-pocket expenses.

(d) Within ten (10) days following the Court's approval of this Settlement Agreement, the Plaintiffs' Counsel shall mail to each Plaintiff at the address used to mail for the opt-in notification in this case, the Court approved Notice of Opt-In Collective Class which shall also notify the Plaintiffs of the Court's approval and their owed wages, their pro rata share of additional out-of-pocket and paralegal expense, and that the actual amount they receive cannot be determined as the Defendant will be determining and withholding normal tax withholding and IPERS as per Paragraph 7 below. In the event any Plaintiff has died before receiving the distribution set forth herein, the Parties agree to cooperate and work together to get that Plaintiff's portion of the settlement funds to that Plaintiff's appropriate heirs.

**(6) Responsibilities of the Plaintiffs' Counsel, Defendant, Defendant's Counsel.**

(a) Plaintiffs' Counsel shall be responsible for:

   i. Mailing to each Named Plaintiff and individual Collective Action Opt-In Plaintiff the Court approved notice of the terms of proposed settlement, the effect of the settlement and procedures to be followed to file any objection to the proposed settlement.

   ii. Inform the Named Plaintiffs and individual Collective Action Opt-In Plaintiffs of their own individual gross award amounts as calculated by the State of Iowa before reductions set out herein.

   iii. Inform Defendant of the last known mailing addresses of the Named Plaintiffs and individual Collective Action Opt-In Plaintiffs if different from the addresses on file with the Defendant.

   iv. Responding to all inquiries of individual Plaintiffs regarding matters of this settlement.

   v. Advising Defendant's counsel of all material inquiries from Named Plaintiffs and individual Collective Action Opt-In Plaintiffs that Plaintiffs' counsel are unable to resolve as to this proposed Settlement.

   vi. Promptly providing IRS Form w-9 as to Stoltze & Stoltze, PLC to Defendant's counsel. Such other tasks as are mutually agreed upon by the Parties.

(b) Defendant or Defendant's Counsel shall be responsible for:

   i. Preparing, drafting and mailing W-2 and 1099 forms, and direct depositing or mailing settlement checks to Plaintiffs in the amounts required by the Settlement Agreement.

  ii. Making all other payments and complying with all other obligations as required by this Settlement Agreement.

  iii. Reasonably cooperating with the Plaintiffs' counsel.

  iv. Providing accurate information necessary to calculate the amounts of the settlement checks and providing reasonably available data to assist in locating Collective Action Opt-In Plaintiffs.

  v. Providing additional documents and information as reasonably requested by Plaintiffs' Counsel in connection with the approval and/or administration of the Agreement, to the extent such documents and/or information are in Defendant's possession.

  vi. Providing other reasonably available information related to the administration of the Agreement.

  vii. Such other tasks as are mutually agreed upon by the parties.

 (c) Plaintiffs' Counsel and Defendant's Counsel agree to use their best efforts to cooperate and provide reasonable assistance in administering the Agreement.

 **(7) Each Party To Bear Its Own Attorney's Fees.** The Parties shall each bear its own attorney's fees, costs, and expenses, except as expressly provided herein.

 **(8) Tax Liability.** The Plaintiffs understand the Defendant will withhold federal, state or local income taxes, payroll taxes or other taxes or withholdings and other legally required withholdings, including the additional out-of-pocket costs and paralegal cost of Plaintiffs' Counsel, from the portion of the Settlement Amount that is classified herein as wages, along with their respective IPERS contributions. The Plaintiffs acknowledge that Defendant and its counsel do not make and have not made any representations regarding the taxability of such amounts or the necessity for making withholdings therefrom, and the Plaintiffs further acknowledge that they have not relied upon any advice or representation by Defendant or its attorneys as to the necessity for withholding from or the taxability of such amounts. The Plaintiffs shall be solely responsible for any and all taxes which may be due as a result of their receipt of all of the money paid to them by Defendant pursuant to this Agreement, with the sole exception of the legally required withholdings stated above and made from that portion of the Settlement Amount that is classified herein as wages. The Plaintiffs further agree to accept full, complete, sole and entire responsibility for any tax liability, interest or penalty that may be assessed against or incurred by any of the Named Plaintiffs or Collective Action Opt-In Plaintiffs, or both, from any portion of the money paid to the Plaintiffs pursuant to this Agreement, and shall not seek to hold Defendant or any Releasee responsible for any such tax liability, interest, or penalty.

 **(9) No Admission of Liability.** Defendant State of Iowa does not admit to any liability or wrongdoing whatsoever on its part or by any individuals acting under its supervision or on its behalf. Neither this Agreement nor the payment or acceptance of the Settlement Amount shall be construed, described or characterized by any of the Parties hereto or by any of their agents or representatives as an admission by the Defendant, or by any individuals acting under the

7

Defendant's supervision or on Defendant's behalf, of any liability or wrongdoing or violation of any law, rule, regulation, public policy or contractual provision.

**(10)** **Successors and Assigns.** This Agreement shall inure to the benefit of, and shall be binding upon, the successors and assigns of each of the Parties.

**(11)** **Entire Agreement.** This Agreement, when signed by all Parties, shall constitute the entire understanding and agreement between the Parties with respect to the settlement of the Named Plaintiffs' and the Collective Action Opt-In Plaintiffs' claims asserted in the Action, and supersedes and cancels any and all prior oral and written agreements, if any, between and among them.

**(12)** **Modification in Writing.** This Agreement may not be altered, amended or modified, nor any of its provisions waived, except by a further agreement in writing signed by all of the Parties or by their respective counsel.

**(13)** **No Other Assurances.** The Named Plaintiffs, individually and on behalf of the Collective Action Opt-In Plaintiffs, acknowledge that, in deciding to execute this Agreement, they have not relied upon any promises, statements, representations or commitments, whether spoken or in writing, made to them by anyone, except for what is expressly stated in this Agreement.

**(14)** **Notice.** Notice to Defendant's Counsel shall be made by e-mail to Defendant's attorneys at audra.jobst@ag.iowa.gov and fax at 515-281-8894. Notice to Plaintiffs' Counsel shall be made by e-mail to Plaintiffs' attorneys at bruce.stoltze@stoltzelaw.com and fax 515-244-3930.

**(15)** **Governing Law.** This Agreement and the rights and obligations of the Parties hereunder are to be governed by and construed and interpreted in accordance with the laws of the State of Iowa applicable to contracts made and to be performed wholly within Iowa, without regard to choice or conflict of laws principles.

**(16)** **Continuing Jurisdiction.** The Parties shall request that the Court retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or enforcement of this Agreement.

**(17)** **Joint Preparation.** The language of all parts of this Agreement shall in all cases be construed as a whole, extending to it its fair meaning, and not strictly for or against any of the Parties. The Parties agree that, in consultation with their attorneys, they have jointly prepared and approved the language of the provisions of this Agreement, and that should any dispute arise concerning the interpretation of any provision hereof, neither the Plaintiffs nor the Defendant shall be deemed the drafters, nor shall any such language be presumptively construed in favor of or against either the Plaintiffs or the Defendant.

**(18)** **Severability.** If any provision, term or clause of this Agreement, or any part thereof, is declared by any court of competent jurisdiction or any foreign, federal, state, county or local government or any other governmental regulatory or administrative agency, authority or arbitration panel to be invalid, void, unenforceable or against public policy for any reason, such provision, term or clause, or part thereof, shall be deemed severable, such that all other provisions, terms and clauses, or parts thereof, of this Agreement shall remain in full force and effect and shall continue to be valid and binding upon all of the Parties.

**(19)** **Captions.** Paragraph captions contained in this Agreement have been inserted herein only as a matter of convenience and in no way define, limit, extend or describe the scope of this Agreement or the intent of any provision hereof.

**(20)** **Counterparts; Execution.** This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. This Agreement may be executed and delivered with original signatures or by facsimile or PDF-scanned signatures, either of which shall be deemed legally binding as fully as an original signature.

**(21)** **Public Record.** The parties acknowledge that this Settlement Agreement and Release is a public record, pursuant to Iowa Code Chapter 22 (2023).

**(22)** **Required Approvals.** The parties acknowledge that this Settlement Agreement and Release is subject to Executive Order Number 85 and must be approved by the Director of the Iowa Department of Management and the Director of the Iowa Department of Administrative Services, as DAS is the agency involved with the matter at issue. The parties further acknowledge that the State Appeal Board must approve the payment of state funds pursuant to this Settlement Agreement and Release, and payment of the funds is contingent on such approval. The Attorney General's office has reviewed and will recommend approval of this Settlement Agreement and Release. The parties further acknowledge that this Settlement Agreement and Release is subject to federal Court approval after approval by the State authorities stated above. If the State authorities or the federal court do not approve this agreement, the entire agreement shall stand null and void and of no effect.

**PLEASE READ THIS DOCUMENT CAREFULLY. AS TO PLAINTIFFS IT WILL RELEASE AND WAIVE LEGAL CLAIMS AND RIGHTS YOU MAY HAVE AND ON BEHALF OF THE NAMED PLAINTIFFS AND COLLECTIVE ACTION OPT-IN PLAINTIFFS. AS TO DEFENDANT IT WILL REQUIRE THE PAYMENT OF MONIES AND OTHER OBLIGATIONS. YOU ARE ADVISED TO CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS DOCUMENT.**

_Susan Rowe_  06 / 26 / 2023
susanrowe69@gmail.com
Susan L. Rowe, Named Plaintiff
Agreed to on this ____ day of June 2023

_Christine Kleiber_  06 / 23 / 2023
tridsmom@yahoo.com
Christine M. Kleiber, Named Plaintiff
Agreed to on this ____ day of June 2023

_Tammy Burden_  06 / 26 / 2023
thunoldrn@gmail.com
Tammy D. Burden, Named Plaintiff
Agreed to on this ____ day of June 2023

_Adam Steen_
Adam Steen, Director
Iowa Department of Administrative Services
On Behalf of Defendant State of Iowa
Agreed to on this **30** day of June 2023

9

*[signature: Julia Schropp]* 06 / 24 / 2023
jaschropp@southslope.net

Julie A. Schropp, Named Plaintiff
Agreed to on this _____ day of June 2023

*[signature: Stacey Good]* 06 / 26 / 2023
staceylynngood@yahoo.com

Stacey L. Good, Named Plaintiff
Agreed to on this _____ day of June 2023

10

Doc ID: [illegible document ID]

# EXHIBIT A

**Plaintiffs**

Aaron M. Ohrt
Abigail Barrera
Abigail Ida Marie Heins (Barnett)
Alan J. Weiss
Allyson Elizabeth Currie
Amanda D. Dodson
Amanda Marie Meek
Amanda R. Decker
Amy E. Brennan
Amy J. Shipley
Andrea Lynn Malcom
Angela J. McCann
Angela K. Hotchkin
Angie S. Zdrazil
Ann M. Schwartz
Ann Marie Fort
Annette M. Pech
Ashley E. Crutchfield
Ashley J. Curtis
Autumn R. Terhune
Barbara J. Devaney
Barbara K. Luckenbill
Bethany Lynn McDowell
Betty A. Ploeger
Beverly A. Kirchner
Blake K. Renner, Jr.
Brittany J. Ceren
Brittiany A. Ryerson f/k//a Brittiany A. Sands
Carla S. Steele
Carol A. Mugge
Cassidy J. Firebaugh
Catherine Ann Sargent
Cathie R. Schreiner
Celesta L. Brendel
Cheryl L. Stark
Christina J. Seney
Christine L. Nicholson
Christine M. Kleiber
Christine Marie Crain
Christopher Allen Jack
Cindy A. Kintz
Cynthia A. Fedler
Cynthia L. Wilkins
Cynthia Lea Parsons
Darcey R. Myers

12

Dawn J. Molle
Dawn L. Harper
Debora M. Pitt
Delores E. Klever
Denice S. Schultz
Denise Janel Smith
Derrick Jason Pfeifer
Diane M. Mueller
Dina S. Dotterweich (Thomas)
Dominic L. Gliko
Doris E. Green
Dow A. Cynthia
Elizabeth A. Krieger
Emily M. Van Houten
Erin Elizabeth James
Erin L. Fawcett
Gina M. Maas
Gloria L. Van Wyhe
Gregory P. Scholten
Heather E. Ruckman
Heather Vantrump
Hollis Ann Zander
Irene A. Teuscher;
Jackie S. Seeman
James K. Coppock
James W. Hidlebaugh
Jan Marie Kemp
Jana Lewis
Janelle M. Hinners
Janet L. Connelly
Jared M. Solko
Jennifer E. Meether (Montgomery)
Jennifer L. Harper
Jennifer L. Simponson
Jennifer L. Vinnece (Albright)
Jennifer Marie Potter
Jennifer Marie Potter
Jessica Jacobs
Joanne Marie Dieter (Tinsley)
Jodi M. Stormer
John Fansega
Jolene K. Selk
Jonathan A. Wood
Jonathon William Witt
Julie A. Schropp
Julie A. Woolever
Julie Lea Kinyon

13

Julie R. Ford
Kala Renae Fedler
Kalie R. Holloway
Karen J. Carnes
Kari Jean Ploos Smith
Karla K. Lantz
Karla M. Williams
Kasandra Ann Broeker
Kate Elizabeth Stevens
Katelynn G. Tatem
Katie J. Lundberg
Kayla D. McQuinn
Keith H. Rohrs
Kelly J. Beck
Kelly J. Olson
Kelly J. Robson
Kelsey L. Shelton
Kendra S. Siddell
Kerry L. McCandless
Kimberly Bernice Boecker
Kimberly K. Reese
Kimberly Nicole Anderson
Kimberly S. Seratt
Kimberly Sue Hall
Kristen J. Wiseman
Kristine Lynn Dillon
Kursha A. Bennett
Lacey R. Anderson
Laurel D. Hecox
Layet L. Kennedy
Leigh Ann Pfeiferling
Linda J. Verhoef
Linda L. Brandt
Linda L. Fink
Linda M. Boffeli
Lisa A. Damman
Lisa F. Murray
Lois F. Whitacre
Lori J. Nelson
LuAnn P. Harp
Lynette K. Lovell
Magdalena B. Davis
Marguerite R. Walton
Marilyn J. Peters
Marla Warnke
Martha J. Good
Mary Michelle Engelbrecht

Maureen G. Glassmaker  
Melinda Faye Coghlan  
Melinda J. Meister  
Melissa Fay Bushong Stringer (Fiedler)  
Melissa R. Schenck  
Melissa W. Watson (Sydness)  
Michael K. Thomas  
Michelle K. Lolwing  
Michelle Reitzler  
Michelle Rosanne Hochstetler  
Mistry Corinne Maxwell  
Neely L. McGrann  
Nichole M. Palmer  
Nicole Marie McGeough  
Paula K. Means  
Peggy A. Gardner  
Penny J. Daniels  
Pamela J Foster  
Polly J. Young  
Rachael McFarland  
Rachel A. Wolken  
Randi J. Jones  
Rebecca Ann Westercamp  
Rebecca L. Kalous  
Renee Kay Carman  
Richard T. Cart  
Robbie Jo Cox  
Robert Michael Venhuizen  
Robin Kay South  
Ronald E. Helling  
Sally J. Potter  
Sally Jo Vanzandt  
Sandra A. Heffron (Homan)  
Sara A. VanMaaren  
Sara J. Wacker  
Sarah I. Pearson  
Sarah Woodward  
Shana Lea Wickham  
Shannon K. Handley  
Shannon L. Stephenson  
Shannon M. Haller  
Sheena A. Sovern  
Stacey D. Link  
Stacey L. Good (Hofmann)  
Staci A. Pearson  
Starlla J. Inman  
Stephanie L. Dasilva  

15

Stephany A. Newkirk
Susan G. Roder
Susan L. Rowe
Susan M. Olson
Susan M. Sakulin
Suzanne E. Gansen
Tamara Diane Eid
Tami R. Moffitt Glienke
Tammy Dawn Burden (Hunold)
Tanna S. Smith
Tanya L. Keppler
Tara J. Maxwell
Teresa M. Olson
Teri Dunshee
Theresa Jamell
Timothy J. Woods
Tina A. Stegen
Todd J. Hedges
Tonya Sue Wilder
Tracy Herman
Tracy L. Maxwell
Vicki J. Hartley
Vicki L. Brezovan
Vicky A. Leonard
Xiang Yu

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| SUSAN L. ROWE, CHRISTINE M. KLEIBER, TAMMY D. BURDEN, JULIE A. SCHROPP, STACEY L. GOOD, individually and on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE STATE OF IOWA,<br><br>Defendant. | Case No. 4:19-CV-00256-JAJ-SBJ<br><br>**ORDER OF VOLUNTARY DISMISSAL WITH PREJUDICE** |

Upon the joint application of the Named Plaintiffs, individually and on behalf of all Collective Action Opt-In Plaintiffs in this action, and Defendant, by their respective counsel, for entry of an Order of Voluntary Dismissal with Prejudice approving their settlement agreement in this action, and the parties having consented to the entry of this Order; and sufficient cause appearing for the same; after due deliberation; it is HEREBY ORDERED AS FOLLOWS:

1. The Parties' settlement has been negotiated in good faith and at arm's length by the Parties through their respective counsel.

2. The settlement is approved as a fair and reasonable disposition of the claims for alleged violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq., as amended, which were asserted by the Named Plaintiffs and the Collective Action Opt-In Plaintiffs.

3. Accordingly, this action, and all of the claims asserted herein by the Named Plaintiffs and all of the Collective Action Opt-In Plaintiffs, are hereby dismissed in its entirety with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

4. The Court shall retain jurisdiction over this matter for purposes of the interpretation and enforcement of the Parties' Settlement Agreement.

SO ORDERED.

Dated: _____, 2023

_____
United States District Court Judge